1  ALAN B. CARLSON, Bar No. 055090
   acarlson@littler.com
2  FERMIN H. LLAGUNO, Bar No. 185222
   fllaguno@littler.com
3  MICHAEL A. GREGG, Bar No. 205524
   mgregg@littler.com
4  LITTLER MENDELSON
   A Professional Corporation
5  2050 Main Street, Suite 900
   Irvine, CA 92614
6  Telephone: 949.705.3000
   Facsimile: 949.724.1201
7

8  Attorneys for
   TOYOTA MOTOR SALES, U.S.A., INC.
9

10               UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12  Dimitrios P. Biller; Litigation        Case No. CV 09-5429 CAS (JEMx)
    Discovery & Trial Consulting, Inc., a
13  California corporation;                **TOYOTA MOTOR SALES, U.S.A.
                                           INC.'S MEMORANDUM OF
14              Plaintiffs,                 POINTS AND AUTHORITIES IN
                                           SUPPORT OF ITS *EX PARTE*
15  v.                                     APPLICATION TO SEAL
                                           PLAINTIFFS' COMPLAINT**
16
    Toyota Motor Corporation; Toyota      [Local Rule 79-5]
17  Motor Sales, U.S.A., Inc.; Christopher
    Reynolds; Jane Howard Martin; Eric
18  Taira; Dian Ogilvie; Alicia
    McAndrews,
19
                Defendants.
20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando. 15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:91207682.3 013186.1090

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ................................................................1

II.   STATEMENT OF THE FACTS ........................................1

III.  ARGUMENT ......................................................................3

    A.    The Court Has The Inherent Authority To Impose Protective Orders And Seal Documents Filed With The Court....................................3

    B.    Good Cause Exists For The Issuance Of A Protective Order To Seal Plaintiffs' Complaint ........................................................4

    C.    Attorney-Client Communications .....................................5

    D.    California Business And Professions Code Section 6068.........6

    E.    The California Rules Of Professional Conduct....................8

    F.    The Attorney-Client Privilege .......................................10

        1.    The Distinction Between California Business And Professions Code Section 6068 And The Attorney-Client Privilege.................................10

        2.    The Attorney-Client Privilege And Corporate Counsel..............12

        3.    The Crime Fraud Exception To The Attorney-Client Privilege.................................15

    G.    A Court Must Determine Through An In Camera Review If An Attorney Can Make A Disclosure Of Confidential Attorney-Client Information; Biller Cannot Unilaterally Make This Determination ...... 17

IV.   CONCLUSION...................................................................19

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:91207682.3 013186.1090

# TABLE OF AUTHORITIES

PAGE

## CASES

*Admiral Ins. Co. v. United States Dist. Ct. for Dist. of Ariz.*
881 F.2d 1486, 1493 (9th Cir. 1989) .................................................. 13

*Benge v. Sup.Ct. (Mac Machines)*
(1982) 131 Cal.App.3d 336, 344–345 ................................................. 11

*Benge v. Superior Court*
(1982) 131 Cal.App.3d 336, 345........................................................ 6, 11

*BP Alaska Exploration, Inc. v. Sup.Ct. (Nahama & Weagant Energy Co.)*
(1988) 199 Cal.App.3d 1240, 1262 .................................................... 16

*Chambers v. NASCO, Inc.*
501 U.S. 32, 43 (citations omitted) ...................................................3

*Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*
263 F.3d 1304, 1313 (11th Cir. Ga. 2001)..........................................4

*City & County of San Francisco v. Cobra Solutions, Inc.*
(2006) 39 Cal.4th 839, 846 ...............................................................8

*Clark v. United States*
289 U.S. 1, 15, 53 S.Ct. 465, 469 (1933)........................................... 16

*Commercial Standard Title Company v. Superior Court*
(1979) 92 Cal.App.3d 934, 945...........................................................8

*Commodity Futures Trading Comm'n v. Weintraub*
471 U.S. 343, 348-349, 105 S.Ct. 1986, 1991 (1985) ......................... 12

*Dickerson v. Sup.Ct. (Ferrito)*
(1982) 135 Cal.App.3d 93, 100.......................................................... 16

*Diversified Industries, Inc. v. Meredith*
572 F.2d 596, 602 (8th Cir. 1977)...................................................... 5, 13

*Fisher v. United States*
425 U.S. 391, 403, 96 S.Ct. 1569, 1577 (1976).................................. 5, 11

*Flatt v. Superior Court*
(1994) 9 Cal.4th 275, 289 ..................................................................7

*Fox Searchlight Pictures, Inc. v. Paladino*
(2001) 89 Cal.App.4th 294, 308 ........................................................7

*Geilim v. Superior Court*
(1991) 234 Cal.App.3d 166, 174 ....................................................... 15, 17

*General Dynamics v. Superior Court*
(1994) 7 Cal.4th 1164, 1170 ............................................................. 14, 17

*Goldstein v. Lees*
46 Cal.App.3d 614, 621 n.5 (1975) .................................................... 10

*In re Allen, 106 F.3d 582, 606*
(4th Cir. 1997)................................................................................. 13

*In re Antitrust Grand Jury*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408.998.4150

Firmwide:91207682.3 013186.1090

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

805 F.2d 155, 168 (6th Cir. 1986)...................................................................... 17

*In re Bieter Co.*
16 F.3d 929, 935 (8th Cir. 1994)........................................................................ 13

*In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Lit*
658 F.2d 1355, 1361, fn. 7 (9th Cir. 1981) ......................................................  13

*In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust*
Litig., 669 F.2d 620, 623 (10th Cir. 1982 ..........................................................4

*In re County of Erie*
473 F.3d 413, 418 (2nd Cir. 2007)........................................................................5

*In re General Motors Corp.*
153 F.3d 714, 716 (8th Cir. 1998)...................................................................... 18

*In re Grand Jury Investigation*
445 F.3d 266, 276-277 (3rd Cir. 2006) .............................................................. 17

*In re Grand Jury Proceedings (The Corporation)*
87 F.3d 377, 381 (9th Cir. 1996)........................................................................ 16

*In re Grand Jury Subpoena*
419 F.3d 329, 336 (5th Cir. 2005)...................................................................... 16

*In re Grand Jury Subpoenas Duces Tecum*
798 F.2d 32, 34 (2nd Cir. 1986) ........................................................................ 17

*In re Impounded Case (Law Firm)*
879 F.2d 1211, 1213 (3rd Cir. 1989) .................................................................. 11

*In re Napster, Inc. Copyright Litig.*
479 F.3d 1078 (9th Cir. 2007)..................................................................... 16, 18

*In re Sealed Case*
754 F.2d 395, 399 (D.C. Cir. 1985) ................................................................... 17

*Infosystems, Inc. v. Ceridian Corp.*
197 F.R.D. 303, 305–306 (E.D. MI 2000) ......................................................... 13

*Kilpatrick v. King*
499 F.3d 759, 766 (8th Cir. 2007)...................................................................... 18

*Knight v. Ferguson*
(2007) 149 Cal.App.4th 1207, 1215 .....................................................................6

*Low v. California*
55 F. Supp. 2d 1056 (C.D. 1999) .........................................................................6

*Luce v. U.S.*
469 U.S. 38, 41, fn. 4 ...........................................................................................3

*Massachusetts Mut. Life Ins. Co. v. Cerf*
177 F.R.D. 472, 480 (N.D. CA 1998) ................................................................ 16

*Miramar Const. Co. v. Home Depot, Inc.*
167 F.Supp.2d 182, 183-185 (D. P.R. 2001) ..................................................... 13

*Natta v. Zletz*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W  San Fernando, 15th Floor
San Jose, CA  95113 2303
408.998.4150

Firmwide:91207682.3 013186.1090

# TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

418 F.2d 633, 637 (7th Cir. 1969).............................................. 14

*Nesse v. Pittman*
202 F.R.D. 344, 351 (D. DC 2001) ...................................... 16

*Nixon v. Warner Comm., Inc.*
435 U.S. 589, 597 (1978)..........................................................3

*Pearson v. Miller*
211 F.3d 57, 73 (3rd Cir. 2000) .............................................4

*People ex rel. Deukmejian v. Brown*
29 Cal. 3d 150, 155, 172 Cal. Rptr. 478, 624 P.2d 1206 (1981) ...........8

*People v. Sup.Ct. (Bauman & Rose)*
(1995) 37 Cal.App.4th 1757, 1766 ..................................... 11

*People v. Sup.Ct. (Laff)*
(2001) 25 Cal.4th 703, 713 ................................................. 11

*Solin v. O'Melveny & Myers*
(2001) 89 Cal.App.4th 451 ................................................. 14

*State Farm Fire & Cas. Co. v. Superior Court*
(1997) 54 Cal.App.4th 625, 644-645 .............................. 16, 17

*Styles v. Membert*
(2008) 164 Cal.App.4th 1163, 1167 ......................................8

*Swidler & Berlin v. United States*
524 U.S. 399, 403, 118 S.Ct. 2081, 2084 (1998)......................5

*U.S. v. Holmquist*
36 F.3d 154.............................................................................3

*U.S. v. Nicholas*
606 F. Supp. 2d 1109, 1120 (C.D. 2009) ............................ 7, 8

*U.S. v. Stepney*
246 F. Supp. 2d 1069 (N.D. Cal. 2003) ............................... 11

*United States v. Chen*
99 F.3d 1495, 1502 (9th Cir. 1996) ..................................... 13

*United States v. Edgar*
82 F.3d 499, 508(1st Cir. 1996) ........................................... 11

*United States v. Horvath*
731 F.2d 557, 562 (8th Cir. 1984)........................................ 15

*United States v. Martin*
278 F.3d 988, 1001 (9th Cir. 2002) ................................. 16, 17

*United States v. Ruhbayan*
201 F.Supp.2d 682, 685-686 (E.D. VA 2002) ..................... 18

*United States v. Zolin*
491 US 554, 572, 109 S.Ct. 2619, 2631 (1989)............. 15, 16, 18

*Upjohn Co. v. United States*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando. 15th Floor
San Jose, CA 95113-2303
408.998.4150
Firmwide:91207682.3 013186.1090

# TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

449 U.S. 383, 390-393, 101 S.Ct. 677, 683-684 (1981) .......................................... 13

*Wutchumna Water Co. v. Bailey*
(1932) 216 Cal. 564, 571 ..................................................................................8

## STATUTES

ABA Model Rule 1.6(a) ........................................................................................ 11
Business and Professions Code § 6068(e) .......................................................... 7, 11
Business and Professions Code § 6068(e)(1) ..................................................... *passim*
Cal. Evid. Code § 954 ..............................................................................................7
Cal. Evid. Code § 955 ............................................................................................ 11
Cal. Evid. Code § 956 ............................................................................................ 11
Cal. Evid. Code § 957 ............................................................................................ 11
Cal. Evid. Code § 958 ............................................................................................ 11
Cal. Evid. Code § 959 ............................................................................................ 11
Cal. Evid. Code § 960 ............................................................................................ 11
Cal. Evid. Code § 961 ............................................................................................ 11
Cal. Evid. Code § 962 ............................................................................................ 11
California Rules of Professional Conduct 3-100 ................................................... 7, 9
California Rules of Professional Conduct 3-600 .................................................... 10
Fed. R. Civ. Proc. 26(c) ...........................................................................................4

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:91207682.3 013186.1090

# I.

# INTRODUCTION

Toyota Motor Sales, U.S.A., Inc., ("TMS" or "Company") seeks the protection of this Court to prevent the disclosure of its confidential and privileged information by Plaintiff Dimitrios P. Biller ("Biller") and Litigation Discovery & Trial Consulting, Inc., ("Plaintiffs") under the guise of attacking a severance agreement that a California Superior Court judge found was fully enforceable and not procedurally nor substantively unconscionable. With no prior judicial determination as required by law, despite a state court order enjoining such disclosures, as well as ethical and statutory obligations under California Business and Professions Code section 6068(e)(1), California Rules Of Professional Conduct, and the attorney-client privilege, Plaintiffs have embarked upon an intentional course of conduct to disclose confidential information and documents clearly protected from disclosure by the foregoing.[1]

# II.

# STATEMENT OF THE FACTS

Biller was employed by TMS from April 15, 2003 to September 17, 2007 as an attorney within the Company's Legal Services Group in Torrance, California, in the position of Managing Counsel.[2]  *See* Compliant ¶¶ 18 and 43.

---

[1]  Plaintiffs' Complaint in this action is rife with privileged and confidential information including, but not limited to, information contained on the following pages and lines: (1) 2:6-3:23; (2) 4:22-5:16; (3) 12:6-13:9; (4) 16:1-25:18; (5) 26:6-28:24; (6) 30:17-22; (7) 31:2-32:26; (8) 33:19-36:22; (9) 38:1-39:15; (10) 43:1-17; (11) 49:1-6; (12) 52:1-53:17; (13) 57:3-59:8; (14) 61:13-24; (15) 64:19-66:22;  (16) 67:20-69:26. In addition, Exhibit 1 to Plaintiffs' Complaint contains privileged and confidential information as follows:  (1) page 1, third paragraph; (2) page 2, sixth and tenth paragraphs; (3) page 3,  first paragraph, (4) page 6, last paragraph; (5) page 7, second and third paragraphs; (6) page 8, second and fifth paragraphs; (7) pages 9-12; (8) page 13, third and fourth paragraphs; (9) page 14, third, fourth and fifth paragraphs; (10) page 15-18; (11) page 19, third and sixth paragraphs; (12) pages 20-21; and (13) page 22, first and second paragraphs.

[2]  After his employment with TMS, Biller obtained employment with the Los Angeles County District Attorney's Office from approximately May 2008 to August 2008, when his employment was terminated.  Biller filed suit against the Los Angeles County and other related defendants in the United States District Court for the Central District

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W  San Fernando, 15th Floor
San Jose, CA  95113 2303
408 998 4150

1.

Firmwide:91207682.3 013186.1090

At some point following his employment with TMS, Biller started a consulting company to provide MCLE credit to California attorneys, LDT Consulting. In October 2008, TMS became aware that on his company's web site, Biller disclosed confidential and privileged information pertaining to TMS. Consequently, on November 7, 2008, TMS filed a Complaint For Injunctive Relief, and requested a temporary restraining order against Biller.[3] (Carlson Decl. ¶ 2, Exh. 1.) Thereupon, the Los Angeles County Superior Court issued a temporary restraining order ("TRO") enjoining Biller from:

> (a) Disclosing, directly or indirectly, in any manner any confidential attorney-client communications, written or verbal, between Biller and TMS;
>
> (b) Disclosing, directly or indirectly, in any manner any confidential attorney-client communications, written or verbal, between attorneys within TMS's Legal Services Group of which Biller has knowledge through his employment as an attorney by TMS and legal representation of TMS;
>
> (c) Disclosing, directly or indirectly, in any manner any confidential documents, materials or information, written or verbal, regarding the business affairs of TMS of which Biller has knowledge through his employment as an attorney by TMS and legal representation of TMS;
>
> (d) Disclosing, directly or indirectly, in any manner any confidential documents, material or information, written or verbal, regarding the business affairs of companies affiliated with TMS, including but not limited to TMS Motor Corporation, of which Biller has knowledge through his employment as an attorney by TMS and legal representation of TMS; and
>
> (e)  Disclosing any other confidential communications, documents, materials or information, written or verbal, protected by California Business and Professions Code section 6068(e)(1) and/or the attorney-client privilege regarding the business affairs of TMS and/or companies affiliated with TMS, including but not limited to TMS Motor Corporation, of which Biller has knowledge through his employment as an attorney by TMS and legal representation of TMS.

(Carlson Decl. ¶ 3, Exh. 2.) On January 14, 2009, the Superior Court, granted TMS' motion to compel arbitration under an agreement it had with Biller, stayed the case

---

of California on May 1, 2009, Case No. CV 09-03079-GHK-(RZx).  His claims include wrongful termination, disability discrimination, unfair business practices, and various common law claims.

[3]  *Toyota Motor Sales, U.S.A., Inc. v. Dimitrios P. Biller*, Los Angeles Superior Court case No. SC100501.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W  San Fernando, 15th Floor
San Jose, CA  95113 2303
408 998 4150

2.

Firmwide:91207682.3 013186.1090

1    pending the arbitration proceeding, and continued the TRO in effect.[4] (Carlson Decl. ¶

2    4, Exh. 3.)  In opposing TMS's motion to compel arbitration, Biller argued that the

3    same agreement that provides the purported basis for his RICO claim in this action was

4    substantively and procedurally unconscionable.  However, the Los Angeles Superior

5    Court rejected these contentions outright.  (Id. at page 8 of 13.)

6        Biller subsequently sought a writ of mandate from an appellate court to set aside

7    the ruling ordering his counterclaims against TMS and those of TMS against him to

8    arbitration, which was denied.  (Carlson Decl. ¶ 5, Exh. 4.)  Accordingly, this action in

9    federal court is nothing more than a collateral attack upon the findings and orders of a

10   California Superior Court and Appellate Court.

11       Having failed in the Los Angeles Superior Court and California Court of Appeal,

12   apparently Biller now intends to use this action as an excuse and new avenue for

13   gaining some perceived leverage against TMS by improperly threatening to and

14   disclosing its confidential and privileged information despite the existence of a state

15   court restraining order prohibiting him from such conduct.

16                        **III.    ARGUMENT**

17   **A.     The Court Has The Inherent Authority To Impose Protective Orders**

18           **And Seal Documents Filed With The Court.**

19       A court has the "inherent power to manage the course of trials." *Luce v. U.S.*,

20   469 U.S. 38, 41, fn. 4; *U.S. v. Holmquist*, 36 F.3d 154.  It has long been understood

21   that "[c]ertain implied powers must necessarily result in our Courts of justice from the

22   nature of their institution."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (citations

23   omitted).  Encompassed within this inherent power is the inherent supervisory power

24   over the dissemination of court-filed documents. *Nixon v. Warner Comm., Inc.*, 435

25   U.S. 589, 597 (1978).

26

27   [4] The Los Angeles Superior Court also sealed numerous documents filed by Biller that
     contained  confidential and privileged information pertaining to TMS. (Carlson Decl. ¶
28   4, Exh. 3.)

LITTLER MENDELSON
A Professional Corporation
50 W  San Fernando, 15th Floor
San Jose, CA  95113 2303
408.998 4150

Firmwide:91207682.3 013186.1090

3.

**B.    Good Cause Exists For The Issuance Of A Protective Order To Seal Plaintiffs' Complaint.**

The general prerequisite to obtaining a protective order is a showing of good cause. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. Ga. 2001); *Pearson v. Miller*, 211 F.3d 57, 73 (3rd Cir. 2000) (A district court is empowered to issue umbrella protective orders protecting classes of documents after a threshold showing by the party seeking protection).    To establish good cause, the moving party must make a showing of a particular and specific need for the order. *Pearson*, 211 F.3d at 72; *see also* Fed. R. Civ. Proc. 26(c).  This standard requires the district court to balance the burdens imposed upon the parties.    *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir. 1982.

Here, TMS will suffer prejudice if its privileged and confidential information is disclosed.   The information discussed between TMS and its in-house counsel with regards to litigation tactics and discovery issues must be kept confidential not only to prevent the information from being inappropriately used by litigants against TMS, but also to prevent the violation of sound public policy in favor of protecting attorney-client communications from disclosure.  Further, Biller's numerous misrepresentations of what is purported to be confidential and privileged information threatens significant harm to TMS' business and litigation interests because, as the Company's former counsel, his false and/or misleading disclosures may be believed, republished and/or relied upon by the public, TMS' adversaries or its competitors, all to TMS' detriment. It is critical that Biller maintain his former client TMS' confidences in order to protect from damages the fiduciary qualities of mutual trust and confidence which underlie a professional relationship.

There is no burden to Biller in sealing the Complaint as he is required by law to refrain from publicly disclosing any and all confidential and privileged information he

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408 998 4150

4.

Firmwide:91207682.3 013186.1090

1   gained from employment with TMS, as well as legal advice he gave to TMS.[5]  In fact,

2   Biller is enjoined by a state court order from publicly disclosing such confidential and

3   privileged information.  Plaintiffs' public filing of the Complaint violates his ethical

4   and statutory obligations to TMS.

5       **C.     Attorney-Client Communications.**

6       Preserving the confidentiality of communications between attorney and client is

7   fundamental to the legal system.   The privilege encourages clients to make full

8   disclosure to their attorneys without fear of revelation to others, and it thus protects a

9   person's right to freely and fully confer with, and confide in, an attorney in order to

10  receive competent legal advice and representation.  *See, Swidler & Berlin v. United*

11  *States*, 524 U.S. 399, 403, 118 S.Ct. 2081, 2084 (1998); *Fisher v. United States*, 425

12  U.S. 391, 403, 96 S.Ct. 1569, 1577 (1976); *In re County of Erie*, 473 F.3d 413, 418

13  (2nd Cir. 2007).  When an attorney is consulted in his or her capacity as such, it is

14  presumed that he or she is consulted for legal advice and the privilege of

15  confidentiality attaches absent a clear showing to the contrary.  *Diversified Industries,*

16  *Inc. v. Meredith*, 572 F.2d 596, 610 (8th Cir. 1977).

17      Here, Plaintiffs' Complaint includes the disclosure of legal advice Biller gave to

18  TMS as an attorney employed by and representing the Company, his perceived basis

19  for that advice, internal discussions between attorneys in TMS' Legal Services Group

20  on legal matters of concern to the Company, related internal litigation strategies and

21  disagreements in general and with regard to cases, and information concerning TMS's

22  litigation philosophy and concerns.  Whenever an attorney acquires knowledge of his

23  "former client's 'attitudes,' practices, business customs, 'litigation philosophy,'

24  strengths, weaknesses or strategy," including even "the lawyer's uncommunicated

25

26  ────────────────────
    [5] Biller's own Complaint filed in the instant action establishes that the communications

27  at issue in this application are confidential and/or privileged as he asserts that he served
    as counsel for TMS and obtained, discussed and shared the information at issue within
    the TMS Legal Group and while serving as the Company's counsel.  *See e.g.,*

28  Compliant 2:6-3:23; 16:1-25:18; 26:6-28:24.

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408 998 4150

Firmwide:91207682.3 013186.1090

impressions and conclusions,"[6] the attorney has a duty not to disclose such. *See,* *Knight v. Ferguson* (2007) 149 Cal.App.4[th] 1207, 1215; *Benge v. Superior Court* (1982) 131 Cal.App.3d 336, 345.

### D.    California Business And Professions Code Section 6068.

In *Low v. California*, 55 F. Supp. 2d 1056 (C.D. 1999), the District Court held that Business and Professions Code section 6068(e)(1) is directly applicable to proceedings in the Central District. Therein, the Court stated:

> The district court has primary responsibility for overseeing the conduct of the attorneys who appear before it. *Trone v. Smith, 621 F.2d 994, 999* (9th Cir. 1980). There are a number of applicable rules and principles.
>
> A. The Rules and California Statute
>
> 1. Central District Rules. Chapter 7 of the Central District of California's Local Rules, Attorney Disciplinary Rules of the Court (hereinafter "ADR"), provides:
>
>> 1.2 Standards of Professional Conduct - Basis for Disciplinary Action[7]
>>
>> In order to maintain the effective administration of justice and the integrity of the court, each attorney shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto. These statutes, rules and decisions are hereby adopted as the standards of professional conduct, and any breach or violation thereof may be the basis for the imposition of discipline. The Model Code of Professional Responsibility of the American Bar Association may be considered as guidance.
>
> 2. California Business & Professions Code and Rules of Professional Conduct.
>
> *California Business and Professions Code section 6068(e)* requires an attorney to "maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." Cal. Bus. & Prof. C. § 6068(e).

---

[6]    The allegations of the Complaint are fundamentally based upon one-sided "conclusions" as to what Biller perceived as disagreements between attorneys employed by TMS in its Legal Services Group.

[7]    This rule is now Local Rule 83-3.1.2.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:91207682.3 013186.1090

(55 F. Supp. 2d at 1062.) *See also*, *U.S. v. Nicholas*, 606 F. Supp. 2d 1109, 1120 (C.D.

2009) ("An attorney has a duty to 'maintain inviolate the confidence, and at every peril

to himself or herself to preserve the secrets, of his or her client.' CAL. BUS. & PROF.

CODE § 6068(e). Only with a client's permission may a lawyer disclose confidential

communications. CAL. EVID. CODE § 954; CAL. RULES OF PROF'L CONDUCT

R. 3-100. A lawyer's duty to preserve confidences persists beyond the end of the

attorney-client relationship. CAL. BUS. & PROF. CODE § 6068(e).")

The duty of confidentiality is fundamental to the attorney-client relationship.

*Flatt v. Superior Court* (1994) 9 Cal.4th 275, 289. An attorney's duty to maintain

inviolate his or her client's confidences and secrets "at every peril" is absolute, with

only a single statutory exception for prevention of a violent crime.[8] This public policy,

and statutory duty of attorneys, is codified in Business and Professions Code section

6068(e)(1):

> It is the duty of an attorney to do all of the following:
>
> (e) (1) To maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client.
>
> The only exception to this proscription is that found immediately thereafter in subsection (e)(2), that:
>
> Notwithstanding paragraph (1), an attorney may, but is not required to, reveal confidential information relating to the representation of a client to the extent that the attorney reasonably believes the *disclosure is necessary to prevent a criminal act that* the attorney reasonably believes *is likely to result in death* of, *or substantial bodily harm* to, an individual.

(Emphasis added.) Accordingly, the California legislature has determined and

statutorily established that all client confidences and secrets are to be maintained by an

attorney unless such information relates to the prevention of a criminal act and that act

is likely to result in death or substantial bodily harm.

The obligations established by section 6068(e)(1) survive the termination of the

---

[8] Indeed, as will be discussed below, the duty of confidentiality imposed by Business and Professions Code section 6068(e)(1) is broader than the attorney-client privilege.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:91207682.3 013186.1090

7.

attorney-client relationship. *City & County of San Francisco v. Cobra Solutions, Inc.* (2006) 39 Cal.4th 839, 846; *Wutchumna Water Co. v. Bailey* (1932) 216 Cal. 564, 571; *Styles v. Membert* (2008) 164 Cal.App.4[th] 1163, 1167; *Commercial Standard Title Company v. Superior Court* (1979) 92 Cal.App.3d 934, 945. In *Wutchumna Water*, as did TMS in the California Superior Court, a client sued its former lawyer to enjoin him from disclosing confidences and secrets acquired during prior representation. The court stated:

> The relation of attorney and client is one of highest confidence and *as to professional information gained while this relation exists, the attorney's lips are forever sealed*, and this is true notwithstanding his subsequent discharge by his client and notwithstanding the lack of any justification for such action. The obligation to represent the client with undivided fidelity does not end with the matter in which the lawyer may have been employed. Thenceforth the lawyer must refrain not only from divulging the client's secrets or confidences, but also from acting for others in any matters where such secrets or confidences or knowledge of the client's affairs acquired in the course of the earlier employment can be used to the former client's disadvantage.

(Emphasis added.) *Wutchumna Water Co. v. Bailey, supra,* at 571.

Commenting in *Low* on the duty of loyalty owed by attorneys to their current and former clients, the District Court quoted the California Supreme Court, stating:

> All attorneys owe a "duty of loyalty" to their clients and former clients. As the California Supreme Court has stated,
>
> > an attorney is forbidden to do either of two things after severing his relationship with a former client. He may not do anything which will injuriously affect his former client in any manner in which he formerly represented him nor may he at any time use against his former client knowledge or information acquired by virtue of the previous relationship.
>
> *People ex rel. Deukmejian v. Brown*, 29 Cal. 3d 150, 155, 172 Cal. Rptr. 478, 624 P.2d 1206 (1981) . . .

(55 F. Supp. 2d at 1069.)

### E.    The California Rules Of Professional Conduct.

Not only has Business and Professions Code section 6068(e)(1) been applied by the District Court in the Central District, but so have the California Rules of Professional Conduct. The District Court in *U.S. v. Nicholas, supra,* led off its opinion

8.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:91207682.3 013186.1090

in this case with the following comment on the California Rules of Professional Conduct:

> The California Rules of Professional Conduct protect clients, promote public confidence in the legal profession, and ensure the fair administration of justice. The most fundamental of these rules is a lawyer's duty of undivided loyalty to his client. A lawyer must do everything legally possible to protect a client. A lawyer can never assume a position adverse to the client or disclose client confidences without the client's knowing, intelligent, and voluntary consent in writing. Unfortunately, in this case, a law firm breached its duty of loyalty to a client in several respects.

(606 F. Supp. 2d at 1111.)

California Rule of Professional Conduct 3-100 provides that "A member shall not reveal information protected from disclosure by Business and Professions Code section 6068, subdivision (e)(1) without the informed consent of the client" unless "the member reasonably believes the disclosure is necessary to prevent a criminal act that the member reasonably believes is likely to result in death of, or substantial bodily harm to, an individual."

Significantly, note 2 to Rule 3-100 provides that "Client-lawyer confidentiality encompasses the attorney-client privilege, the work-product doctrine and ethical standards of confidentiality." It further states that the ethical obligation is broader than the attorney-client privilege itself and prevents the attorney from disclosing any confidential information *at any time* without the client's consent:

> The principle of client-lawyer confidentiality applies to information relating to the representation, whatever its source, and encompasses matters communicated in confidence by the client, and therefore protected by the attorney-client privilege, matters protected by the work product doctrine, and matters protected under ethical standards of confidentiality, all as established in law, rule and policy. (*See In the Matter of Johnson* (Rev. Dept. 2000) 4 Cal. State Bar Ct. Rptr. 179; *Goldstein v. Lees* (1975) 46 Cal.3d 614, 621 [120 Cal. Rptr. 253.) The attorney-client privilege and work-product doctrine apply in judicial and other proceedings in which a member may be called as a witness or be otherwise compelled to produce evidence concerning a client. A member's ethical duty of confidentiality is not so limited in its scope of protection for the client-lawyer relationship of trust and prevents a member from revealing the client's confidential information even when not confronted with such compulsion. Thus, a member may not reveal such information except with the consent of the client or as authorized or required by the State Bar Act, these rules, or other law.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408 998 4150

Firmwide:91207682.3 013186.1090

Indeed, even in circumstances where an attorney representing a corporation or other entity knows that an agent of the corporation is acting or intends to act in a manner that may be a violation of law imputable to the corporation, or even in a manner which is likely to result in substantial injury to the corporation, the attorney is nonetheless prohibited from disclosing information covered by Business and Professions Code Section 6068(e)(1).    Rule 3-600 of the California Rules of Professional Conduct provides:

> (B) If a member acting on behalf of an organization knows that an actual or apparent agent of the organization acts or intends or refuses to act in a manner that is or may be a violation of law reasonably imputable to the organization, or in a manner which is likely to result in substantial injury to the organization, the member shall not violate his or her duty of protecting all confidential information as provided in Business and Professions Code section 6068, subdivision (e).  Subject to Business and Professions Code section 6068, subdivision (e), the member may take such actions as appear to the member to be in the best lawful interest of the organization. Such actions may include among others:
>
> (1) Urging reconsideration of the matter while explaining its likely consequences to the organization; or
>
> (2) Referring the matter to the next higher authority in the organization, including, if warranted by the seriousness of the matter, referral to the highest internal authority that can act on behalf of the organization.
>
> (C) If, despite the member's actions in accordance with paragraph (B), the highest authority that can act on behalf of the organization insists upon action or a refusal to act that is a violation of law and is likely to result in substantial injury to the organization, the member's response is limited to the member's right, and, where appropriate, duty to resign in accordance with rule 3-700.

In view of the above, the obligation of such an attorney is to report the matter within the corporation, and ultimately resign his or her employment, but not to publicly disclose such information as Biller has done and threatens to do herein.

**F.    The Attorney-Client Privilege.**

**1.    The Distinction Between California Business And Professions Code Section 6068 And The Attorney-Client Privilege.**

The duty of confidentiality imposed by Business and Professions Code section 6068(e)(1) is broader than the attorney-client privilege.  *Goldstein v. Lees*, 46 Cal.App.3d 614, 621 n.5 (1975).  The attorney-client privilege is an evidentiary rule

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:91207682.3 013186.1090

1 | pertaining only to the compelled disclosure of information or other matters in a judicial

2 | proceeding.[9]    The exceptions to this privilege, which only relate to situations of

3 | compelled testimony, are narrow.  *See,* Cal. Evid. Code §§ 956, 957, 958, 959, 960,

4 | 961, 962.    In contrast, the duty of confidentiality established by Business and

5 | Professions Code section 6068(e)(1), and similar statutes and ethical rules, is broader,

6 | applying outside the courtroom and judicial proceedings to situations where there is no

7 | compulsion for disclosure.    Further, this latter duty is not limited strictly to

8 | communications, but to all matters and information pertaining to an attorney's

9 | representation of a current or former client.  This distinction was clearly drawn by the

10 | court in *U.S. v. Stepney*, 246 F. Supp. 2d 1069 (N.D. Cal. 2003), wherein the court

11 | explained:

> "The attorney-client privilege is an evidentiary rule designed to prevent the forced disclosure in a judicial proceeding of certain confidential communications between a client and a lawyer." *United States v. Rogers*, 751 F.2d 1074, 1077 (9th Cir. 1985), quoted in *Wharton v. Calderon*, 127 F.3d 1201, 1205 (9th Cir. 1997).    The purpose of the privilege is to encourage "full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981); see also *Hunt v. Blackburn*, 128 U.S. 464, 470, 32 L. Ed. 488, 9 S. Ct. 125 (1888) (grounding the privilege "in the interest and administration of justice, of

---

[9]    Though a party to the protected communication, the client's attorney is not the "holder." Cal. Evid. Code § 953. Unless otherwise instructed by the client-holder, the attorney who received or made a communication subject to the privilege "shall claim" the privilege if present when the communication is sought to be disclosed. Cal. Evid. Code § 955; *Fisher v. United States*, 425 U.S. 391, 402, 96 S.Ct. 1569, 1577, fn. 8 (1976); *In re Impounded Case (Law Firm)*, 879 F.2d 1211, 1213 (3rd Cir. 1989); *United States v. Edgar*, 82 F.3d 499, 508(1st Cir. 1996); *Benge v. Sup.Ct. (Mac Machines)* (1982) 131 Cal.App.3d 336, 344–345; *People v. Sup.Ct. (Bauman & Rose)* (1995) 37 Cal.App.4th 1757, 1766 (this is consistent with an attorney's ethical obligation "to maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client" under Business and Professions Code § 6068(e)); *see*, ABA Model Rule 1.6(a) (a lawyer shall not reveal confidential information unless client consents after consultation, "except for disclosures that are impliedly authorized in order to carry out the representation"). Even if the attorney is a crime suspect, when privileged materials in the attorney's possession are seized pursuant to a search warrant, the attorney still owes a duty to the client to take appropriate steps to protect the client's interest in not disclosing the materials to law enforcement or others. *People v. Sup.Ct. (Laff)* (2001) 25 Cal.4th 703, 713.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113 2303
408.998.4150

Firmwide:91207682.3 013186.1090

the aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure").

The attorney-client privilege limits only the power of a court to compel disclosure of attorney-client communications or otherwise admit the communications themselves into evidence. Outside the courtroom, the privilege does not provide grounds for sanctioning an attorney's voluntary disclosure of confidential communications to third parties. *Wharton*, 127 F.3d at 1205-06 (attorney-client privilege could not provide grounds to bar respondents from informally communicating with petitioner's former attorneys). This is not to say that attorneys may freely reveal their clients' confidences should they so desire. Mechanisms other than the attorney-client privilege protect against voluntary disclosure of confidential communications by counsel. The ethical rules governing attorneys require that all information pertaining to a client's case be kept confidential. Cal. Bus. & Prof. Code § 6068(e) (setting forth attorney's duty "to maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client""); Model Rules of Prof'l Conduct, R. 1.6 (3d ed. 1999). The comment to Model Rule of 1.6 discusses the relationship between the attorney-client privilege and the ethical duty of confidentiality:

> The principle of confidentiality is given effect in two related bodies of law, the attorney-client privilege (which includes the work product doctrine) in the law of evidence and the rule of confidentiality established in professional ethics. The attorney-client privilege applies in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality applies in situations other than those where evidence is sought from the lawyer through compulsion of law. The confidentiality rule applies not merely to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source.

(246 F. Supp. 2d at 1073-1074.)

## 2.    The Attorney-Client Privilege And Corporate Counsel.

It is axiomatic that where the client is a corporation, the attorney-client communications necessarily are through individuals acting for the entity.[10] *Diversified*

---

[10]    The power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors. *Commodity Futures Trading Comm'n v.* Weintraub, 471 U.S. 343, 348-349, 105 S.Ct. 1986, 1991 (1985) (managers must exercise the privilege consistently with their fiduciary duty to act in best interests of corporation and not of themselves as individuals). A mere corporate employee cannot waive the corporation's attorney-client privilege. *See, Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408.998.4150

12.

Firmwide:91207682.3 013186.1090

1    *Industries, Inc. v. Meredith*, 572 F.2d at 602. Generally, the attorney-client privilege

2    extends to any employee communicating on matters within the scope of his or her

3    employment when that employee is aware that he or she is providing information in

4    order for his or her employer to obtain legal advice. *Upjohn Co. v. United States*, 449

5    U.S. 383, 394, 101 S.Ct. 677, 685 (1981); *In re Bieter Co.*, 16 F.3d 929, 935 (8th Cir.

6    1994). The employee need not be a member of the entity client's management, such as

7    a managing officer or director. Such a limitation would largely destroy the ability of

8    corporate counsel to freely communicate with corporate clients in the giving of legal

9    advice and thereby defeat a fundamental purpose of the privilege. *See, Upjohn Co. v.*

10   *United States*, 449 U.S. 383, 390-393, 101 S.Ct. 677, 683-684 (1981). Privileged

11   communications that occur during the period of employment do not lose their

12   protection when the employee leaves the client corporation. "[T]he attorney-client

13   privilege is served by the certainty that conversations between the attorney and client

14   will remain privileged after the employee leaves." *In re Coordinated Pretrial*

15   *Proceedings in Petroleum Prods. Antitrust Litig.*, 658 F.2d 1355, 1361, fn. 7 (9th Cir.

16   1981); *Infosystems, Inc. v. Ceridian Corp.* 197 F.R.D. 303, 305–306 (E.D. MI 2000);

17   *Miramar Const. Co. v. Home Depot, Inc.*, 167 F.Supp.2d 182, 183-185 (D. P.R. 2001).

18   Moreover, because former employees may possess relevant information needed by

19   corporate counsel to advise the client, the privilege even applies to certain confidential

20   post-employment communications between a former employee and corporate counsel.

21   *In re Allen*, 106 F.3d 582, 606 (4th Cir. 1997); *Admiral Ins. Co. v. United States Dist.*

22   *Ct. for Dist. of Ariz.*, 881 F.2d 1486, 1493 (9th Cir. 1989). Communications between

23   in-house and outside counsel are privileged if based on a confidential client

24   communication. *Natta v. Zletz*, 418 F.2d 633, 637 (7th Cir. 1969) (correspondence

25   343, 348-349, 105 S.Ct. 1986, 1991 (1985) (the power to waive the privilege rests with

26   management). Since a corporate employee cannot waive the corporation's privilege,
     neither can an ex-employee. *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996)

27   (communications of a corporation's former employee to government regarding
     discussions between corporation and corporate counsel did not waive corporation's

28   attorney-client privilege).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408.998.4150

13.

Firmwide:91207682.3 013186.1090

1  between in-house and outside counsel "clearly fall within the ambit of the attorney-

2  client privilege").

3      The California Supreme Court has recognized the "overriding interest" in

4  preserving the attorney-client privilege and duty of confidentiality in the context of an

5  in-house counsel suing his or her corporate employer.[11]  The Supreme Court has done

6  so to the point of finding that some such lawsuits may not proceed and must be

7  dismissed:

8      [We] also hold that, in those instances where the attorney-employee's
       retaliatory discharge claim is incapable of complete resolution without
9      breaching the attorney-client privilege, the suit may not proceed.

10  *General Dynamics v. Superior Court* (1994) 7 Cal.4th 1164, 1170.    Based upon

11  *General Dynamics*, the court in *Solin v. O'Melveny & Myers* (2001) 89 Cal.App.4th

12  451, stated:

13
       In sum, there can be no balancing of the attorney-client privilege against
14     the right to prosecute a lawsuit to redress a legal wrong. Consequently, as
       *General Dynamics Corp. v. Superior Court* (1994) 7 Cal.4th 1164 [32
15     Cal.Rptr.2d 1, 876 P.2d 487] (hereafter *General Dynamics*) teaches,
       unless a statutory provision removes the protection afforded by the
16     attorney-client privilege to confidential communications between attorney
       and client, an attorney plaintiff may not prosecute a lawsuit if in doing so
17     client confidences would be disclosed. (*General Dynamics, supra,* at p.
       1190.)
18

19  (89 Cal.App.4th at 457-58.)

20      In what must be considered a warning to attorneys who attempt to engage in

21  conduct such as Plaintiffs herein, the Supreme Court in *General Dynamics* continued:

22     . . . *[T]he in-house attorney who publicly exposes the client's secrets will
       usually find no sanctuary in the courts. Except in those rare instances*
23     *when disclosure is explicitly permitted or mandated by an ethics code*
       *provision or statute, it is never the business of the lawyer to disclose*
24     *publicly the secrets of the client.*

25  _____

26  [11]  There is a narrow exception to this principle, namely that such confidential
    information may be disclosed by a discharged in-house counsel in confidence to his or
27  her own counsel to the extent that it becomes necessary to allow that counsel to
    evaluate possible claims against the employer. *See, Fox Searchlight Pictures, Inc. v.*
28  *Paladino* (2001) 89 Cal.App.4th 294, 308.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408.998.4150

14.

Firmwide:91207682.3 013186.1090

. . . [T]he contours of the statutory attorney-client privilege should continue to be strictly observed. *We reject any suggestion that the scope of the privilege should be diluted in the context of in-house counsel and their corporate clients. Members of corporate legal departments are as fully subject to the demands of the privilege as their outside colleagues.*

(7 Cal.4th at 1190-91.) (Emphasis added).

### 3.    The Crime Fraud Exception To The Attorney-Client Privilege.

Biller has publicly disclosed, and continues to assert that he may continue to disclose, confidential information he has received from TMS, and which is protected from disclosure by the attorney-client privilege as well as Business and Professions Code Section 6068(e)(1), by broadly asserting and attempting to take refuge behind the crime fraud exception to the attorney-client privilege.  However, this exception does not contemplate its use as a sword as Biller attempts to employ it or excuse the disclosures Biller has made and threatens to make in the absence of a court finding that the exception is applicable.[12]

The crime fraud exception ensures that attorney-client confidentiality will not encompass communications "made for the purpose of getting advice for the commission of a fraud or crime." *United States v.* Zolin, 491 U.S. 554, 563, 109 S.Ct. 2619, 2627 (1989).  However, the exception is a very "limited exception." *Geilim v. Superior Court* (1991) 234 Cal.App.3d 166, 174.  For instance, a client's confidential disclosure of a past wrongdoing is normally protected by the attorney-client privilege. *United States v. Horvath*, 731 F.2d 557, 562 (8th Cir. 1984).  The privilege is not lost

---

[12]  As discussed below, there are well established judicial procedures to determine the applicability of the attorney-client privilege, and any exceptions thereto, including the crime fraud exception, that must be pursed prior to the disclosure of the information in question.  Contrary to the foregoing, Biller's established pattern of conduct is to disclose or threaten the disclose of information he has learned through his attorney-client relationship with TMS, and then to later claim applicability of an exception to the attorney-client privilege with no prior judicial determination.  Further, all of the disclosures to date have been totally voluntary by Biller and not in the context of compelled testimony or discovery.  Accordingly, those disclosures were prohibited by Business and Professions Code Section 6068(e)(1), and the supposed crime fraud exception asserted by Biller is a mere subterfuge as no incident of compelled testimony or discovery has been involved.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408.998.4150

15.

1  "merely because the opponent claims that the advice was sought to conceal a fraud ... If

2  that were the law, few clients would dare talk to lawyers, because the privilege would

3  disappear the moment their opponent charged a cover-up." *Nesse v. Pittman*, 202

4  F.R.D. 344, 351 (D. DC 2001).

5      In the context of this exception, it has been observed "that extreme caution must

6  be exercised when an accusation is made which will invade the attorney-client

7  relationship in connection with  ongoing litigation." *State Farm Fire & Cas. Co. v.*

8  *Superior Court* (1997) 54 Cal.App.4th 625, 644-645.  The mere assertion or suspicion

9  of a crime or fraud is insufficient; there must be a showing the crime or fraud "has

10  some foundation in fact." *Clark v. United* States, 289 U.S. 1, 15, 53 S.Ct. 465, 469

11  (1933); *In re Grand Jury Proceedings (The Corporation)*, 87 F.3d 377, 381 (9th Cir.

12  1996); *Massachusetts Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 480 (N.D. CA 1998);

13  *BP Alaska Exploration, Inc. v. Sup.Ct. (Nahama & Weagant Energy Co.)* (1988) 199

14  Cal.App.3d 1240, 1262 (prima facie case requires "evidence from which reasonable

15  inferences can be drawn to establish the [crime or fraud] asserted"); *see also Dickerson*

16  *v. Sup.Ct. (Ferrito)* (1982) 135 Cal.App.3d 93, 100 ("it would be destructive of the

17  privilege to require disclosure on the mere assertion of opposing counsel"); *United*

18  *States v. Zolin* (1989) 491 U.S. 554, 572 (prima facie showing requires "factual basis

19  adequate to support a good faith belief by a reasonable person").

20      The Ninth Circuit in *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078 (9th Cir.

21  2007) stated a two pronged test for application of the crime fraud exception:  (1) there

22  must be a prima facie showing that the client was engaged in or planning criminal or

23  fraudulent conduct when he, she or it sought the advice of counsel *or* that the client

24  committed a crime or fraud subsequent to receiving counsel's advice,[13] *and* (2) there

[13]  The first prong requires "[d]emonstrating that the communications with the lawyer were in furtherance of an intended or present illegality and that there is some relationship between the communications and the illegality makes a prima facie case." *United States v. Martin*, 278 F.3d 988, 1001 (9th Cir. 2002); *In re Grand Jury Subpoena*, 419 F.3d 329, 336 (5th Cir. 2005).  It does not suffice that the communications are merely related to a proposed crime, rather to overcome the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando. 15th Floor
San Jose, CA  95113-2303
408.998.4150

Firmwide:91207682.3 013186.1090

16.

1    must be a showing that the attorney-client communications were "sufficiently related

2    to" *and* made "in furtherance of" the criminal or fraudulent activity.[14]    479 F.3d at

3    1090. See also, *In re Grand Jury Investigation*, 445 F.3d 266, 276-277 (3rd Cir. 2006)

4    (the second prong requires proof that the "'attorney-client communications were in

5    furtherance of that alleged crime or fraud,'" while recognizing that phrase "related to"

6    might be misleading).

**G.    A Court Must Determine Through An *In Camera* Review If An Attorney Can Make A Disclosure Of Confidential Attorney-Client Information; Biller Cannot Unilaterally Make This Determination.**

10    While exceptions may apply to the attorney-client privilege and duty of

11    confidentiality, an attorney cannot unilaterally make such a determination. Biller has

12    ignored that an attorney may not disclose client confidences unless and until a court

13    has determined that an exception applies to Section 6068(e)(1).    *See, General*

14    *Dynamics, supra*, at 1189 "the court must determine whether some statute or ethical

15    rule, such as the statutory exceptions to the attorney-client privilege codified in the

16    Evidence Code . . . specifically permits the attorney to depart from the usual

17    requirement of confidentiality." Similarly, an attorney may not disclose information or

18    documents protected by the attorney-client privilege, and later claim such was

19    permitted by the crime fraud exception. To the contrary, no disclosure may be made in

20    the absence of an *in camera* determination by a court that the crime fraud exception is

21    applicable to the facts presented. *State Farm Fire & Cas. Co. v. Superior Court,*

22    *supra*, at 645; *Geilim v. Superior Court, supra*, at 175-176. The federal courts follow

23    the same requirement for an *in camera* review.

---

privilege, the attorney-client communications must have been made with an intent to further the unlawful act. *See, In re Sealed Case*, 754 F.2d 395, 399 (D.C. Cir. 1985); *In re Antitrust Grand Jury*, 805 F.2d 155, 168 (6th Cir. 1986); *In re Grand Jury Subpoenas Duces Tecum*, 798 F.2d 32, 34 (2nd Cir. 1986).

[14] In order to establish the second prong, "[t]he exception applies only when there is reasonable cause to believe that the attorney's services were utilized in furtherance of the ongoing unlawful scheme." *United States v. Martin*, 278 F.3d at 1001.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:91207682.3 013186.1090

17.

1    The party seeking disclosure must make a threshold showing "of a factual basis

2    adequate to support a good faith belief by a reasonable person that in camera review of

3    the materials may reveal evidence to establish the claim that the crime-fraud exception

4    applies." *United States v. Zolin*, 491 U.S. 554, 572, 109 S.Ct. 2619, 2631 (1989);

5    *Kilpatrick v. King*, 499 F.3d 759, 766 (8th Cir. 2007).    The court has discretion

6    whether to proceed further, and order an *in camera* review. *In re Napster, Inc.*

7    *Copyright Litig.*, 479 F.3d at 1092.    Factors normally considered include: (1) the

8    volume of the materials the district court has been asked to review; (2) the relative

9    importance to the case of the alleged privileged information; and (3) the likelihood that

10    the evidence produced through an *in camera* review, together with other available

11    evidence then before the court, will establish that the crime-fraud exception applies.

12    *United States v. Zolin*, 491 US 554, 572, 109 S.Ct. 2619, 2631 (1989).    The court is

13    given this discretion as "[t]here is no reason to permit opponents of the privilege to

14    engage in groundless fishing expeditions, with the district courts as their unwitting

15    (and perhaps unwilling) agents." 491 US at 571.    If an *in camera* hearing is ordered,

16    the party claiming the privilege has an absolute right to present evidence and argument

17    in camera before the allegedly privileged material may be ordered disclosed. *In re*

18    *General Motors Corp.*, 153 F.3d 714, 716 (8th Cir. 1998).    In civil cases in the Ninth

19    Circuit, the party seeking disclosure of attorney-client communications under the

20    exception must establish the exception by a preponderance of the evidence. *In re*

21    *Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1094-1095 (9th Cir. 2007).    While

22    "absolute proof" is not required, there must be "sufficient unrebutted prima facie

23    evidence that, if believed by the trier of fact," constitutes a criminal fraud or scheme.

24    *United States v. Ruhbayan*, 201 F.Supp.2d 682, 685-686 (E.D. VA 2002).    Biller has

25    made no attempt to comply with these processes and procedures.

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408.998.4150

Firmwide:91207682.3 013186.1090

18.

**3.    This Ex Parte Application Is Necessary to Protect TMS.**

An ex parte application is necessary because Biller has disclosed TMS' confidential and privileged information in the publicly filed Complaint in this case, and such information will remain in the public file until sealed by the Court. As such, TMS must seek immediate sealing of the Complaint to prevent and/or minimize the harm imposed upon it by Biller's public filing of its confidential and privileged information.

Littler Mendelson contacted Jeffrey F. Allen, counsel for Plaintiffs in the above-referenced action, on July 27, 2009, and informed him of TMS' position and its intention to file an *ex parte* Application asking the Court to seal the Complaint filed by Plaintiffs on July 24, 2009, on the ground that the Complaint contains TMS' confidential and privileged information.    Shortly thereafter, Mr. Allen contacted counsel for TMS and said that he had spoken with his client and that Plaintiffs would oppose the Application to seal the Complaint.

Jeffrey F. Allen's complete contact information is Jeffrey F. Allen, Esq., Allen + Wohrle, LLP, 2800 28th Street, Suite 321, Santa Monica, CA 90405. telephone 310.392.3355,  facsimile 310.392.8059 and e-mail, jallen@allenwohrle.com.

## IV.    CONCLUSION

For the foregoing reasons, TMS respectfully requests that the Court grant TMS' requests to seal Plaintiffs' Complaint.

Dated:    July 27, 2009

MICHAEL A. GREGG
LITTLER MENDELSON
A Professional Corporation
Attorneys for TOYOTA MOTOR
SALES, U.S.A., INC.

LITTLER MENDELSON
A Professional Corporation
50 W  San Fernando, 15th Floor
San Jose, CA  95113 2303
408.998.4150

Firmwide:91207682.3 013186.1090