**ORIGINAL**

1   ALAN B. CARLSON, Bar No. 055090
    acarlson@littler.com
2   FERMIN H. LLAGUNO, Bar No. 185222
    fllaguno@littler.com
3   MICHAEL A. GREGG, Bar No. 205524
    mgregg@littler.com
4   LITTLER MENDELSON
    A Professional Corporation
5   2050 Main Street, Suite 900
    Irvine, CA 92614
6   Telephone: 949.705.3000
    Facsimile: 949.724.1201
7

8   Attorneys for
    TOYOTA MOTOR SALES, U.S.A., INC.
9

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12  Dimitrios P. Biller; Litigation        Case No. CV 09-5429-CAS (JEMx)
    Discovery & Trial Consulting, Inc., a
13  California corporation;                **DECLARATION OF ALAN B.
                                           CARLSON IN SUPPORT OF
14              Plaintiffs,                TOYOTA MOTOR SALES, U.S.A.
                                           INC.'S MEMORANDUM OF
15  v.                                     POINTS AND AUTHORITIES IN
                                           SUPPORT OF ITS *EX PARTE*
16  Toyota Motor Corporation; Toyota       APPLICATION TO SEAL
    Motor Sales, U.S.A., Inc.; Christopher PLAINTIFFS' COMPLAINT**
17  Reynolds; Jane Howard Martin; Eric
    Taira; Dian Ogilvie; Alicia           [Local Rule 79-5]
18  McAndrews,

19              Defendants.

20

21

22           **DECLARATION OF ALAN B. CARLSON**

23      1.    I am an attorney with the law firm of Littler Mendelson, a Professional

24  Corporation, attorneys for Defendant Toyota Motor Sales, U.S.A., Inc. ("TMS"). I am

25  duly licensed to practice law in the State of California and before the United States

26  District Court for the Central District of California. I have personal knowledge of the

27  facts set forth herein, and if called to testify, I would and could provide evidence

28  establishing such facts.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:91208694.1 013186.1090

2. Attached as Exhibit 1 is the Complaint filed on behalf of TMS against Dimitrios P. Biller in the Los Angeles County Superior Court on November 7, 2008.

3. Attached as Exhibit 2 is the Temporary Restraining Order ("TRO") stipulated to by Dimitrios Biller ("Biller") and entered by the Honorable John L. Segal on November 7, 2008.

4. Attached as Exhibit 3 is Judge Segal's Order dated January 14, 2009 in which he granted TMS' motion to compel arbitration and made other rulings.

5. Attached hereto as Exhibit 4 is a true and correct copy of an order from the California Court of Appeal denying Biller's writ of mandate where he sought to set aside the Superior Court ruling ordering his claim and those of TMS to arbitration.

6. An *ex parte* application is necessary because Biller has disclosed TMS' confidential and privileged information in the publicly filed Complaint in this case, and such information will remain in the public file until sealed by the Court. As such, TMS must seek immediate sealing of the information to prevent and/or minimize the harm imposed upon it by Biller's public filing of its confidential and privileged information.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 26th day of July, 2009, in Irvine, County of Orange, and State of California.

ALAN B. CARLSON

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:91208694.1 013186.1090

2.

1  ALAN B. CARLSON, Bar No. 055090
   FERMIN H. LLAGUNO, Bar No. 185222
2  LITTLER MENDELSON
   A Professional Corporation
3  2050 Main Street
   Suite 900
4  Irvine, CA 92614
   Telephone:   949.705.3000
5  Fax No.:     949.724.1201

6  Attorneys for Plaintiff
   TOYOTA MOTOR SALES, U.S.A., INC.
7

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**NOV 0 7 2008**

John A. Clarke, Executive Officer/Clerk

By J. Denham, Deputy

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10                         WEST DISTRICT

11  TOYOTA MOTOR SALES, U.S.A., INC.,   | Case No.   **SC100501**

12              Plaintiff,                **JOHN L. SEGAL**

13       v.                               **COMPLAINT FOR INJUNCTIVE RELIEF**

14  DIMITRIOS P. BILLER, and DOES 1
    through 10, inclusive,                INITIAL CASE MANAGEMENT REVIEW
15                                        AND CONFERENCE    FEB 2 5 2009
                Defendant.
16                                        8:30 am Dept. 0

17       Plaintiff Toyota Motor Sales, U.S.A., Inc., alleges as follows:

18                            **PARTIES**

19       1.      Plaintiff Toyota Motor Sales, U.S.A., Inc., hereinafter referred to as

20  "Toyota," is a California Corporation with its principal place of business and corporate

21  headquarters in Torrance, Los Angeles County, California.   Toyota is authorized to conduct

22  business in California.

23       2.      Defendant Dimitrios P. Biller, hereinafter referred to as "Biller," is an

24  individual residing in Pacific Palisades, Los Angeles County, California, and is sued in his capacity

25  as an individual.

26       3.      Toyota does not know the true names and capacities, whether individual,

27  corporate, associate or otherwise of Defendants Does 1 through 10, inclusive.   Such fictitious

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1520 Main Street
Suite 900
Irvine CA 92614
949 705 3000

1    defendants are sued pursuant to the provisions of section 474 of the California Code of Civil

2    Procedure. Toyota is informed and believes and upon such information and belief alleges that each

3    fictitious defendant was in some way responsible for, participated in or contributed to the matters

4    and things of which Toyota complains herein, and in some fashion, has legal responsibility therefor.

5    When the exact nature and identity of the fictitious Defendants who are responsible for

6    participating and contributing to the matters and things herein alleged are ascertained by Toyota, it

7    will seek leave to further amend this Complaint to set forth the same.

8                                    **JURISDICTION AND VENUE**

9          4.       This Court has jurisdiction over this action because this is a civil action

10   wherein the matter in controversy, exclusive of interest, exceeds $25,000.00 and because Toyota

11   seeks equitable relief. Venue is proper in the Superior Court for the County of Los Angeles in that

12   Biller resides in Pacific Palisades, County of Los Angeles, California, and the alleged wrongdoing

13   herein occurred, in part, in the County of Los Angeles.

14                                    **FACTUAL ALLEGATIONS**

15         5.       At all times relevant herein, Toyota maintained a Legal Services Group at its

16   corporate headquarters in Torrance, California in which it employed attorneys to represent Toyota.

17         6.       At all times relevant herein, Biller has been an attorney at law and licensed to

18   practice law in the State of California.

19         7.       On or about April 15, 2003, Biller was employed by Toyota as an attorney,

20   with the job title Managing Counsel, in its Legal Services Group in Torrance, California.

21         8.       As an attorney and Managing Counsel, Biller was employed and engaged by

22   Toyota to provide, and did provide, legal representation to Toyota, and other companies affiliated

23   with Toyota, including Toyota Motor Corporation, and thereby established an attorney-client

24   relationship between Biller and Toyota, and other companies affiliated with Toyota, including

25   Toyota Motor Corporation.

26         9.       As an attorney and Managing Counsel employed by Toyota, and pursuant to

27   the attorney-client relationship between Biller and Toyota and other companies affiliated with

28   Toyota, including Toyota Motor Corporation, confidential attorney-client communications, written

LITTLER MENDELSON
A Professional Corporation
1920 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

2.

COMPLAINT FOR INJUNCTIVE RELIEF

1   or verbal, occurred between Biller and Toyota, as well as between Biller and other companies

2   affiliated with Toyota including Toyota Motor Corporation, during Biller's employment with

3   Toyota.

4        10.    As an attorney and Managing Counsel employed by Toyota, and pursuant to

5   the attorney-client relationship between Biller and Toyota, Biller obtained knowledge during his

6   employment with Toyota of confidential attorney-client communications, written or verbal,

7   between attorneys within Toyota's Legal Services Group.

8        11.    As an attorney and Managing Counsel employed by Toyota, and pursuant to

9   the attorney-client relationship between Biller and Toyota, Toyota communicated to Biller its trade

10   and business secrets and confidential business information, and caused Toyota Motor Corporation

11   and other companies affiliated with Toyota to do the same, for use by Biller in his legal

12   representation of Toyota and other companies affiliated with Toyota, including Toyota Motor

13   Corporation.

14        12.    On September 17, 2006, Biller's employment with Toyota terminated.

15        13.    Biller is now operating a legal consulting service under his name and doing

16   business as "Dimitrios P. Biller Litigation Discovery & Trial Consulting" which provides legal

17   seminars for MCLE credit to California attorneys.

18        14.    On the internet web site promoting "Dimitrios P. Biller Litigation Discovery

19   & Trial Consulting," Biller identifies confidential and proprietary information pertaining to Toyota

20   falling into three broad categories: (1) information about lawsuits that Biller helped defend while

21   employed by Toyota, (2) statistical information about Toyota's settlements of cases during Biller's

22   employment, and (3) information about specific policies and procedures in place at Toyota,

23   including its electronic preservation policies that Biller represents he helped to implement.

24        15.    The internet web site also suggests that this information may be used by

25   Biller in his certification courses. As but one example, one of Biller's courses deals specifically

26   with the electronic data preservation of the sort that he implemented and oversaw at Toyota.

27        16.    On October 25, 2008 and November 1, 2008, Biller presented seminars for

28   "Dimitrios P. Biller Litigation Discovery & Trial Consulting" during which he made additional

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1920 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

3.

disclosures of confidential information concerning Toyota and his legal representation of Toyota, information which he gained while employed as an attorney within its Legal Services Group.

17.    Biller has engaged in the foregoing conduct and made the foregoing disclosures without Toyota's consent and authorization.

## FIRST CAUSE OF ACTION
### (Claim For Injunction)

18.    Toyota re-alleges and incorporates by reference each and every allegation contained in each paragraph above as though fully set forth herein.

19.    Unless enjoined by this Court, Toyota is informed and believes and on this information and belief alleges that Biller will proceed with the continuing disclosure of confidential attorney-client communications between Biller and Toyota and/or the disclosure of Toyota's trade and business secrets and confidential business information, as well as that of Toyota Motor Corporation and other companies affiliated with Toyota, as alleged herein.

20.    As set forth more fully in Toyota's Memorandum of Points and Authorities in Support of its Motion for a Temporary Restraining Order, Biller *stipulated* to the entry of a Temporary Restraining Order and Preliminary Injunction in the event that he disclosed confidential information as described herein.

21.    Irrespective of this stipulation, Toyota is still be entitled to relief.  It is a reasonable probability and is likely that Toyota will succeed on the merits of its injunction claim because Biller's threatened disclosures violate California Business and Professions Code section 6068(e)(1), California Rule of Professional Conduct 3-100, and the attorney-client privilege.

22.    Biller's conduct will, unless and until enjoined and restrained by order of this Court, cause great and irreparable injury to Toyota and its business in that upon the disclosure of confidential attorney-client communications between Biller and Toyota and/or the disclosure of Toyota's trade and business secrets and confidential business information, as well as that of Toyota Motor Corporation and other companies affiliated with Toyota, such communications and information cannot be restored to their former confidential status, and will enable competing companies to unfairly compete with Toyota and to interfere with its business relationships.  Such

LITTLER MENDELSON
A Professional Corporation
1920 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

4.

COMPLAINT FOR INJUNCTIVE RELIEF

1    communications and information will also provide plaintiffs' attorneys with strategic information

2    they could use in pursuing litigation against Toyota. Toyota has no adequate remedy at law for

3    these injuries because the damage to Toyota's business cannot adequately be compensated through

4    monetary damages.

5         23.    The balance of hardships is in favor of Toyota because it cannot be

6    compensated for the damage done by the disclosure of confidential attorney-client communications

7    between Biller and Toyota, the disclosure of confidential attorney-client communications between

8    attorneys within Toyota's Legal Services Group, and/or the disclosure of Toyota's trade and

9    business secrets and confidential business information, as well as that of Toyota Motor Corporation

10   and other companies affiliated with Toyota. This request does not interfere with Biller's ability to

11   have an adequate remedy for any alleged harm that he might have suffered or his ability to request

12   such disclosures from this court after full hearing on the merits thereof as required by law. *See*

13   *General Dynamics v. Superior Court*, 7 Cal.4th 1164, 1189 (1994); *State Farm Fire & Cas. Co. v.*

14   *Superior Court* 54 Cal.App.4th 625, 645 (1997); *Geilim v. Superior Court*, 234 Cal.App.3d 166,

15   175-76 (1991).

16                    **PRAYER**

17        WHEREFORE, Toyota prays for judgment against Biller as follows:

18        1.    For a temporary restraining order enjoining Biller, in the absence of an order

19   of this court, from:

20             (a)    Disclosing, directly or indirectly, in any manner any confidential attorney-

21   client communications, written or verbal, between Biller and Toyota;

22             (b)    Disclosing, directly or indirectly, in any manner any confidential attorney-

23   client communications, written or verbal, between attorneys within Toyota's Legal Services Group

24   of which Biller has knowledge through his employment as an attorney by Toyota and legal

25   representation of Toyota;

26             (c)    Disclosing, directly or indirectly, in any manner any confidential documents,

27   materials or information, written or verbal, regarding the business affairs of Toyota of which Biller

28   has knowledge through his employment as an attorney by Toyota and legal representation of Toyota;

LITTLER MENDELSON
A Professional Corporation
1926 Main Street
Suite 900
Irvine CA 92614
949 705 1000

5.

1    (d)    Disclosing, directly or indirectly, in any manner any confidential documents,

2    materials or information, written or verbal, regarding the business affairs of companies affiliated

3    with Toyota, including but not limited to Toyota Motor Corporation, of which Biller has knowledge

4    through his employment as an attorney by Toyota and legal representation of Toyota; and

5    (e)    Disclosing any other confidential communications, documents, materials or

6    information, written or verbal, protected by California Business and Professions Code section

7    6068(e)(1) and/or the attorney-client privilege regarding the business affairs of Toyota and/or

8    companies affiliated with Toyota, including but not limited to Toyota Motor Corporation, of which

9    Biller has knowledge through his employment as an attorney by Toyota and legal representation of

10    Toyota.

11    2.    That this Court make an order directing Biller to show cause at a time and

12    place appointed in said order why Biller should not be enjoined and restricted during the pendency

13    of this action from doing any of the things and acts hereinabove mentioned in paragraph 1 of this

14    prayer.

15    3.    That upon the hearing of said order to show cause a preliminary injunction be

16    granted herein enjoining and restraining Biller from doing any of the things and acts hereinabove

17    mentioned in paragraph 1 of this prayer until the completion of an arbitration between the parties (as

18    proscribed by an existing written agreement between the parties).

19    4.    For costs of suit incurred herein; and;

20    5.    For such other and further relief, including any statutory relief, as the Court

21    deems just and proper.

22    Dated: November 6, 2008

23

24

25    FERMIN H. LLAGUNO
     LITTLER MENDELSON
26    A Professional Corporation
     Attorneys for Plaintiff
27    TOYOTA MOTOR SALES, U.S.A., INC.

28    Firmwide:86995005.4 013186.1090

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1920 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

6.

COMPLAINT FOR INJUNCTIVE RELIEF

1   ALAN B. CARLSON, Bar No. 055090
    FERMIN H. LLAGUNO, Bar No. 185222
2   LITTLER MENDELSON
    A Professional Corporation
3   2050 Main Street
    Suite 900
4   Irvine, CA 92614
    Telephone:   949.705.3000
5   Fax No.:     949.724.1201

6   Attorneys for Plaintiff
    TOYOTA MOTOR SALES, U.S.A., INC.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF LOS ANGELES

10                           WEST DISTRICT

11  TOYOTA MOTOR SALES, U.S.A., INC.,        Case No.

12              Plaintiff,

13       v.
                                             **TEMPORARY RESTRAINING ORDER
14  DIMITRIOS P. BILLER, and DOES 1          AND ORDER TO SHOW CAUSE RE:
    through 10, inclusive,                   PRELIMINARY INJUNCTION**
15
16              Defendant.

17

18       TO DEFENDANT DIMITRIOS P. BILLER ("BILLER"):    8:30

19       YOU ARE HEREBY ORDERED TO SHOW CAUSE at ~~March 19~~ a.m./~~p.m.~~, on

20  _March 19_____, 200~~8~~, or as soon thereafter as counsel may be heard, in Department _O___

21  of the Superior Court of the State of California, Santa Monica Courthouse, 1725 Main Street, Santa

22  Monica, CA 90401, why you should not be restrained and enjoined, pending an arbitration in this

23  action pursuant to an existing agreement between the parties, from:

24       (a)    Disclosing, directly or indirectly, in any manner any confidential attorney-
    client communications, written or verbal, between Biller and Toyota;
25
26       (b)    Disclosing, directly or indirectly, in any manner any confidential attorney-
    client communications, written or verbal, between attorneys within Toyota's Legal Services Group
27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

1    of which Biller has knowledge through his employment as an attorney by Toyota and legal

2    representation of Toyota;

3              (c)     Disclosing, directly or indirectly, in any manner any confidential documents,

4    materials or information, written or verbal, regarding the business affairs of Toyota of which Biller

5    has knowledge through his employment as an attorney by Toyota and legal representation of Toyota;

6              (d)     Disclosing, directly or indirectly, in any manner any confidential documents,

7    materials or information, written or verbal, regarding the business affairs of companies affiliated

8    with Toyota, including but not limited to Toyota Motor Corporation, of which Biller has knowledge

9    through his employment as an attorney by Toyota and legal representation of Toyota; and

10             (e)     Disclosing any other confidential communications, documents, materials or

11    information, written or verbal, protected by California Business and Professions Code section

12    6068(e)(1) and/or the attorney-client privilege regarding the business affairs of Toyota and/or

13    companies affiliated with Toyota, including but not limited to Toyota Motor Corporation, of which

14    Biller has knowledge through his employment as an attorney by Toyota and legal representation of

15    Toyota.

16         PENDING HEARING on the above Order to Show Cause, YOU ARE HEREBY

17    RESTRAINED AND ENJOINED from:

18             (a)     Disclosing, directly or indirectly, in any manner any confidential attorney-

19    client communications, written or verbal, between Biller and Toyota;

20             (b)     Disclosing, directly or indirectly, in any manner any confidential attorney-

21    client communications, written or verbal, between attorneys within Toyota's Legal Services Group

22    of which Biller has knowledge through his employment as an attorney by Toyota and legal

23    representation of Toyota;

24             (c)     Disclosing, directly or indirectly, in any manner any confidential documents,

25    materials or information, written or verbal, regarding the business affairs of Toyota of which Biller

26    has knowledge through his employment as an attorney by Toyota and legal representation of Toyota;

27             (d)     Disclosing, directly or indirectly, in any manner any confidential documents,

28    materials or information, written or verbal, regarding the business affairs of companies affiliated

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

1    with Toyota, including but not limited to Toyota Motor Corporation, of which Biller has knowledge

2    through his employment as an attorney by Toyota and legal representation of Toyota; and

3            (e)     Disclosing any other confidential communications, documents, materials or

4    information, written or verbal, protected by California Business and Professions Code section

5    6068(e)(1) and/or the attorney-client privilege regarding the business affairs of Toyota and/or

6    companies affiliated with Toyota, including but not limited to Toyota Motor Corporation, of which

7    Biller has knowledge through his employment as an attorney by Toyota and legal representation of

8    Toyota.

9            This Order to Show Cause and supporting papers must be served on Defendant no

10    later than _11/07/08_ ~~court days before the hearing~~ and proof of service shall be filed no later

11    than _11/14/08_ ~~court days before the hearing.~~ Any response or opposition to this Order to

12    Show Cause must be filed and personally served on Plaintiff's counsel no later than

13    _February 19, 2009._ ~~court days before the date set for the hearing and proof of service shall be filed no~~

14    ~~later than _____ court days before the hearing.~~ _Any reply papers must be_

15    _filed and personally served by March 12, 2009_

16

17    Dated: _November 7_, 2008

18                                  JUDGE OF THE SUPERIOR COURT

19    Firmwide:87346209.1 013186.1090                         JOHN L. SEGAL

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

                                 3.

TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/14/09 | | DEPT. WEO |
|---|---|---|
| HONORABLE JOHN L. SEGAL | JUDGE | ELMA MORA    DEPUTY CLERK |
| | | AVA FRASER    CRT ASST |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE    Deputy Sheriff | | NONE    Reporter |

| 8:30 am | SC100501 | Plaintiff |  |
| | | Counsel | no appearances |
| | TOYOTA MOTOR SALES,U.S.A.,INC. | | |
| | VS | Defendant | |
| | DIMITRIOS P. BILLER | Counsel | |

**NATURE OF PROCEEDINGS:**

The court now rules on the motions argued and taken
under submission on January 14, 2009 as follows:

### RULING ON SUBMITTED MATTERS

BILLER'S MOTION FOR LEAVE TO FILE A CROSS-COMPLAINT

- Granted.  The cross-complaint is deemed filed and
served as of this date.

TOYOTA'S MOTION TO COMPEL ARBITRATION

    Toyota moves to compel arbitration of its
claims against Biller, and Biller's claims against
Toyota, and to stay this action.  See Notice of
Motion, 1:4-13.  The motion is granted.

    On petition of a party to an arbitration
agreement alleging the existence of a written
agreement to arbitrate a controversy and that a
party thereto refuses to arbitrate such controversy,
the court shall order the petitioner and the
respondent to arbitrate the controversy if it
determines that an agreement to arbitrate the
controversy exists, unless it determines that:

(a)  The right to compel arbitration has been waived
by the petitioner; or

MINUTES ENTERED
01/14/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/14/09 | | DEPT. WEO |
|---|---|---|
| HONORABLE JOHN L. SEGAL | JUDGE | ELMA MORA — DEPUTY CLERK |
| | | AVA FRASER — CRT ASST |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE — Reporter |

| 8:30 am | SC100501 | Plaintiff Counsel | |
|---|---|---|---|
| | TOYOTA MOTOR SALES,U.S.A.,INC. | | no appearances |
| | VS | Defendant | |
| | DIMITRIOS P. BILLER | Counsel | |

**NATURE OF PROCEEDINGS:**

(b)  Grounds exist for the revocation of the agreement.

(c)  A party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact.
Code Civ. Proc. § 1281.2.

The petition must also set forth the written agreement and the arbitration provision verbatim, or a copy of the agreement should be attached.  Rule 3.1330, California Rules of Court.    "[W]hen a petition to compel arbitration is filed and accompanied by prima facie evidence of a written agreement to arbitrate the controversy, the court itself must determine whether the agreement exists and, if any defense to its enforcement is raised, whether it is enforceable."  Rosenthal v. Great Western Fin. Securities Corp., 14 Cal. 4th 394, 412-13 (1996); see Brown v. Wells Fargo Bank N.A., 168 Cal. App. 4th 938 (2008); Provencio v. WMA Securities, Inc., 125 Cal. App. 4th 1028, 1030 1031 (2005); Engalla v. Permanente Medical Group, Inc., 15 Cal. 4th 951, 972 (1997).  The issues of the existence and validity of an arbitration agreement are to be resolved by the trial court in the manner provided for the hearing and decision of motions, either on the basis of affidavits or declarations

Page   2 of   13    DEPT. WEO

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09

DEPT. WEO

HONORABLE  JOHN L. SEGAL                                    JUDGE

ELMA MORA
AVA FRASER

DEPUTY CLERK
CRT ASST
ELECTRONIC RECORDING MONITOR

HONORABLE                                              JUDGE PRO TEM

NONE                          Deputy Sheriff

NONE

Reporter

8:30 am  SC100501

TOYOTA MOTOR SALES,U.S.A.,INC.
VS
DIMITRIOS P. BILLER

Plaintiff
Counsel

Defendant
Counsel

no appearances

NATURE OF PROCEEDINGS:

or, in the exercise of the court's discretion where
necessary to resolve material conflicts in the
written evidence, upon live testimony.  Rosenthal,
14 Cal. 4th at 402.  The scope of an arbitration
agreement is a matter of agreement between the
parties.  Cable Connection, Inc. v. DIRECTV, Inc.,
44 Cal. 4th 1334, 1355 (2008).

    Here, Toyota asserts, and Biller agrees, that a
Severance Agreement between the parties contains an
"Agreement to Arbitrate."  See Biller Decl., Exh. 4,
§ 6.1.  The arbitration provision provides:

    The Parties agree that the resolution of
certain disputes shall be conducted exclusively
through binding arbitration as set forth herein.
The disputes for which arbitration is the exclusive
remedy, include, but are not limited to: (1) all
known and unknown claims which Associate may have
against TMS or any other Releasee which arose at or
prior to the date this Agreement is signed and is
not extinguished by this Agreement, if any; (2) all
known and unknown claims Associate may have against
TMS or any other Releasee that in any way relate to
the subject matter, interpretation, application, or
alleged breach of this Agreement arising at any time
prior to, concurrently with or subsequent to
Associate's signing this Agreement; and (3) any
known or unknown claims that Associate may have
against TMS or any other Releasee which arise at any
time after Associate signs this Agreement as well as

Page   3 of  13    DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/14/09 | | | DEPT. WEO |
|---|---|---|---|
| HONORABLE JOHN L. SEGAL | JUDGE | ELMA MORA<br>AVA FRASER | DEPUTY CLERK<br>CRT ASST |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | SC100501 | Plaintiff<br>Counsel | no appearances |
|---|---|---|---|
| | TOYOTA MOTOR SALES,U.S.A.,INC.<br>VS<br>DIMITRIOS P. BILLER | Defendant<br>Counsel | |

**NATURE OF PROCEEDINGS:**

the arbitrability of any dispute (collectively,
"Arbitrable Claims").  This agreement to arbitrate
does not preclude either party from seeking
injunctive relief in court.  Id.

     The question is whether the dispute between the
parties (this action) presents a controversy that
the parties agreed to arbitrate.  Generally, the
court decides what issues are subject to
arbitration.  Engineers & Architects Ass'n v.
Community Dev. Dep't, 30 Cal. App. 4th 644, 653
(1994).  The question of whether the parties have
agreed to arbitrate, the scope of the claims they
have agreed to arbitrate, the methods by which the
arbitration is to be conducted, and the remedies
available to the arbitrator all depend upon the
terms of the agreement between the parties.
Broughton v. Cigna Healthplans, 21 Cal. 4th 1066,
1105 (1999); see Giuliano v. Inland Empire
Personnel, Inc., 149 Cal. App. 4th 1276, 1284 (2007)
(right to arbitration depends upon contract; a
petition to compel arbitration is simply a suit in
equity seeking specific performance of that
contract).  All contracts are interpreted by the
same rules, by giving effect to the mutual intent of
the parties as it existed at the time of
contracting.  See Civ. Code §§ 1635-1636.  The
contract is viewed as a whole, giving effect to
every part.  Id., § 1641  Where it is clear and
explicit, the language of the contract governs, and
where reduced to a writing, the intent of the

Page  4 of  13    DEPT. WEO

| MINUTES ENTERED |
|---|
| 01/14/09 |
| COUNTY CLERK |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/14/09 | | DEPT. WEO |
|---|---|---|
| HONORABLE JOHN L. SEGAL    JUDGE | ELMA MORA<br>AVA FRASER | DEPUTY CLERK<br>CRT ASST |
| HONORABLE    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE    Deputy Sheriff | NONE | Reporter |

| 8:30 am | SC100501 | Plaintiff | |
|---|---|---|---|
| | | Counsel | no appearances |
| | TOYOTA MOTOR SALES,U.S.A.,INC.<br>VS<br>DIMITRIOS P. BILLER | Defendant<br>Counsel | |

**NATURE OF PROCEEDINGS:**

parties is to be ascertained from the writing alone.
Id., §§ 1638-1639.

Here, the arbitration clause is contained in
the Severance Agreement. Biller Decl., Exh. 4, §
6.1. The Severance Agreement settled Biller's
employment discrimination claims against Toyota for
wages of $455,320, non-wages of $2,294,680, and
attorney fees of $950,000. Id., §§ 2.1-2.3. The
arbitration clause provides that "the resolution of
certain disputes shall be conducted exclusively
through binding arbitration as set forth herein,"
and then identifies three categories of claims
subject to arbitration: (1) claims by Biller
against Toyota (and related entities) which arose
prior the Severance Agreement, (2) claims by Biller
against Toyota relating to the subject matter of the
Severance Agreement, and (3) claims by Biller which
arise after execution of the agreement. The
arbitration provision does not apply to any claims
by Toyota against Biller. Perhaps Toyota wanted it
that way, or perhaps Toyota did not anticipate that
it would be bringing any claims against Biller. The
fact remains, however, that Toyota's claims against
Biller in this action there not covered by the
arbitration agreement.

Toyota relies on the last clause of the third
category of claims by Biller against Toyota (future
claims), which states "as well as the arbitrability
of any dispute (collectively, 'Arbitrable

Page    5 of  13    DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/14/09 | | DEPT. WEO |
|---|---|---|
| HONORABLE JOHN L. SEGAL | JUDGE | ELMA MORA |
| | | AVA FRASER |
| HONORABLE | JUDGE PRO TEM | |
| NONE | Deputy Sheriff | NONE |

DEPUTY CLERK   CRT ASST
ELECTRONIC RECORDING MONITOR
Reporter

| 8:30 am | SC100501 | Plaintiff Counsel | |
| | TOYOTA MOTOR SALES,U.S.A.,INC. | | no appearances |
| | VS | Defendant | |
| | DIMITRIOS P. BILLER | Counsel | |

**NATURE OF PROCEEDINGS:**

Claims.').**"**  Toyota argues that "the arbitrability
of any dispute between the parties is, in and of
itself, an 'Arbitrable Claim' under the parties'
agreement . . . ."  Memorandum of Points and
Authorities in Support of Motion to Compel
Arbitration, 6:16-18 (emphasis in original).
Toyota's proposed interpretation of Section 6.1 is
not persuasive.  This clause refers to arbitrability
of Toyota's claims described in Paragraph 6.1.
Toyota's over-zealous use of ellipses and italics
suggests that the arbitration agreement applies to
the arbitrability of Biller's claims.  See id. 6:13-
15 ("The disputes for which arbitration is the
exclusive remedy, include, but are not limited to:
(1) . . .; (2) . . .; and (3) . . . as well as the
arbitrability of any dispute (collectively,
'Arbitrable Claims'). . . .) (italics in original).
The phrase "as well as the arbitrability of any
dispute" modifies, at a minimum, category (3),
future claims, or at most, all three categories of
Section 6.1, Biller's claims against Toyota.  The
parties could have drafted Section 6.1 require an
arbitrator to determine Biller's claims against
Toyota and the arbitrability of Biller's claims
against Toyota and Toyota's claims against Biller,
but they did not.  There is no (4).

Although the (lack of) arbitrability of
Toyota's complaint is fairly obvious to the court,
under California law it is not for the court in the
first instance to decide the issue of arbitrability

Page   6 of  13   DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | DEPT. WEO |
|---|---|---|---|
| DATE: 01/14/09 | | | |
| HONORABLE JOHN L. SEGAL | JUDGE | ELMA MORA<br>AVA FRASER | DEPUTY CLERK<br>CRT ASST |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | SC100501 | Plaintiff<br>Counsel | |
| | TOYOTA MOTOR SALES,U.S.A.,INC.<br>VS<br>DIMITRIOS P. BILLER | | no appearances |
| | | Defendant<br>Counsel | |

**NATURE OF PROCEEDINGS:**

under the parties' agreement. Paragraph 6.2 of the
Severance Agreement, entitled "Arbitration Rules and
Procedures," provides that the "arbitration shall be
held in accordance with the rules and regulations of
Judicial Arbitration and Mediation Services (JAMS)
pertaining to employment disputes." Biller Decl.,
Exh. 4, ¶ 6.2. Paragraph 6.2 also provides that
"the arbitration shall be final and biding upon the
Parties ands shall be the exclusive remedy for all
Arbitrable Claims." Id. Rule 11(c) of the JAMS
Employment Arbitration Rules & Procedures provides:
"Jurisdictional and arbitrability disputes,
including disputes over the existence, validity,
interpretation or scope of the agreement under which
Arbitration is sought, and who are proper Parties to
the Arbitration, shall be submitted to and ruled on
by the Arbitrator. Unless the relevant law requires
otherwise, the Arbitrator has the authority to
determine jurisdiction and arbitrability issues as a
preliminary matter." Carlson Decl., ¶ 16, Exh. 5, ¶
11.

California law does not require otherwise. To
the contrary, California law requires that where, as
here, the parties have agreed to arbitration in
accordance with rules like Rule 11(c), the issue of
arbitrability is for the arbitrator. See Bruni v.
Dixon, 160 Cal. App. 4th 1272, 1287-88 (2008);
Rodriguez v. American Technologies, Inc., 136 Cal.
App. 4th 1111, 1123 (2006) (arbitrability is for AAA
arbitrator where rule states that the "arbitrator

Page    7 of  13    DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09

DEPT. WEO

HONORABLE **JOHN L. SEGAL** JUDGE

ELMA MORA
AVA FRASER

DEPUTY CLERK
CRT ASST
ELECTRONIC RECORDING MONITOR

HONORABLE                          JUDGE PRO TEM

NONE    Deputy Sheriff

NONE

Reporter

| | | | |
|---|---|---|---|
| 8:30 am | SC100501 | Plaintiff Counsel | no appearances |
| | TOYOTA MOTOR SALES,U.S.A.,INC. VS DIMITRIOS P. BILLER | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

shall have the power to rule on his or her own
jurisdiction, including any objections with respect
to the existence, scope or validity of the
arbitration agreement") (emphasis omitted); <u>Dream
Theater, Inc. v. Dream Theater</u>, 124 Cal. App. 4th
547, 556-57 (2004) (same language).

---
1
    There is one unpublished case to the contary.

    The motion to compel arbitration is granted.
The arbitrability of the claims in Biller's
cross-complaint is also fairly obvious to the court.
And the court specifically finds that the
arbitration agreement is neither substantively nor
procedurally unconscionable, despite the fact that
it is a one-way arbitration agreement.
Nevertheless, although the court believes the
question is not a close one, the issue of
arbitrability of the claims in Biller's
cross-complaint is also one for the arbitrator.  The
action is stayed pending the arbitration.  The
stipulated restraining order remains in effect.

BILLER'S MOTION FOR SANCTIONS - Denied.

BILLER'S MOTION TO COMPEL DEPOSITIONS - Denied
without prejudice.  The complaint is stayed.  The
cross-complaint is subject to arbitration.

Page   8 of  13    DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 01/14/09 | | | DEPT. WEO |
| HONORABLE JOHN L. SEGAL | JUDGE | ELMA MORA<br>AVA FRASER | DEPUTY CLERK<br>CRT ASST |
| HONORABLE | JUDGE PRO TEM | . | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | SC100501<br><br>TOYOTA MOTOR SALES,U.S.A.,INC.<br>VS<br>DIMITRIOS P. BILLER | Plaintiff<br>Counsel<br>Defendant<br>Counsel | no appearances |

**NATURE OF PROCEEDINGS:**

TOYOTA'S APPLICATIONS TO SEAL

    Toyota has filed dozens if not hundreds of individual applications to seal various exhibits, individual pages, excepts, and isolated paragraphs of individual pages, many of which the court has already ruled on and on which Toyota asks the court to rule again. The volume and format of the requests make it virtually impossible for the court to make consistent and accurate rulings, and completely impossible to seal any appropriate portions of the file pursuant to Rule 2.550. The court has considered and weighed all of the factors in Rule 2.550, makes all the required findings in Rule 2.550(d), expressly, and has done its best.

    Applications to seal in connection with Biller's motion for leave to file a cross- complaint

    Biller's memorandum of points and authorities, 5:10-22 - Denied.
    Biller's memorandum of points and authorities, 9:13-20 - Granted.
    Biller's memorandum of points and authorities, 10:24-11:6 - Granted.
    Settlement Agreement - Denied.
    Draft Settlement Agreement - Denied.
    Severance Agreement - Granted as to Paragraph 4.7 and otherwise denied.
    Draft Severance Agreement - Granted as to

Page   9 of  13    DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09

DEPT. WEO

HONORABLE JOHN L. SEGAL        JUDGE     ELMA MORA        DEPUTY CLERK
                                         AVA FRASER       CRT ASST
HONORABLE                 JUDGE PRO TEM                   ELECTRONIC RECORDING MONITOR

        NONE          Deputy Sheriff   NONE              Reporter

8:30 am SC100501                       Plaintiff
                                       Counsel
        TOYOTA MOTOR SALES,U.S.A.,INC.           no appearances
        VS                             Defendant
        DIMITRIOS P. BILLER            Counsel

NATURE OF PROCEEDINGS:

        Paragraph 4.7 and otherwise denied.
        05/06/08 letter from Carlson to Casselman -
        Denied.
        12/04/06 letter from Tinto to Biller - Granted.
        04/03/06 letter from Reynolds to Biller -
        Denied without prejudice (who is Reynolds?)
        Original cross-complaint, Exh. 5, fifth page,
        bottom paragraph - Granted.
        LTD website - Denied.  The court cannot seal a
        website.
        Exh. 5 to Biller's original cross-complaint, p.
        8, slide 1 - Granted.
        Exh. 5 to Biller's original cross-complaint, p.
        8, slide 2 - Granted.
        Exh. 5 to Biller's original cross-complaint, p.
        15, slide 3 - Granted.
        Carlson Decl., ¶ 3 - Denied.

        Applications to seal in connection with
        Toyota's motion to compel arbitration

        Biller's Opposition, 17:8-12 - Denied.
        Biller Decl., 2:13-21 - Granted as to "Toyota
        needed" and otherwise denied.
        Biller Decl., 3:8-20 - Granted.
        Biller Decl., 3:21-22 - Denied.
        Biller Decl., 3:23-4:5 - Granted.
        Biller Decl., 4:6-21 - Granted.
        Biller Decl., 4:7 - Denied.
        Biller Decl., 5:5-8 Denied as to Biller's
        emotional breakdown, and otherwise granted.

                Page  10 of  13    DEPT. WEO

                                              MINUTES ENTERED
                                              01/14/09
                                              COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 01/14/09 | DEPT. WEO |

| | | |
|---|---|---|
| HONORABLE JOHN L. SEGAL | JUDGE | ELMA MORA |
| | | AVA FRASER |
| HONORABLE | JUDGE PRO TEM | |
| NONE | Deputy Sheriff | NONE |

| | |
|---|---|
| DEPUTY CLERK | CRT ASST |
| ELECTRONIC RECORDING MONITOR | |
| | Reporter |

8:30 am SC100501

TOYOTA MOTOR SALES,U.S.A.,INC.
VS
DIMITRIOS P. BILLER

Plaintiff
Counsel        no appearances
Defendant
Counsel

**NATURE OF PROCEEDINGS:**

> Biller Decl., 5:20-6:4 - Granted.
> Biller Decl., 6:5-12 - Granted.
> Biller Decl., 6:14-15 - Granted.
> Biller Decl., 10:3-6 - Denied.
> Biller Decl., 10:19-20 - Denied.
> Biller Decl., 11:1-4 - Denied.
> Biller Decl., 11:7-11 - Denied.
> Biller Decl., 12:9-16 - Denied.
> Biller Decl., 14:9-12 - Denied.
> Biller's Opposition, 6:4-19 - Granted.
> Biller's Opposition, 7:1-2 - Granted.
> Biller's Opposition, 7:5-8 - Denied.
> Biller's Opposition, 8:9-23 - Denied.
> Biller's Opposition, 11:4-6 - Denied.
> Biller's Opposition, 13:4-12 - Denied.
> Biller's Opposition, 14:21-15:1- Denied.
> 08/30/07 email from to Carlson - Granted.
> Biller Decl., Exh. 6 - Denied.
> Biller Decl., Exh. 7 - Denied.
> Biller Decl., Exh. 8 - Denied.
> Biller Decl., Exh. 9 -  Denied.
> Biller Decl., Exh. 10 - Denied.
> Rudnick Decl., Exh. 2 - Granted.
>
> Applications to seal in connection with
> Biller's motion for sanctions
>
> Biller Dec., 5:21-6:16 - Granted as to the
> second and third sentences and otherwise denied.
> 08/30/07 email from to Carlson - Granted.
> Severance Agreement - Denied.

Page  11 of  13    DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/14/09 | | DEPT. WEO |
|---|---|---|
| HONORABLE JOHN L. SEGAL    JUDGE | ELMA MORA<br>AVA FRASER | DEPUTY CLERK<br>CRT ASST |
| HONORABLE    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE    Deputy Sheriff | NONE | Reporter |

| 8:30 am | SC100501 | Plaintiff<br>Counsel | no appearances |
| | TOYOTA MOTOR SALES,U.S.A.,INC.<br>VS<br>DIMITRIOS P. BILLER | Defendant<br>Counsel | |

**NATURE OF PROCEEDINGS:**

    Draft Severance Agreement - Denied.
    04/03/06 letter from Reynolds to Biller -
    Denied without prejudice
    Biller Decl., Exh. - Granted.
    Biller's opposition to motion to compel
    arbitration - see above.
    Biller's memorandum of points and authorities
    in support of ex parte application for
    commissions - Granted.
    Biller Decl., Exh. 9 - Granted.
    05/06/08 letter from Carlson to Casselman - see
    above.

    Applications to seal in connection with
Biller's motion to compel depositions

    Biller's memorandum of points and authorities
    in support of motion for leave to file a
    cross-complaint - see above.
    Settlement Agreement - see above.
    Severance Agreement - see above.
    Carlson Decl., ¶ 3 - see above.
    05/06/08 letter from Carlson to Casselman - see
    above.
    12/04/06 letter from Tinto to Biller - see
    above.

NOTICE
Clerk to give notice via U.S. Mail.

        CLERK'S CERTIFICATE OF MAILING/

        Page 12 of 13    DEPT. WEO

                MINUTES ENTERED
                01/14/09
                COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | DEPT. WEO |
|---|---|---|
| DATE: 01/14/09 | | |
| HONORABLE JOHN L. SEGAL    JUDGE | ELMA MORA | DEPUTY CLERK |
| | AVA FRASER | CRT ASST |
| HONORABLE          JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE          Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 8:30 am | SC100501 | Plaintiff Counsel |
| | TOYOTA MOTOR SALES,U.S.A.,INC. VS DIMITRIOS P. BILLER | Defendant Counsel |

no appearances

**NATURE OF PROCEEDINGS:**

### NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 01/14/09 upon each party or counsel named below by depositing in the United States mail at the courthouse in Santa Monica, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: January 14, 2009

John A. Clarke, Executive Officer/Clerk

By: _____
         ELMA MORA

ALAN B. CARLSON
ATTORNEY FOR PLAINTIFF
2050 MAIN STREET
SUITE 900
IRVINE, CA  92614

DIMITRIOS P. BILLER
DEFENDANT & DEFENDANT IN PRO PER
906 KAGAWA STREET
PACIFIC PALISADES, CA  90272

Page  13 of  13    DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| DIMITRIOS P. BILLER,<br><br>            Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES,<br><br>            Respondent; | B214638<br><br>(Super. Ct. No. SC100501)<br><br>(John L. Segal, Judge) |
| TOYOTA MOTOR SALES, U.S.A., INC.,<br><br>            Real Party in Interest. | **ORDER** |

COURT OF APPEAL - SECOND DIST.

**F I L E D**

MAY 1 3 2009

JOSEPH A. LANE     Clerk

C. HON

Deputy Clerk

THE COURT:

We have read and considered the petition for writ of mandate and application to seal records filed on March 17, 2009.

Petitioner has failed to demonstrate entitlement to extraordinary relief. Accordingly, the petition is denied.

We need not rule on petitioner's application to seal records because records ordered sealed by the trial court are automatically sealed in this court. (Cal. Rules of Court, rule 8.160(c).)

FLIER, Acting P.J.         BIGELOW, J.         BAUER, J.*

* Judge of the Orange Superior Court, assigned by the Chief Justice pursuant to article VI, section 6, of the California Constitution.

Fermin Humberto Llaguno
Littler Mendelson
2050 Main Street
Suite 900
Irvine, CA 92614


Case Number B214638
Division 8

DIMITRIOS P. BILLER,
Petitioner,
v.
SUPERIOR COURT LOS ANGELES COUNTY et al.,
Respondents;
TOYOTA MOTOR SALES, USA, INC,
Real Party in Interest.