MORGAN, LEWIS & BOCKIUS LLP
DAVID L. SCHRADER, State Bar No. 149638
CHRISTINA L. SEIN, State Bar No. 229094
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501
Email: dschrader@morganlewis.com
        csein@morganlewis.com

Attorneys for Defendant
TOYOTA MOTOR SALES, U.S.A., INC.

FILED

2009 AUG 19 AM 11:00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRIOS P. BILLER; LITIGATION DISCOVERY & TRIAL CONSULTING, INC., a California corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> TOYOTA MOTOR CORPORATION, et al. <br><br> Defendants. | Case No. CV-09-5429 GHK (RZx) <br><br> HON. GEORGE H. KING <br><br> Magistrate Judge Ralph Zarefsky <br><br> **DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO SEAL THE COMPLAINT AND ITS EXHIBITS** <br><br> [Filed Manually and Concurrently with Proposed Motion to Seal, *Ex Parte* Application and its supporting documents, Declaration of E. Taira, and Proposed Order] <br><br> Date:  TBD <br> Time:  TBD <br> Ctrm:  TBD <br><br> Complaint Filed:  July 24, 2009 |

/ / /

/ / /

/ / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21274733.1

In accordance with Federal Rule of Evidence 201, defendant Toyota Motor Sales, U.S.A., Inc. ("TMS") respectfully requests that this Court take judicial notice of each of the exhibits accompanying this Request for Judicial Notice in support of its Motion to Seal, filed herewith.

Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes taking judicial notice of legal proceedings and public records related to legal proceedings in federal and state courts. *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F. 2d 244, 248 (9th Cir. 1992); *Rose v. Beverly Health and Rehab. Servs., Inc.*, 356 B.R. 18, 23 (E.D. Cal. 2006). Because the litigation history of the parties in general, and as regards the claims involved in this action, is relevant to the issues addressed in the Motion to Seal, the Court should take notice of the following state court proceeding, *Toyota Motor Sales, U.S.A., Inc. v. Biller*, California Superior Court, Los Angeles County, Case No. SC100501 and its orders:

1. Attached hereto as Exhibit 1 is a true and correct copy of the Superior Court's Temporary Restraining Order ("TRO").

2. Attached hereto as Exhibit 2 is a true and correct copy of the Superior Court's January 14, 2009 Minute Order.

3. Attached hereto as Exhibit 3 is a true and correct copy of the Superior Court's August 14, 2009 Minute Order

Dated:    August 18, 2009

MORGAN, LEWIS & BOCKIUS LLP

By _____
David L. Schrader
Attorneys for Defendant
TOYOTA MOTOR SALES, U.S.A.,
INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21274733.1

REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF TMS'S MOTION TO SEAL

1   ALAN B. CARLSON, Bar No. 055090
    FERMIN H. LLAGUNO, Bar No. 185222
2   LITTLER MENDELSON
    A Professional Corporation
3   2050 Main Street
    Suite 900
4   Irvine, CA 92614
    Telephone:   949.705.3000
5   Fax No.:     949.724.1201

6   Attorneys for Plaintiff
    TOYOTA MOTOR SALES, U.S.A., INC.

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10                          WEST DISTRICT

11  TOYOTA MOTOR SALES, U.S.A., INC.,          Case No.

12                 Plaintiff,

13        v.                                   **TEMPORARY RESTRAINING ORDER
                                               AND ORDER TO SHOW CAUSE RE:**
14  DIMITRIOS P. BILLER, and DOES 1            **PRELIMINARY INJUNCTION**
    through 10, inclusive,
15
                   Defendant.
16

17
            TO DEFENDANT DIMITRIOS P. BILLER ("BILLER"):
18
            YOU ARE HEREBY ORDERED TO SHOW CAUSE at _____ a.m./p.m., on
19
    March 19 , 2009, or as soon thereafter as counsel may be heard, in Department  O
20
    of the Superior Court of the State of California, Santa Monica Courthouse, 1725 Main Street, Santa
21
    Monica, CA 90401, why you should not be restrained and enjoined, pending an arbitration in this
22
    action pursuant to an existing agreement between the parties, from:
23
                   (a)     Disclosing, directly or indirectly, in any manner any confidential attorney-
24
    client communications, written or verbal, between Biller and Toyota;
25
                   (b)     Disclosing, directly or indirectly, in any manner any confidential attorney-
26
    client communications, written or verbal, between attorneys within Toyota's Legal Services Group
27

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

---

TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

EXHIBIT 1
PAGE 2

1    of which Biller has knowledge through his employment as an attorney by Toyota and legal

2    representation of Toyota;

3           (c)    Disclosing, directly or indirectly, in any manner any confidential documents,

4    materials or information, written or verbal, regarding the business affairs of Toyota of which Biller

5    has knowledge through his employment as an attorney by Toyota and legal representation of Toyota;

6           (d)    Disclosing, directly or indirectly, in any manner any confidential documents,

7    materials or information, written or verbal, regarding the business affairs of companies affiliated

8    with Toyota, including but not limited to Toyota Motor Corporation, of which Biller has knowledge

9    through his employment as an attorney by Toyota and legal representation of Toyota; and

10          (e)    Disclosing any other confidential communications, documents, materials or

11   information, written or verbal, protected by California Business and Professions Code section

12   6068(e)(1) and/or the attorney-client privilege regarding the business affairs of Toyota and/or

13   companies affiliated with Toyota, including but not limited to Toyota Motor Corporation, of which

14   Biller has knowledge through his employment as an attorney by Toyota and legal representation of

15   Toyota.

16          PENDING HEARING on the above Order to Show Cause, YOU ARE HEREBY

17   RESTRAINED AND ENJOINED from:

18          (a)    Disclosing, directly or indirectly, in any manner any confidential attorney-

19   client communications, written or verbal, between Biller and Toyota;

20          (b)    Disclosing, directly or indirectly, in any manner any confidential attorney-

21   client communications, written or verbal, between attorneys within Toyota's Legal Services Group

22   of which Biller has knowledge through his employment as an attorney by Toyota and legal

23   representation of Toyota;

24          (c)    Disclosing, directly or indirectly, in any manner any confidential documents,

25   materials or information, written or verbal, regarding the business affairs of Toyota of which Biller

26   has knowledge through his employment as an attorney by Toyota and legal representation of Toyota;

27          (d)    Disclosing, directly or indirectly, in any manner any confidential documents,

28   materials or information, written or verbal, regarding the business affairs of companies affiliated

2.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA  92614
949 705.3000

EXHIBIT 1

PAGE 3

1  with Toyota, including but not limited to Toyota Motor Corporation, of which Biller has knowledge

2  through his employment as an attorney by Toyota and legal representation of Toyota; and

3          (e)    Disclosing any other confidential communications, documents, materials or

4  information, written or verbal, protected by California Business and Professions Code section

5  6068(e)(1) and/or the attorney-client privilege regarding the business affairs of Toyota and/or

6  companies affiliated with Toyota, including but not limited to Toyota Motor Corporation, of which

7  Biller has knowledge through his employment as an attorney by Toyota and legal representation of

8  Toyota.

9          This Order to Show Cause and supporting papers must be served on Defendant no

10  later than _11/07/08_ ~~court days before the hearing~~ and proof of service shall be filed no later

11  than _11/14/08_ ~~court days before the hearing.~~ Any response or opposition to this Order to

12  Show Cause must be filed and personally served on Plaintiff's counsel no later than

13  _February 19, 2009._ ~~court days before the date set for the hearing and proof of service shall be filed no~~

14  ~~later than_____ court days before the hearing.~~ *Any reply papers must be*

15  *filed and personally served by March 12, 2009*

16

17  Dated: _November 7_, 2008

18                             JUDGE OF THE SUPERIOR COURT

19  Firmwide:87346209.1 013186.1090                        JOHN L. SEGAL

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

3.

TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

EXHIBIT ___1___
PAGE ___4___

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/14/09 | | DEPT. WEO |
|---|---|---|
| HONORABLE JOHN L. SEGAL    JUDGE | ELMA MORA<br>AVA FRASER | DEPUTY CLERK<br>CRT ASST |
| HONORABLE    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE    Deputy Sheriff | NONE | Reporter |

| 8:30 am | SC100501 | Plaintiff<br>Counsel | no appearances |
|---|---|---|---|
| | TOYOTA MOTOR SALES,U.S.A.,INC.<br>VS<br>DIMITRIOS P. BILLER | Defendant<br>Counsel | |

**NATURE OF PROCEEDINGS:**

The court now rules on the motions argued and taken under submission on January 14, 2009 as follows:

### RULING ON SUBMITTED MATTERS

BILLER'S MOTION FOR LEAVE TO FILE A CROSS-COMPLAINT

- Granted.  The cross-complaint is deemed filed and served as of this date.

TOYOTA'S MOTION TO COMPEL ARBITRATION

　　Toyota moves to compel arbitration of its claims against Biller, and Biller's claims against Toyota, and to stay this action.  See Notice of Motion, 1:4-13.  The motion is granted.

　　On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that:

(a)  The right to compel arbitration has been waived by the petitioner; or

Page    1 of  13    DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

EXHIBIT 2
PAGE 5

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 01/14/09 | DEPT. WEO |
| HONORABLE JOHN L. SEGAL     JUDGE | ELMA MORA     DEPUTY CLERK |
| | AVA FRASER     CRT ASST |
| HONORABLE     JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE     Deputy Sheriff | NONE     Reporter |

| | | |
|---|---|---|
| 8:30 am | SC100501 | Plaintiff Counsel |
| | TOYOTA MOTOR SALES,U.S.A.,INC. | no appearances |
| | VS | Defendant |
| | DIMITRIOS P. BILLER | Counsel |

**NATURE OF PROCEEDINGS:**

(b)  Grounds exist for the revocation of the agreement.

(c)  A party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact.
Code Civ. Proc. § 1281.2.

The petition must also set forth the written agreement and the arbitration provision verbatim, or a copy of the agreement should be attached.  Rule 3.1330, California Rules of Court.    "[W]hen a petition to compel arbitration is filed and accompanied by prima facie evidence of a written agreement to arbitrate the controversy, the court itself must determine whether the agreement exists and, if any defense to its enforcement is raised, whether it is enforceable."  Rosenthal v. Great Western Fin. Securities Corp., 14 Cal. 4th 394, 412-13 (1996); see Brown v. Wells Fargo Bank N.A., 168 Cal. App. 4th 938 (2008); Provencio v. WMA Securities, Inc., 125 Cal. App. 4th 1028, 1030 1031 (2005); Engalla v. Permanente Medical Group, Inc., 15 Cal. 4th 951, 972 (1997).  The issues of the existence and validity of an arbitration agreement are to be resolved by the trial court in the manner provided for the hearing and decision of motions, either on the basis of affidavits or declarations

Page    2 of  13    DEPT. WEO

| MINUTES ENTERED |
|---|
| 01/14/09 |
| COUNTY CLERK |

EXHIBIT __2__

PAGE __6__

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 01/14/09 | | DEPT. WEO |
| HONORABLE JOHN L. SEGAL    JUDGE | ELMA MORA<br>AVA FRASER | DEPUTY CLERK<br>CRT ASST |
| HONORABLE    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE    Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 8:30 am | SC100501 | Plaintiff<br>Counsel |
| | TOYOTA MOTOR SALES,U.S.A.,INC.<br>VS<br>DIMITRIOS P. BILLER | Defendant<br>Counsel |

no appearances

**NATURE OF PROCEEDINGS:**

or, in the exercise of the court's discretion where
necessary to resolve material conflicts in the
written evidence, upon live testimony.  Rosenthal,
14 Cal. 4th at 402.  The scope of an arbitration
agreement is a matter of agreement between the
parties.  Cable Connection, Inc. v. DIRECTV, Inc.,
44 Cal. 4th 1334, 1355 (2008).

Here, Toyota asserts, and Biller agrees, that a
Severance Agreement between the parties contains an
"Agreement to Arbitrate."  See Biller Decl., Exh. 4,
§ 6.1.  The arbitration provision provides:

The Parties agree that the resolution of
certain disputes shall be conducted exclusively
through binding arbitration as set forth herein.
The disputes for which arbitration is the exclusive
remedy, include, but are not limited to: (1) all
known and unknown claims which Associate may have
against TMS or any other Releasee which arose at or
prior to the date this Agreement is signed and is
not extinguished by this Agreement, if any; (2) all
known and unknown claims Associate may have against
TMS or any other Releasee that in any way relate to
the subject matter, interpretation, application, or
alleged breach of this Agreement arising at any time
prior to, concurrently with or subsequent to
Associate's signing this Agreement; and (3) any
known or unknown claims that Associate may have
against TMS or any other Releasee which arise at any
time after Associate signs this Agreement as well as

Page   3 of  13   DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

EXHIBIT  2
PAGE  7

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 01/14/09 | | DEPT. WEO |
| HONORABLE JOHN L. SEGAL   JUDGE | ELMA MORA<br>AVA FRASER | DEPUTY CLERK<br>CRT ASST |
| HONORABLE   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE   Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 8:30 am | SC100501 | Plaintiff<br>Counsel |
| | TOYOTA MOTOR SALES,U.S.A.,INC. | no appearances |
| | VS | Defendant |
| | DIMITRIOS P. BILLER | Counsel |

**NATURE OF PROCEEDINGS:**

the arbitrability of any dispute (collectively,
"Arbitrable Claims").  This agreement to arbitrate
does not preclude either party from seeking
injunctive relief in court.  Id.

    The question is whether the dispute between the
parties (this action) presents a controversy that
the parties agreed to arbitrate.  Generally, the
court decides what issues are subject to
arbitration.  Engineers & Architects Ass'n v.
Community Dev. Dep't, 30 Cal. App. 4th 644, 653
(1994).  The question of whether the parties have
agreed to arbitrate, the scope of the claims they
have agreed to arbitrate, the methods by which the
arbitration is to be conducted, and the remedies
available to the arbitrator all depend upon the
terms of the agreement between the parties.
Broughton v. Cigna Healthplans, 21 Cal. 4th 1066,
1105 (1999); see Giuliano v. Inland Empire
Personnel, Inc., 149 Cal. App. 4th 1276, 1284 (2007)
(right to arbitration depends upon contract; a
petition to compel arbitration is simply a suit in
equity seeking specific performance of that
contract).  All contracts are interpreted by the
same rules, by giving effect to the mutual intent of
the parties as it existed at the time of
contracting.  See Civ. Code §§ 1635-1636.  The
contract is viewed as a whole, giving effect to
every part.  Id., § 1641.  Where it is clear and
explicit, the language of the contract governs, and
where reduced to a writing, the intent of the

Page   4 of   13   DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

EXHIBIT   2

PAGE   8

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/14/09 | | DEPT. WEO |
|---|---|---|
| HONORABLE JOHN L. SEGAL | JUDGE ELMA MORA AVA FRASER | DEPUTY CLERK CRT ASST ELECTRONIC RECORDING MONITOR |
| HONORABLE | JUDGE PRO TEM | |
| NONE | Deputy Sheriff NONE | Reporter |

| 8:30 am | SC100501 | Plaintiff Counsel | no appearances |
|---|---|---|---|
| | TOYOTA MOTOR SALES, U.S.A., INC. VS DIMITRIOS P. BILLER | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

parties is to be ascertained from the writing alone. Id., §§ 1638-1639.

Here, the arbitration clause is contained in the Severance Agreement. Biller Decl., Exh. 4, § 6.1. The Severance Agreement settled Biller's employment discrimination claims against Toyota for wages of $455,320, non-wages of $2,294,680, and attorney fees of $950,000. Id., §§ 2.1-2.3. The arbitration clause provides that "the resolution of certain disputes shall be conducted exclusively through binding arbitration as set forth herein," and then identifies three categories of claims subject to arbitration: (1) claims by Biller against Toyota (and related entities) which arose prior the Severance Agreement, (2) claims by Biller against Toyota relating to the subject matter of the Severance Agreement, and (3) claims by Biller which arise after execution of the agreement. The arbitration provision does not apply to any claims by Toyota against Biller. Perhaps Toyota wanted it that way, or perhaps Toyota did not anticipate that it would be bringing any claims against Biller. The fact remains, however, that Toyota's claims against Biller in this action there not covered by the arbitration agreement.

Toyota relies on the last clause of the third category of claims by Biller against Toyota (future claims), which states "as well as the arbitrability of any dispute (collectively, 'Arbitrable

Page    5 of    13    DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

EXHIBIT    2
PAGE    9

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09

DEPT. WEO

HONORABLE JOHN L. SEGAL          JUDGE

ELMA MORA
AVA FRASER

DEPUTY CLERK
CRT ASST
ELECTRONIC RECORDING MONITOR

HONORABLE                    JUDGE PRO TEM

NONE          Deputy Sheriff

NONE

Reporter

8:30 am  SC100501

TOYOTA MOTOR SALES,U.S.A.,INC.
VS
DIMITRIOS P. BILLER

Plaintiff
Counsel

no appearances

Defendant
Counsel

**NATURE OF PROCEEDINGS:**

Claims.')."  Toyota argues that "the arbitrability
of any dispute between the parties is, in and of
itself, an 'Arbitrable Claim' under the parties'
agreement . . . ." Memorandum of Points and
Authorities in Support of Motion to Compel
Arbitration, 6:16-18 (emphasis in original).
Toyota's proposed interpretation of Section 6.1 is
not persuasive.  This clause refers to arbitrability
of Toyota's claims described in Paragraph 6.1.
Toyota's over-zealous use of ellipses and italics
suggests that the arbitration agreement applies to
the arbitrability of Biller's claims.  See id. 6:13-
15 ("The disputes for which arbitration is the
exclusive remedy, include, but are not limited to:
(1) . . .; (2) . . .; and (3) . . . as well as the
arbitrability of any dispute (collectively,
'Arbitrable Claims'). . . .) (italics in original).
The phrase "as well as the arbitrability of any
dispute" modifies, at a minimum, category (3),
future claims, or at most, all three categories of
Section 6.1, Biller's claims against Toyota.  The
parties could have drafted Section 6.1 require an
arbitrator to determine Biller's claims against
Toyota and the arbitrability of Biller's claims
against Toyota and Toyota's claims against Biller,
but they did not.  There is no (4).

   Although the (lack of) arbitrability of
Toyota's complaint is fairly obvious to the court,
under California law it is not for the court in the
first instance to decide the issue of arbitrability

Page   6 of   13    DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK



EXHIBIT 2
PAGE 10

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09

HONORABLE JOHN L. SEGAL      JUDGE

HONORABLE      JUDGE PRO TEM

NONE      Deputy Sheriff

DEPT. WEO

ELMA MORA
AVA FRASER

NONE

DEPUTY CLERK
CRT ASST
ELECTRONIC RECORDING MONITOR

Reporter

| 8:30 am | SC100501 | | |
|---|---|---|---|
| | | Plaintiff Counsel | no appearances |
| | TOYOTA MOTOR SALES, U.S.A., INC. VS DIMITRIOS P. BILLER | Defendant Counsel | |

### NATURE OF PROCEEDINGS:

under the parties' agreement. Paragraph 6.2 of the Severance Agreement, entitled "Arbitration Rules and Procedures," provides that the "arbitration shall be held in accordance with the rules and regulations of Judicial Arbitration and Mediation Services (JAMS) pertaining to employment disputes." Biller Decl., Exh. 4, ¶ 6.2. Paragraph 6.2 also provides that "the arbitration shall be final and biding upon the Parties ands shall be the exclusive remedy for all Arbitrable Claims." <u>Id.</u> Rule 11(c) of the JAMS Employment Arbitration Rules & Procedures provides: "Jurisdictional and arbitrability disputes, including disputes over the existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. Unless the relevant law requires otherwise, the Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter." Carlson Decl., ¶ 16, Exh. 5, ¶ 11.

California law does not require otherwise. To the contrary, California law requires that where, as here, the parties have agreed to arbitration in accordance with rules like Rule 11(c), the issue of arbitrability is for the arbitrator. <u>See Bruni v. Dixon</u>, 160 Cal. App. 4th 1272, 1287-88 (2008); <u>Rodriguez v. American Technologies, Inc.</u>, 136 Cal. App. 4th 1111, 1123 (2006) (arbitrability is for AAA arbitrator where rule states that the "arbitrator

Page    7 of   13     DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

EXHIBIT   2

PAGE   11

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09                                                    DEPT. WEO

HONORABLE JOHN L. SEGAL            JUDGE    ELMA MORA          DEPUTY CLERK
                                            AVA FRASER         CRT ASST
HONORABLE                     JUDGE PRO TEM            ELECTRONIC RECORDING MONITOR

       NONE                   Deputy Sheriff  NONE              Reporter

8:30 am SC100501                         Plaintiff
                                         Counsel
        TOYOTA MOTOR SALES,U.S.A.,INC.                no appearances
        VS                               Defendant
        DIMITRIOS P. BILLER              Counsel

NATURE OF PROCEEDINGS:

shall have the power to rule on his or her own
jurisdiction, including any objections with respect
to the existence, scope or validity of the
arbitration agreement") (emphasis omitted); Dream
Theater, Inc. v. Dream Theater, 124 Cal. App. 4th
547, 556-57 (2004) (same language).

------

1
    There is one unpublished case to the contary.

    The motion to compel arbitration is granted.
The arbitrability of the claims in Biller's
cross-complaint is also fairly obvious to the court.
And the court specifically finds that the
arbitration agreement is neither substantively nor
procedurally unconscionable, despite the fact that
it is a one-way arbitration agreement.
Nevertheless, although the court believes the
question is not a close one, the issue of
arbitrability of the claims in Biller's
cross-complaint is also one for the arbitrator.  The
action is stayed pending the arbitration.  The
stipulated restraining order remains in effect.

BILLER'S MOTION FOR SANCTIONS - Denied.

BILLER'S MOTION TO COMPEL DEPOSITIONS - Denied
without prejudice.  The complaint is stayed.  The
cross-complaint is subject to arbitration.

                    Page   8 of  13    DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

EXHIBIT  2
PAGE    12

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/14/09 | | | DEPT. WEO |
|---|---|---|---|
| HONORABLE JOHN L. SEGAL | JUDGE | ELMA MORA<br>AVA FRASER | DEPUTY CLERK<br>CRT ASST |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | SC100501 | | |
|---|---|---|---|
| | | Plaintiff<br>Counsel | no appearances |
| | TOYOTA MOTOR SALES,U.S.A.,INC.<br>VS<br>DIMITRIOS P. BILLER | Defendant<br>Counsel | |

NATURE OF PROCEEDINGS:

TOYOTA'S APPLICATIONS TO SEAL

Toyota has filed dozens if not hundreds of individual applications to seal various exhibits, individual pages, excepts, and isolated paragraphs of individual pages, many of which the court has already ruled on and on which Toyota asks the court to rule again.  The volume and format of the requests make it virtually impossible for the court to make consistent and accurate rulings, and completely impossible to seal any appropriate portions of the file pursuant to Rule 2.550.  The court has considered and weighed all of the factors in Rule 2.550, makes all the required findings in Rule 2.550(d), expressly, and has done its best.

Applications to seal in connection with Biller's motion for leave to file a cross- complaint

Biller's memorandum of points and authorities, 5:10-22 - Denied.
Biller's memorandum of points and authorities, 9:13-20 - Granted.
Biller's memorandum of points and authorities, 10:24-11:6 - Granted.
Settlement Agreement - Denied.
Draft Settlement Agreement - Denied.
Severance Agreement - Granted as to Paragraph 4.7 and otherwise denied.
Draft Severance Agreement - Granted as to

Page   9 of   13    DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

EXHIBIT __2__
PAGE __13__

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/14/09 | | DEPT. WEO |
|---|---|---|
| HONORABLE JOHN L. SEGAL    JUDGE | ELMA MORA<br>AVA FRASER | DEPUTY CLERK<br>CRT ASST<br>ELECTRONIC RECORDING MONITOR |
| HONORABLE    JUDGE PRO TEM | | |
| NONE    Deputy Sheriff | NONE | Reporter |

| 8:30 am | SC100501 | Plaintiff<br>Counsel | |
|---|---|---|---|
| | TOYOTA MOTOR SALES,U.S.A.,INC.<br>VS<br>DIMITRIOS P. BILLER | Defendant<br>Counsel | no appearances |

**NATURE OF PROCEEDINGS:**

Paragraph 4.7 and otherwise denied.
05/06/08 letter from Carlson to Casselman -
Denied.
12/04/06 letter from Tinto to Biller - Granted.
04/03/06 letter from Reynolds to Biller -
Denied without prejudice (who is Reynolds?)
Original cross-complaint, Exh. 5, fifth page,
bottom paragraph - Granted.
LTD website - Denied.  The court cannot seal a
website.
Exh. 5 to Biller's original cross-complaint, p.
8, slide 1 - Granted.
Exh. 5 to Biller's original cross-complaint, p.
8, slide 2 - Granted.
Exh. 5 to Biller's original cross-complaint, p.
15, slide 3 - Granted.
Carlson Decl., ¶ 3 -  Denied.

<u>Applications to seal in connection with
Toyota's motion to compel arbitration</u>

Biller's Opposition, 17:8-12 - Denied.
Biller Decl., 2:13-21 - Granted as to "Toyota
needed" and otherwise denied.
Biller Decl., 3:8-20 - Granted.
Biller Decl., 3:21-22 - Denied.
Biller Decl., 3:23-4:5 - Granted.
Biller Decl., 4:6-21 - Granted.
Biller Decl., 4:7 - Denied.
Biller Decl., 5:5-8 Denied as to Biller's
emotional breakdown, and otherwise granted.

Page  10 of  13    DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

EXHIBIT 2
PAGE 14

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 01/14/09 | DEPT. WEO |

| | | | |
|---|---|---|---|
| HONORABLE JOHN L. SEGAL | JUDGE | ELMA MORA | DEPUTY CLERK |
| | | AVA FRASER | CRT ASST |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | SC100501 | Plaintiff Counsel | no appearances |
| | TOYOTA MOTOR SALES,U.S.A.,INC. VS DIMITRIOS P. BILLER | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

Biller Decl., 5:20-6:4 - Granted.
Biller Decl., 6:5-12 - Granted.
Biller Decl., 6:14-15 - Granted.
Biller Decl., 10:3-6 - Denied.
Biller Decl., 10:19-20 - Denied.
Biller Decl., 11:1-4 - Denied.
Biller Decl., 11:7-11 - Denied.
Biller Decl., 12:9-16 - Denied.
Biller Decl., 14:9-12 - Denied.
Biller's Opposition, 6:4-19 - Granted.
Biller's Opposition, 7:1-2 - Granted.
Biller's Opposition, 7:5-8 - Denied.
Biller's Opposition, 8:9-23 - Denied.
Biller's Opposition, 11:4-6 - Denied.
Biller's Opposition, 13:4-12 - Denied.
Biller's Opposition, 14:21-15:1- Denied.
08/30/07 email from to Carlson - Granted.
Biller Decl., Exh. 6 - Denied.
Biller Decl., Exh. 7 - Denied.
Biller Decl., Exh. 8 - Denied.
Biller Decl., Exh. 9 - Denied.
Biller Decl., Exh. 10 - Denied.
Rudnick Decl., Exh. 2 - Granted.

Applications to seal in connection with
Biller's motion for sanctions

Biller Dec., 5:21-6:16 - Granted as to the
second and third sentences and otherwise denied.
08/30/07 email from to Carlson - Granted.
Severance Agreement - Denied.

Page  11 of  13    DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

EXHIBIT  2
PAGE  15

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 01/14/09 | | DEPT. WEO |
| HONORABLE JOHN L. SEGAL | JUDGE | ELMA MORA |
| | | AVA FRASER |
| HONORABLE | JUDGE PRO TEM | |
| NONE | Deputy Sheriff | NONE |

DEPUTY CLERK
CRT ASST
ELECTRONIC RECORDING MONITOR

Reporter

---

8:30 am | SC100501

TOYOTA MOTOR SALES, U.S.A., INC.
VS
DIMITRIOS P. BILLER

Plaintiff
Counsel

Defendant
Counsel

no appearances

---

**NATURE OF PROCEEDINGS:**

Draft Severance Agreement - Denied.
04/03/06 letter from Reynolds to Biller -
Denied without prejudice
Biller Decl., Exh. - Granted.
Biller's opposition to motion to compel
arbitration - see above.
Biller's memorandum of points and authorities
in support of ex parte application for
commissions - Granted.
Biller Decl., Exh. 9 - Granted.
05/06/08 letter from Carlson to Casselman - see
above.

Applications to seal in connection with
Biller's motion to compel depositions

Biller's memorandum of points and authorities
in support of motion for leave to file a
cross-complaint - see above.
Settlement Agreement - see above.
Severance Agreement - see above.
Carlson Decl., ¶ 3 - see above.
05/06/08 letter from Carlson to Casselman - see
above.
12/04/06 letter from Tinto to Biller - see
above.

NOTICE
Clerk to give notice via U.S. Mail.

        CLERK'S CERTIFICATE OF MAILING/

            Page  12 of  13    DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

EXHIBIT  2

PAGE  16

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09                                                                                    DEPT. WEO

HONORABLE JOHN L. SEGAL          JUDGE    ELMA MORA          DEPUTY CLERK
                                          AVA FRASER         CRT ASST
HONORABLE                    JUDGE PRO TEM                   ELECTRONIC RECORDING MONITOR

         NONE                Deputy Sheriff  NONE                    Reporter

8:30 am SC100501                          Plaintiff
                                          Counsel
        TOYOTA MOTOR SALES,U.S.A.,INC.                 no appearances
        VS                                Defendant
        DIMITRIOS P. BILLER               Counsel


NATURE OF PROCEEDINGS:

            NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
01/14/09 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Santa Monica, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: January 14, 2009

John A. Clarke, Executive Officer/Clerk


By: _____
         ELMA MORA

ALAN B. CARLSON
ATTORNEY FOR PLAINTIFF
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614

DIMITRIOS P. BILLER
DEFENDANT & DEFENDANT IN PRO PER
906 KAGAWA STREET
PACIFIC PALISADES, CA 90272


                    Page  13 of  13    DEPT. WEO

                                                  MINUTES ENTERED
                                                  01/14/09
                                                  COUNTY CLERK


                         EXHIBIT  2
                         PAGE  17

1   ALAN B. CARLSON, Bar No. 055090
    FERMIN H. LLAGUNO, Bar No. 185222
2   LITTLER MENDELSON
    A Professional Corporation
3   2050 Main Street
    Suite 900
4   Irvine, CA 92614
    Telephone:   949.705.3000
5   Fax No.:     949.724.1201

6   Attorneys for Plaintiff
    TOYOTA MOTOR SALES, U.S.A., INC.

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10                          WEST DISTRICT

11  TOYOTA MOTOR SALES, U.S.A., INC.,     Case No.

12              Plaintiff,

13       v.                               **TEMPORARY RESTRAINING ORDER
                                          AND ORDER TO SHOW CAUSE RE:**
14  DIMITRIOS P. BILLER, and DOES 1       **PRELIMINARY INJUNCTION**
    through 10, inclusive,
15
                Defendant.
16

17

18      TO DEFENDANT DIMITRIOS P. BILLER ("BILLER"):

        YOU ARE HEREBY ORDERED TO SHOW CAUSE at _____ a.m./p.m., on
19
    _____, 200_, or as soon thereafter as counsel may be heard, in Department ____
20
    of the Superior Court of the State of California, Santa Monica Courthouse, 1725 Main Street, Santa
21
    Monica, CA 90401, why you should not be restrained and enjoined, pending an arbitration in this
22
    action pursuant to an existing agreement between the parties, from:
23
            (a)     Disclosing, directly or indirectly, in any manner any confidential attorney-
24
    client communications, written or verbal, between Biller and Toyota;
25
            (b)     Disclosing, directly or indirectly, in any manner any confidential attorney-
26
    client communications, written or verbal, between attorneys within Toyota's Legal Services Group
27

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

EXHIBIT ___2___
PAGE ___18___

1  of which Biller has knowledge through his employment as an attorney by Toyota and legal

2  representation of Toyota;

3          (c)    Disclosing, directly or indirectly, in any manner any confidential documents,

4  materials or information, written or verbal, regarding the business affairs of Toyota of which Biller

5  has knowledge through his employment as an attorney by Toyota and legal representation of Toyota;

6          (d)    Disclosing, directly or indirectly, in any manner any confidential documents,

7  materials or information, written or verbal, regarding the business affairs of companies affiliated

8  with Toyota, including but not limited to Toyota Motor Corporation, of which Biller has knowledge

9  through his employment as an attorney by Toyota and legal representation of Toyota; and

10          (e)    Disclosing any other confidential communications, documents, materials or

11  information, written or verbal, protected by California Business and Professions Code section

12  6068(e)(1) and/or the attorney-client privilege regarding the business affairs of Toyota and/or

13  companies affiliated with Toyota, including but not limited to Toyota Motor Corporation, of which

14  Biller has knowledge through his employment as an attorney by Toyota and legal representation of

15  Toyota.

16          PENDING HEARING on the above Order to Show Cause, YOU ARE HEREBY

17  RESTRAINED AND ENJOINED from:

18          (a)    Disclosing, directly or indirectly, in any manner any confidential attorney-

19  client communications, written or verbal, between Biller and Toyota;

20          (b)    Disclosing, directly or indirectly, in any manner any confidential attorney-

21  client communications, written or verbal, between attorneys within Toyota's Legal Services Group

22  of which Biller has knowledge through his employment as an attorney by Toyota and legal

23  representation of Toyota;

24          (c)    Disclosing, directly or indirectly, in any manner any confidential documents,

25  materials or information, written or verbal, regarding the business affairs of Toyota of which Biller

26  has knowledge through his employment as an attorney by Toyota and legal representation of Toyota;

27          (d)    Disclosing, directly or indirectly, in any manner any confidential documents,

28  materials or information, written or verbal, regarding the business affairs of companies affiliated

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

2.

TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

EXHIBIT  2

PAGE  19

1    with Toyota, including but not limited to Toyota Motor Corporation, of which Biller has knowledge

2    through his employment as an attorney by Toyota and legal representation of Toyota; and

3                 (e)       Disclosing any other confidential communications, documents, materials or

4    information, written or verbal, protected by California Business and Professions Code section

5    6068(e)(1) and/or the attorney-client privilege regarding the business affairs of Toyota and/or

6    companies affiliated with Toyota, including but not limited to Toyota Motor Corporation, of which

7    Biller has knowledge through his employment as an attorney by Toyota and legal representation of

8    Toyota.

9                 This Order to Show Cause and supporting papers must be served on Defendant no

10   later than ___11/07/08___ court days before the hearing and proof of service shall be filed no later

11   than ___11/14/08___ court days before the hearing. Any response or opposition to this Order to

12   Show Cause must be filed and personally served on Plaintiff's counsel no later than

13   ___February 19, 2009.___ court days before the date set for the hearing and proof of service shall be filed no

14   later than _____ court days before the hearing. Any reply papers must be

15   filed and personally served by March 12, 2009

16

17   Dated: _November 7_, 2008

18                                            JUDGE OF THE SUPERIOR COURT

19   Firmwide:87346209.1 013186.1090                    JOHN L. SEGAL

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

                                        3.

EXHIBIT _2_
PAGE _20_

# PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, California  90071-3132.

On August 18, 2009, I served the within document(s):

**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO SEAL THE COMPLAINT AND ITS EXHIBITS**

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☒    by causing the document(s) listed above to be personally delivered at to the person(s) at the address(es) set forth below.

☐    by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

| | |
|---|---|
| **Joseph P. Wohrle, Esq.** | **Dimitrios P. Biller, Esq.** |
| **Jeffrey F. Allen, Esq.** | 906 Kagawa Street |
| **Allen & Wohrle, LLP** | Pacific Palisades, California 90272 |
| 2800 28th Street, Suite 321 | Telephone No.: (310) 459-9870 |
| Santa Monica, California 90405 | Facsimile No.:  (310) 459-9879 |
| Telephone No.: (310) 392-3355 | Email: biller_ldtconsulting@verizon.net |
| Facsimile No.:  (310) 392-8059 | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on August 18, 2009, at Los Angeles, California.

/ / /

/ / /

DB2/21274733.1

PROOF OF SERVICE

1

I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that

2

the foregoing is true and correct.

3

4

_____
Lydia Ramirez

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES