1  MORGAN, LEWIS & BOCKIUS LLP
   DAVID L. SCHRADER, State Bar No. 149638
2  dschrader@morganlewis.com
   CHRISTINA L. SEIN, State Bar No. 229094
3  csein@morganlewis.com
   GEORGIA SCHNEIDER, State Bar No. 251358
4  gschneider@morganlewis.com
   300 South Grand Avenue
5  Twenty-Second Floor
   Los Angeles, CA  90071-3132
6  Tel:  213.612.2500
   Fax:  213.612.2501
7
   Attorneys for Defendants
8  Toyota Motor Corporation, Toyota Motor Sales,
   U.S.A., Inc., Christopher Reynolds, Jane Howard-
9  Martin, Eric Taira, Dian Ogilvie and Alicia
   McAndrews
10

11              UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13  DIMITRIOS P. BILLER;              Case No. CV-09-5429 GHK (RZx)
    LITIGATION DISCOVERY & TRIAL
14  CONSULTING, INC., a California    **DEFENDANTS' REQUEST FOR**
    corporation,                     **JUDICIAL NOTICE IN SUPPORT**
15                                   **OF MOTION TO DISMISS**
                     Plaintiffs,     **PLAINTIFFS' CLAIM FOR**
16                                   **VIOLATION OF RICO ACT AND**
             vs.                     **MOTION TO STRIKE**
17                                   **PLAINTIFFS' CLAIM FOR**
    TOYOTA MOTOR CORPORATION,        **INJUNCTIVE RELIEF UNDER**
18  et al.,                          **RICO**

19                   Defendants.     [Notice of Motion and Motion;
                                     Memorandum of Points and Authorities;
20                                   and [Proposed] Order Filed
                                     Concurrently Herewith.]
21
                                     Date:      November 9, 2009
22                                   Time:      9:30 am
                                     Location:  Dept. 650
23
                                     Complaint Filed:        July 24, 2009
24                                   First Am. Compl. Filed:  Sept. 17, 2009
25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21358714.1

REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' MTN TO DISMISS/STRIKE

1       In accordance with Federal Rule of Evidence 201, defendants Toyota Motor

2 Corporation, Toyota Motor Sales, U.S.A., Inc., Christopher Reynolds, Jane

3 Howard-Martin, Eric Taira, Dian Ogilvie and Alicia McAndrews (collectively

4 "Defendants") respectfully request that this Court take judicial notice of each of the

5 exhibits accompanying this Request for Judicial Notice in support of its Motion to

6 Dismiss and Motion to Strike, filed herewith.

7       Federal Rule of Evidence 201 allows a court to take judicial notice of facts

8 that are "capable of accurate and ready determination by resort to sources whose

9 accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes

10 taking judicial notice of legal proceedings and public records related to legal

11 proceedings in federal and state courts. *United States ex rel. Robinson Rancheria*

12 *Citizens Council v. Borneo, Inc.*, 971 F. 2d 244, 248 (9th Cir. 1992); *Rose v.*

13 *Beverly Health and Rehab. Servs., Inc.*, 356 B.R. 18, 23 (E.D. Cal. 2006). Because

14 the fact that certain filings and orders have been made in other proceedings is

15 relevant to the issues addressed in the Motion to Dismiss and Motion to Strike, the

16 Court should take notice of the following:

17     1.     Attached hereto as **Exhibit 1** is a true and correct copy of the caption

18         page of Dimitrios Biller's ("Biller") Cross-Complaint against Toyota

19         Motor Sales, U.S.A., Inc. ("TMS") in *Toyota Motor Sales, U.S.A., Inc.*

20         *v. Biller*, California Superior Court, Los Angeles County, Case No.

21         SC100501.

22     2.     Attached hereto as **Exhibit 2** is a true and correct copy of the Table of

23         Contents of Biller's Opposition to TMS's Motion to Compel

24         Arbitration in *Toyota Motor Sales, U.S.A., Inc. v. Biller*, California

25         Superior Court, Los Angeles County, Case No. SC100501.

26     3.     Attached hereto as **Exhibit 3** is a true and correct copy of the Superior

27         Court's January 14, 2009 Minute Order in *Toyota Motor Sales, U.S.A.,*

28         *Inc. v. Biller*, California Superior Court, Los Angeles County, Case

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21358714.1

REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' MTN TO DISMISS/STRIKE

No. SC100501.

4.    Attached hereto as **Exhibit 4** is a true and correct copy of the Superior Court's Temporary Restraining Order ("TRO") in *Toyota Motor Sales, U.S.A., Inc. v. Biller*, California Superior Court, Los Angeles County, Case No. SC100501.

5.    Attached hereto as **Exhibit 5** is a true and correct copy of the Table of Contents of Biller's Memorandum of Points and Authorities in support of his Motion for an Order Reversing the Stipulated TRO in *Toyota Motor Sales, U.S.A., Inc. v. Biller*, California Superior Court, Los Angeles County, Case No. SC100501.

6.    Attached hereto as **Exhibit 6** is a true and correct copy of the Superior Court's August 14, 2009 Minute Order in *Toyota Motor Sales, U.S.A., Inc. v. Biller*, California Superior Court, Los Angeles County, Case No. SC100501.

7.    Attached hereto as **Exhibit 7** is a true and correct copy of the Superior Court's September 25, 2009 Minute Order in *Toyota Motor Sales, U.S.A., Inc. v. Biller*, California Superior Court, Los Angeles County, Case No. SC100501.

8.    Attached hereto as **Exhibit 8** is a true and correct copy of the June 22, 2009 Civil Minutes from *Biller vs. Los Angeles County*, United States District Court, Central District, Case No. CV09-3079 GHK (RZx).

Dated:    October 5, 2009                    MORGAN, LEWIS & BOCKIUS LLP

By_____/s/_____
        David L. Schrader
        Attorneys for Defendants

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Los Angeles

DB2/21358714.1                              2                    REQUEST FOR JUDICIAL NOTICE ISO
                                                                DEFENDANTS' MOTION TO
                                                                DISMISS/STRIKE

# EXHIBIT 1

Dimitrios P. Biller, Pro Per
California State Bar No. 142,730
906 Kagawa Street
Pacific Palisades, CA 90272
Telephone: (310) 459-9870
Facsimile: (310) 459-9879


SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

WEST DISTRICT

| | |
|---|---|
| DIMITRIOS P. BILLER, as Private Attorney General, and individually,<br><br>        CROSS-COMPLAINT<br><br>    vs.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR CORPORATION,TOYOTA NORTH AMERICA MOTORS, INC., TOYOTA ENGINEERING & MANUFACTURING NORTH AMERICA,DOES 1 THROUGH 10,<br><br>        CROSS-DEFENDNATS | ) Case No.: SC100501<br>)<br>)<br>) CROSS-COMPLAINT FOR A<br>) PERMENANT INJUNCTION<br>) FOR(A)A ORDER PROHIBITING<br>) CROSS-DEFENDANT FROM<br>) INTERFERRING WITH THE<br>) BUSINESS PRACTICES OF<br>) LITIGATION DISCOVERY &<br>) TRIAL CONSULTING AND<br>  DIMITRIOS P. BILLER, AND<br>  (B) AN ORDER COMPELLING<br>  TOYOTA TO CONTACT NHTSA AND<br>  ROLLOVER PLAINTIFFS ABOUT<br>  EVIDENCE THAT CROSS-<br>  DEFENDANT CONCEALED AND<br>  DESTROYED |

NOW COME CROSS-COMPLAINT DIMITRIOS P. BILLER

("Cross-Complainant") to file and does file this Cross-

Complaint against Toyota Motor Corporation ("TMC"),

Cross-Complaint for Injunctive Relief                              - 1

Toyota Motor Sales, U.S.A., Inc. ("TMS"), Toyota Motor

Engineering & Manufacturing North America, Inc.

("TEMA"), and Toyota Motor North America, Inc.

("TMA")(Collectively referred to as "Cross-Defendants"

or "Toyota" Temporary Restraining Order and Permanent

Injunction pursuant to California Business &

Professions Code Section 17200 ("17200" or "B & P Code

17200)."

Dated: December 18, 2008

By: _____
Dimitrios P. Biller

Cross-Complaint for Injunctive Relief                              - 2

# Table of Contents

I............................................................................ 4

JURISDICTION................................................................. 4

II........................................................................... 5

PARTIES...................................................................... 5

III.......................................................................... 7

GENERAL ALLEGATIONS.......................................................... 7

    A.    Cross-Complainant's Position with TMS and TMC ..................... 7

    B.    Cross-Complaint's Resignation from TMS ........................... 9

    C.    Another Dispute between the Parties .............................. 10

IV.......................................................................... 11

FIRST CAUSE OF ACTION FOR AN INJUNCTION PURSUANT TO BUSINESS & PROFESSIONS
CODE SECTION 17200.......................................................... 11

**A.    Unfair Business Practices**................................................ 11

    B.    Illegal & Fraudulent/Deceptive Business Practices ................. 20

V........................................................................... 20

PRAYER FOR RELIEF IN THE FORM OF AN ORDER FOR INJUNCTION................... 20

Exhibit 1, Page 5

# EXHIBIT 2

1 | Dimitrios P. Biller, Pro Per
California State Bar No. 142730
2 | 906 Kagawa Street
Pacific Palisades, CA 90272
3 | Telephone: (310) 459-9870
Facsimile:  (310) 459-9879

4

5

Attorney for Defendant
6

7

8

9                    SUPERIOR COURT OF CALIFORNIA

10                      COUNTY OF LOS ANGELES,

11                         WEST DISTRICT

12

13

TOYOTA MOTOR SALES, U.S.A.,   ) Case No.: SC100501
14 | INC.,                         )
                                 ) DEFENDANT'S OPPOSITION TO
15 |          Plaintiff,          ) PLAINTIFF'S MOTION TO COMPEL
                                 ) ARBITRATION
16 |      vs.                     )
DIMITRIOS P. BILLER, and Does 1 ) Date: January 13, 2008
17 | through 10,                  ) Time: 8:30 a.m.
                                 ) Dept: "O"
18                                )
           Defendant.            ) Before the Honorable John L.
19 | _____) Segal

20

21

22

23

24

25

                Defendant's Opposition to Motion to Compel Arbitration - 1

# **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................. 3

II.   STATEMENT OF FACTS ....................................................... 4

III.  ARGUMENTS:  THE MOTION TO COMPEL ARBITRATION SHOULD BE DENIED ........ 5

A. The Arbitration Clause Is One-Sided Against Defendant and In Favor of TMS, and Does NOT Contain a Mutuality Clause.................................... 5

B. Plaintiff's Manipulation of Words Contained in the Arbitration Clause Is Intolerable............................................................... 6

C. Plaintiff Now Wants the Arbitrator to Decide the Issue of Arbitrability, but Plaintiff Has Ignored the Substantive Holdings in the Cases Plaintiff Cites for this Proposition................................................ 10

D. Plaintiff's reference to the language at the end of the Arbitration Clause is disingenuous.......................................................... 13

E. Toyota's Attempt to Create Claims Defendant is Pursuing because Defendant has made Defenses is Disingenuous......................................... 14

F. Plaintiff Assumption that all other Claims not Idenified in the Arbitration Clause Belong to Plaintiff & Are Subject to Arbitration is Absurd.......... 14

G. The Arbitration Clause is Unenforceable Because it is "Unconscionable.".. 15

    1.  The Severance Agreement is completely one-sided and "substantively unconscionable." ..................................................... 16

    2.  The Severance Agreement was the result of "oppression" and a "surprise." ......................................................... 17

H. Defendant's Claim for Injunctive Relief Pursuant to  Business and Professions Code 17200 Is Not Subject to Arbitration...................... 18

IV.   CONCLUSION .............................................................. 18

Defendant's Opposition to Motion to Compel Arbitration - 2

# EXHIBIT 3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09                                                          **DEPT.** WEO

HONORABLE  JOHN SEGAL        JUDGE        ELMA MORA          DEPUTY CLERK
                                          AVA FRASER         CRT ASST
HONORABLE                  JUDGE PRO TEM                     ELECTRONIC RECORDING MONITOR
6
        NONE              Deputy Sheriff   A. THOMPSON,   CSR#12370    Reporter

---

8:30 am  SC100501                          Plaintiff
                                           Counsel    ALAN B. CARLSON (X)
         TOYOTA MOTOR SALES,U.S.A.,INC.
         VS                                Defendant    in pro per
         DIMITRIOS P. BILLER (X)           Counsel

---

**NATURE OF PROCEEDINGS:**

DEFENDANT'S DIMITRIOS P. BILLER MOTION FOR AN
ORDER GRANTING DEFENDANT LEAVE TO FILE A COMPULSORY
CROSS-COMPLAINT;

DEFENDANT'S DIMITRIOS P. BILLER MOTION FOR AN
ORDER COMPELLING DEPOSITIONS OF JANE MARTIN-HOWARD,
MATTHEW GONZALEZ AND ERIC TAIRA AND AWARDING
MONETARY SANCTIONS IN THE AMOUNT OF $5,000.00
AGAINST PLAINTIFF AND/OR LITTLER MENDELSON;

DEFENDANT DIMITRIOS P. BILLER MOTION FOR  MONETARY
SANCTIONS IN THE AMOUNT OF $30,400.00 AGAINST
PLAINTIFF AND LITTELER MENDLESON;

PLAINTIFF TOYOTA MOTOR SALES, U.S.A., INC. MOTION TO
SEAL PORTIONS OF CERTAIN RECORDS RELATED TO DEFENDANTS
MOTION FOR SANCTIONS IN THE AMOUNT OF $30,400.00;

PLAINTIFF TOYOTA MOTOR SALES, U.S.A., INC. MOTION TO
COMPEL ARBITRATION OF ARBITRABILITY OF DISPUTE AND FOR
STAY OF PROCEEDINGS;

The matter is called for hearing.

After argument by all parties, the court takes the
matter under submission.

Notice is waived.


                    Page   1 of   1   DEPT. WEO

                                          ┌─────────────────────┐
                                          │ **MINUTES ENTERED**   │
                                          │ 01/14/09            │
                                          │ **COUNTY CLERK**      │
                                          └─────────────────────┘

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09

DEPT. WEO

HONORABLE JOHN L. SEGAL    JUDGE

ELMA MORA
AVA FRASER

DEPUTY CLERK
CRT ASST
ELECTRONIC RECORDING MONITOR

HONORABLE    JUDGE PRO TEM

NONE    Deputy Sheriff

NONE    Reporter

8:30 am SC100501

TOYOTA MOTOR SALES, U.S.A., INC.
VS
DIMITRIOS P. BILLER

Plaintiff
Counsel

no appearances

Defendant
Counsel

---

**NATURE OF PROCEEDINGS:**

The court now rules on the motions argued and taken under submission on January 14, 2009 as follows:

### RULING ON SUBMITTED MATTERS

BILLER'S MOTION FOR LEAVE TO FILE A CROSS-COMPLAINT

- Granted.  The cross-complaint is deemed filed and served as of this date.

TOYOTA'S MOTION TO COMPEL ARBITRATION

Toyota moves to compel arbitration of its claims against Biller, and Biller's claims against Toyota, and to stay this action.  See Notice of Motion, 1:4-13.  The motion is granted.

On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that:

(a)  The right to compel arbitration has been waived by the petitioner; or

(b)  Grounds exist for the revocation of the

Page   1 of  13    DEPT. WEO

**MINUTES ENTERED**
01/14/09
**COUNTY CLERK**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 01/14/09 | | | **DEPT.** WEO |
| HONORABLE JOHN L. SEGAL | JUDGE | ELMA MORA<br>AVA FRASER | DEPUTY CLERK<br>CRT ASST |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | SC100501 | Plaintiff<br>Counsel | no appearances |
| | TOYOTA MOTOR SALES,U.S.A.,INC.<br>VS<br>DIMITRIOS P. BILLER | Defendant<br>Counsel | |

**NATURE OF PROCEEDINGS:**

agreement.

(c)  A party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact.
Code Civ. Proc. § 1281.2.

    The petition must also set forth the written agreement and the arbitration provision verbatim, or a copy of the agreement should be attached.  Rule 3.1330, California Rules of Court.    "[W]hen a petition to compel arbitration is filed and accompanied by prima facie evidence of a written agreement to arbitrate the controversy, the court itself must determine whether the agreement exists and, if any defense to its enforcement is raised, whether it is enforceable."  Rosenthal v. Great Western Fin. Securities Corp., 14 Cal. 4th 394, 412-13 (1996); see Brown v. Wells Fargo Bank N.A., 168 Cal. App. 4th 938 (2008); Provencio v. WMA Securities, Inc., 125 Cal. App. 4th 1028, 1030 1031 (2005); Engalla v. Permanente Medical Group, Inc., 15 Cal. 4th 951, 972 (1997).  The issues of the existence and validity of an arbitration agreement are to be resolved by the trial court in the manner provided for the hearing and decision of motions, either on the basis of affidavits or declarations or, in the exercise of the court's discretion where

Page   2 of   13   DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 01/14/09 | | **DEPT.** WEO |
| HONORABLE JOHN L. SEGAL         JUDGE | ELMA MORA<br>AVA FRASER | DEPUTY CLERK<br>CRT ASST |
| HONORABLE                JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE         Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | SC100501 | Plaintiff<br>Counsel | no appearances |
| | TOYOTA MOTOR SALES,U.S.A.,INC.<br>VS<br>DIMITRIOS P. BILLER | Defendant<br>Counsel | |

**NATURE OF PROCEEDINGS:**

necessary to resolve material conflicts in the
written evidence, upon live testimony.  Rosenthal,
14 Cal. 4th at 402.  The scope of an arbitration
agreement is a matter of agreement between the
parties.  Cable Connection, Inc. v. DIRECTV, Inc.,
44 Cal. 4th 1334, 1355 (2008).

        Here, Toyota asserts, and Biller agrees, that a
Severance Agreement between the parties contains an
"Agreement to Arbitrate."  See Biller Decl., Exh. 4,
§ 6.1.  The arbitration provision provides:

        The Parties agree that the resolution of
certain disputes shall be conducted exclusively
through binding arbitration as set forth herein.
The disputes for which arbitration is the exclusive
remedy, include, but are not limited to: (1) all
known and unknown claims which Associate may have
against TMS or any other Releasee which arose at or
prior to the date this Agreement is signed and is
not extinguished by this Agreement, if any; (2) all
known and unknown claims Associate may have against
TMS or any other Releasee that in any way relate to
the subject matter, interpretation, application, or
alleged breach of this Agreement arising at any time
prior to, concurrently with or subsequent to
Associate's signing this Agreement; and (3) any
known or unknown claims that Associate may have
against TMS or any other Releasee which arise at any
time after Associate signs this Agreement as well as
the arbitrability of any dispute (collectively,

Page   3 of  13   DEPT. WEO

```
MINUTES ENTERED
01/14/09
COUNTY CLERK
```

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 01/14/09 | | **DEPT.** WEO |
| HONORABLE JOHN L. SEGAL    JUDGE | ELMA MORA<br>AVA FRASER | DEPUTY CLERK<br>CRT ASST |
| HONORABLE    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE    Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | SC100501 | Plaintiff<br>Counsel | no appearances |
| | TOYOTA MOTOR SALES,U.S.A.,INC.<br>VS<br>DIMITRIOS P. BILLER | Defendant<br>Counsel | |

**NATURE OF PROCEEDINGS:**

"Arbitrable Claims").  This agreement to arbitrate
does not preclude either party from seeking
injunctive relief in court.  Id.

The question is whether the dispute between the
parties (this action) presents a controversy that
the parties agreed to arbitrate.  Generally, the
court decides what issues are subject to
arbitration.  Engineers & Architects Ass'n v.
Community Dev. Dep't, 30 Cal. App. 4th 644, 653
(1994).  The question of whether the parties have
agreed to arbitrate, the scope of the claims they
have agreed to arbitrate, the methods by which the
arbitration is to be conducted, and the remedies
available to the arbitrator all depend upon the
terms of the agreement between the parties.
Broughton v. Cigna Healthplans, 21 Cal. 4th 1066,
1105 (1999); see Giuliano v. Inland Empire
Personnel, Inc., 149 Cal. App. 4th 1276, 1284 (2007)
(right to arbitration depends upon contract; a
petition to compel arbitration is simply a suit in
equity seeking specific performance of that
contract).  All contracts are interpreted by the
same rules, by giving effect to the mutual intent of
the parties as it existed at the time of
contracting.  See Civ. Code §§ 1635-1636.  The
contract is viewed as a whole, giving effect to
every part.  Id., § 1641.  Where it is clear and
explicit, the language of the contract governs, and
where reduced to a writing, the intent of the
parties is to be ascertained from the writing alone.

Page    4 of    13    DEPT. WEO

**MINUTES ENTERED**
01/14/09
**COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/14/09 | | **DEPT.** WEO |
|---|---|---|
| HONORABLE JOHN L. SEGAL | JUDGE | ELMA MORA |
| | | AVA FRASER |
| HONORABLE | JUDGE PRO TEM | DEPUTY CLERK CRT ASST |
| | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE |
| | | Reporter |

| 8:30 am | SC100501 | Plaintiff Counsel | no appearances |
|---|---|---|---|
| | TOYOTA MOTOR SALES,U.S.A.,INC. VS DIMITRIOS P. BILLER | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

Id., §§ 1638-1639.

Here, the arbitration clause is contained in the Severance Agreement.  Biller Decl., Exh. 4, § 6.1.  The Severance Agreement settled Biller's employment discrimination claims against Toyota for wages of $455,320, non-wages of $2,294,680, and attorney fees of $950,000.  Id., §§ 2.1-2.3.  The arbitration clause provides that "the resolution of certain disputes shall be conducted exclusively through binding arbitration as set forth herein," and then identifies three categories of claims subject to arbitration:  (1) claims by Biller against Toyota (and related entities) which arose prior the Severance Agreement, (2) claims by Biller against Toyota relating to the subject matter of the Severance Agreement, and (3) claims by Biller which arise after execution of the agreement.  The arbitration provision does not apply to any claims by Toyota against Biller.  Perhaps Toyota wanted it that way, or perhaps Toyota did not anticipate that it would be bringing any claims against Biller.  The fact remains, however, that Toyota's claims against Biller in this action there not covered by the arbitration agreement.

Toyota relies on the last clause of the third category of claims by Biller against Toyota (future claims), which states "as well as the arbitrability of any dispute (collectively, 'Arbitrable Claims.')."  Toyota argues that "the arbitrability

Page    5 of    13    DEPT. WEO

**MINUTES ENTERED**
01/14/09
**COUNTY CLERK**

Exhibit 3, Page 13

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09

DEPT. WEO

HONORABLE  JOHN L. SEGAL    JUDGE

ELMA MORA
AVA FRASER

DEPUTY CLERK
CRT ASST
ELECTRONIC RECORDING MONITOR

HONORABLE    JUDGE PRO TEM

NONE    Deputy Sheriff

NONE

Reporter

| 8:30 am | SC100501 | Plaintiff Counsel | no appearances |
| | TOYOTA MOTOR SALES,U.S.A.,INC. VS DIMITRIOS P. BILLER | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

of any dispute between the parties is, in and of
itself, an 'Arbitrable Claim' under the parties'
agreement . . . ." Memorandum of Points and
Authorities in Support of Motion to Compel
Arbitration, 6:16-18 (emphasis in original).
Toyota's proposed interpretation of Section 6.1 is
not persuasive.  This clause refers to arbitrability
of Toyota's claims described in Paragraph 6.1.
Toyota's over-zealous use of ellipses and italics
suggests that the arbitration agreement applies to
the arbitrability of Biller's claims.  See id. 6:13-
15 ("The disputes for which arbitration is the
exclusive remedy, include, but are not limited to:
(1) . . .; (2) . . .; and (3) . . . as well as the
arbitrability of any dispute (collectively,
'Arbitrable Claims') . . . .) (italics in original).
The phrase "as well as the arbitrability of any
dispute" modifies, at a minimum, category (3),
future claims, or at most, all three categories of
Section 6.1, Biller's claims against Toyota.  The
parties could have drafted Section 6.1 require an
arbitrator to determine Biller's claims against
Toyota and the arbitrability of Biller's claims
against Toyota and Toyota's claims against Biller,
but they did not.  There is no (4).

   Although the (lack of) arbitrability of
Toyota's complaint is fairly obvious to the court,
under California law it is not for the court in the
first instance to decide the issue of arbitrability
under the parties' agreement.  Paragraph 6.2 of the

Page   6 of  13   DEPT. WEO

**MINUTES ENTERED**
01/14/09
**COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/14/09 | | | **DEPT.** WEO |
|---|---|---|---|
| HONORABLE JOHN L. SEGAL | JUDGE | ELMA MORA | DEPUTY CLERK |
| | | AVA FRASER | CRT ASST |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | SC100501 | Plaintiff Counsel | no appearances |
|---|---|---|---|
| | TOYOTA MOTOR SALES,U.S.A.,INC. VS DIMITRIOS P. BILLER | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

Severance Agreement, entitled "Arbitration Rules and Procedures," provides that the "arbitration shall be held in accordance with the rules and regulations of Judicial Arbitration and Mediation Services (JAMS) pertaining to employment disputes." Biller Decl., Exh. 4, ¶ 6.2. Paragraph 6.2 also provides that "the arbitration shall be final and biding upon the Parties ands shall be the exclusive remedy for all Arbitrable Claims." Id. Rule 11(c) of the JAMS Employment Arbitration Rules & Procedures provides: "Jurisdictional and arbitrability disputes, including disputes over the existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. Unless the relevant law requires otherwise, the Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter." Carlson Decl., ¶ 16, Exh. 5, ¶ 11.

California law does not require otherwise. To the contrary, California law requires that where, as here, the parties have agreed to arbitration in accordance with rules like Rule 11(c), the issue of arbitrability is for the arbitrator. See Bruni v. Dixon, 160 Cal. App. 4th 1272, 1287-88 (2008); Rodriguez v. American Technologies, Inc., 136 Cal. App. 4th 1111, 1123 (2006) (arbitrability is for AAA arbitrator where rule states that the "arbitrator shall have the power to rule on his or her own

Page   7 of   13   DEPT. WEO

**MINUTES ENTERED**
01/14/09
**COUNTY CLERK**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09

DEPT. WEO

HONORABLE JOHN L. SEGAL    JUDGE

HONORABLE    JUDGE PRO TEM

NONE    Deputy Sheriff

ELMA MORA
AVA FRASER

NONE

DEPUTY CLERK
CRT ASST
ELECTRONIC RECORDING MONITOR

Reporter

8:30 am    SC100501

TOYOTA MOTOR SALES,U.S.A.,INC.
VS
DIMITRIOS P. BILLER

Plaintiff
Counsel          no appearances

Defendant
Counsel

**NATURE OF PROCEEDINGS:**

jurisdiction, including any objections with respect
to the existence, scope or validity of the
arbitration agreement") (emphasis omitted); Dream
Theater, Inc. v. Dream Theater, 124 Cal. App. 4th
547, 556-57 (2004) (same language).

_____
    1
       There is one unpublished case to the contary.


       The motion to compel arbitration is granted.
The arbitrability of the claims in Biller's
cross-complaint is also fairly obvious to the court.
And the court specifically finds that the
arbitration agreement is neither substantively nor
procedurally unconscionable, despite the fact that
it is a one-way arbitration agreement.
Nevertheless, although the court believes the
question is not a close one, the issue of
arbitrability of the claims in Biller's
cross-complaint is also one for the arbitrator.  The
action is stayed pending the arbitration.  The
stipulated restraining order remains in effect.

BILLER'S MOTION FOR SANCTIONS - Denied.

BILLER'S MOTION TO COMPEL DEPOSITIONS - Denied
without prejudice.  The complaint is stayed.  The
cross-complaint is subject to arbitration.

Page    8 of  13    DEPT. WEO

**MINUTES ENTERED**
01/14/09
**COUNTY CLERK**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09

HONORABLE JOHN L. SEGAL                     JUDGE

HONORABLE                              JUDGE PRO TEM

NONE                                  Deputy Sheriff

DEPT. WEO

| ELMA MORA | DEPUTY CLERK |
| AVA FRASER | CRT ASST |
| | ELECTRONIC RECORDING MONITOR |

NONE                        Reporter

---

8:30 am | SC100501

TOYOTA MOTOR SALES,U.S.A.,INC.
VS
DIMITRIOS P. BILLER

Plaintiff
Counsel

Defendant
Counsel

no appearances

---

**NATURE OF PROCEEDINGS:**

TOYOTA'S APPLICATIONS TO SEAL

Toyota has filed dozens if not hundreds of individual applications to seal various exhibits, individual pages, excepts, and isolated paragraphs of individual pages, many of which the court has already ruled on and on which Toyota asks the court to rule again.  The volume and format of the requests make it virtually impossible for the court to make consistent and accurate rulings, and completely impossible to seal any appropriate portions of the file pursuant to Rule 2.550.  The court has considered and weighed all of the factors in Rule 2.550, makes all the required findings in Rule 2.550(d), expressly, and has done its best.

Applications to seal in connection with Biller's motion for leave to file a cross- complaint

Biller's memorandum of points and authorities, 5:10-22 - Denied.
Biller's memorandum of points and authorities, 9:13-20 - Granted.
Biller's memorandum of points and authorities, 10:24-11:6 - Granted.
Settlement Agreement - Denied.
Draft Settlement Agreement - Denied.
Severance Agreement - Granted as to Paragraph 4.7 and otherwise denied.
Draft Severance Agreement - Granted as to Paragraph 4.7 and otherwise denied.

Page   9 of  13   DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 01/14/09 | **DEPT.** WEO |

| | | | |
|---|---|---|---|
| HONORABLE JOHN L. SEGAL | JUDGE | ELMA MORA<br>AVA FRASER | DEPUTY CLERK<br>CRT ASST |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | SC100501<br><br>TOYOTA MOTOR SALES,U.S.A.,INC.<br>VS<br>DIMITRIOS P. BILLER | Plaintiff<br>Counsel<br><br>Defendant<br>Counsel | no appearances |

**NATURE OF PROCEEDINGS:**

```
05/06/08 letter from Carlson to Casselman -
Denied.
12/04/06 letter from Tinto to Biller - Granted.
04/03/06 letter from Reynolds to Biller -
Denied without prejudice (who is Reynolds?)
Original cross-complaint, Exh. 5, fifth page,
bottom paragraph - Granted.
LTD website - Denied.  The court cannot seal a
website.
Exh. 5 to Biller's original cross-complaint, p.
8, slide 1 - Granted.
Exh. 5 to Biller's original cross-complaint, p.
8, slide 2 - Granted.
Exh. 5 to Biller's original cross-complaint, p.
15, slide 3 - Granted.
Carlson Decl., ¶ 3 - Denied.

Applications to seal in connection with
Toyota's motion to compel arbitration

Biller's Opposition, 17:8-12 - Denied.
Biller Decl., 2:13-21 - Granted as to "Toyota
needed" and otherwise denied.
Biller Decl., 3:8-20 - Granted.
Biller Decl., 3:21-22 - Denied.
Biller Decl., 3:23-4:5 - Granted.
Biller Decl., 4:6-21 - Granted.
Biller Decl., 4:7 - Denied.
Biller Decl., 5:5-8 Denied as to Biller's
emotional breakdown, and otherwise granted.
Biller Decl., 5:20-6:4 - Granted.
```

Page  10 of  13    DEPT. WEO

```
MINUTES ENTERED
01/14/09
COUNTY CLERK
```

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09

DEPT. WEO

HONORABLE JOHN L. SEGAL    JUDGE

HONORABLE    JUDGE PRO TEM

NONE    Deputy Sheriff

ELMA MORA
AVA FRASER

NONE

DEPUTY CLERK
CRT ASST
ELECTRONIC RECORDING MONITOR

Reporter

---

8:30 am   SC100501

TOYOTA MOTOR SALES,U.S.A.,INC.
VS
DIMITRIOS P. BILLER

Plaintiff
Counsel          no appearances

Defendant
Counsel

---

**NATURE OF PROCEEDINGS:**

```
        Biller Decl., 6:5-12 - Granted.
        Biller Decl., 6:14-15 - Granted.
        Biller Decl., 10:3-6 - Denied.
        Biller Decl., 10:19-20 - Denied.
        Biller Decl., 11:1-4 - Denied.
        Biller Decl., 11:7-11 - Denied.
        Biller Decl., 12:9-16 - Denied.
        Biller Decl., 14:9-12 - Denied.
        Biller's Opposition, 6:4-19 - Granted.
        Biller's Opposition, 7:1-2 - Granted.
        Biller's Opposition, 7:5-8 - Denied.
        Biller's Opposition, 8:9-23 - Denied.
        Biller's Opposition, 11:4-6 - Denied.
        Biller's Opposition, 13:4-12 - Denied.
        Biller's Opposition, 14:21-15:1- Denied.
        08/30/07 email from to Carlson - Granted.
        Biller Decl., Exh. 6 - Denied.
        Biller Decl., Exh. 7 - Denied.
        Biller Decl., Exh. 8 - Denied.
        Biller Decl., Exh. 9 -  Denied.
        Biller Decl., Exh. 10 - Denied.
        Rudnick Decl., Exh. 2 - Granted.

        Applications to seal in connection with
Biller's motion for sanctions

        Biller Dec., 5:21-6:16 - Granted as to the
second and third sentences and otherwise denied.
        08/30/07 email from to Carlson - Granted.
        Severance Agreement - Denied.
        Draft Severance Agreement - Denied.
```

Page  11 of  13    DEPT. WEO

MINUTES ENTERED
01/14/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 01/14/09 | **DEPT.** WEO |

| | | | |
|---|---|---|---|
| HONORABLE JOHN L. SEGAL | JUDGE | ELMA MORA<br>AVA FRASER | DEPUTY CLERK<br>CRT ASST |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | SC100501 | Plaintiff<br>Counsel | no appearances |
| | TOYOTA MOTOR SALES,U.S.A.,INC.<br>VS<br>DIMITRIOS P. BILLER | Defendant<br>Counsel | |

**NATURE OF PROCEEDINGS:**

04/03/06 letter from Reynolds to Biller -
Denied without prejudice
Biller Decl., Exh. - Granted.
Biller's opposition to motion to compel
arbitration - see above.
Biller's memorandum of points and authorities
in support of ex parte application for
commissions - Granted.
Biller Decl., Exh. 9 - Granted.
05/06/08 letter from Carlson to Casselman - see
above.

Applications to seal in connection with
Biller's motion to compel depositions

Biller's memorandum of points and authorities
in support of motion for leave to file a
cross-complaint - see above.
Settlement Agreement - see above.
Severance Agreement - see above.
Carlson Decl., ¶ 3 - see above.
05/06/08 letter from Carlson to Casselman - see
above.
12/04/06 letter from Tinto to Biller - see
above.

NOTICE
Clerk to give notice via U.S. Mail.

            CLERK'S CERTIFICATE OF MAILING/
               NOTICE OF ENTRY OF ORDER

                    Page  12 of  13   DEPT. WEO

| |
|---|
| **MINUTES ENTERED**<br>01/14/09<br>**COUNTY CLERK** |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09                                                   **DEPT.** WEO

HONORABLE  JOHN L. SEGAL           JUDGE     ELMA MORA              DEPUTY CLERK
                                             AVA FRASER             CRT ASST
HONORABLE                       JUDGE PRO TEM                ELECTRONIC RECORDING MONITOR

        NONE              Deputy Sheriff    NONE                          Reporter

---

8:30 am | SC100501                          Plaintiff
                                            Counsel
        TOYOTA MOTOR SALES,U.S.A.,INC.                 no appearances
        VS                                  Defendant
        DIMITRIOS P. BILLER                 Counsel

---

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
01/14/09 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Santa Monica, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: January 14, 2009

John A. Clarke, Executive Officer/Clerk


By: _____
        ELMA MORA

ALAN B. CARLSON
ATTORNEY FOR PLAINTIFF
2050 MAIN STREET
SUITE 900
IRVINE, CA  92614

DIMITRIOS P. BILLER
DEFENDANT & DEFENDANT IN PRO PER
906 KAGAWA STREET
PACIFIC PALISADES, CA  90272


                    Page  13 of  13    DEPT. WEO

┌─────────────────────────┐
│ **MINUTES ENTERED**     │
│ 01/14/09                │
│ **COUNTY CLERK**        │
└─────────────────────────┘

# EXHIBIT 4

ALAN B. CARLSON, Bar No. 055090
FERMIN H. LLAGUNO, Bar No. 185222
LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
Telephone:    949.705.3000
Fax No.:        949.724.1201

Attorneys for Plaintiff
TOYOTA MOTOR SALES, U.S.A., INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

WEST DISTRICT

| | |
|---|---|
| TOYOTA MOTOR SALES, U.S.A., INC., | Case No. |
| Plaintiff, | |
| v. | **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |
| DIMITRIOS P. BILLER, and DOES 1 through 10, inclusive, | |
| Defendant. | |

TO DEFENDANT DIMITRIOS P. BILLER ("BILLER"):

YOU ARE HEREBY ORDERED TO SHOW CAUSE at ~~March 19~~ 8:30 a.m./~~p.m.~~, on March 19, 2009, or as soon thereafter as counsel may be heard, in Department O of the Superior Court of the State of California, Santa Monica Courthouse, 1725 Main Street, Santa Monica, CA 90401, why you should not be restrained and enjoined, pending an arbitration in this action pursuant to an existing agreement between the parties, from:

(a)      Disclosing, directly or indirectly, in any manner any confidential attorney-client communications, written or verbal, between Biller and Toyota;

(b)      Disclosing, directly or indirectly, in any manner any confidential attorney-client communications, written or verbal, between attorneys within Toyota's Legal Services Group

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

Exhibit 4, Page 22

1  of which Biller has knowledge through his employment as an attorney by Toyota and legal
2  representation of Toyota;

3                      (c)    Disclosing, directly or indirectly, in any manner any confidential documents,
4  materials or information, written or verbal, regarding the business affairs of Toyota of which Biller
5  has knowledge through his employment as an attorney by Toyota and legal representation of Toyota;

6                      (d)    Disclosing, directly or indirectly, in any manner any confidential documents,
7  materials or information, written or verbal, regarding the business affairs of companies affiliated
8  with Toyota, including but not limited to Toyota Motor Corporation, of which Biller has knowledge
9  through his employment as an attorney by Toyota and legal representation of Toyota; and

10                     (e)    Disclosing any other confidential communications, documents, materials or
11 information, written or verbal, protected by California Business and Professions Code section
12 6068(e)(1) and/or the attorney-client privilege regarding the business affairs of Toyota and/or
13 companies affiliated with Toyota, including but not limited to Toyota Motor Corporation, of which
14 Biller has knowledge through his employment as an attorney by Toyota and legal representation of
15 Toyota.

16                     PENDING HEARING on the above Order to Show Cause, YOU ARE HEREBY
17 RESTRAINED AND ENJOINED from:

18                     (a)    Disclosing, directly or indirectly, in any manner any confidential attorney-
19 client communications, written or verbal, between Biller and Toyota;

20                     (b)    Disclosing, directly or indirectly, in any manner any confidential attorney-
21 client communications, written or verbal, between attorneys within Toyota's Legal Services Group
22 of which Biller has knowledge through his employment as an attorney by Toyota and legal
23 representation of Toyota;

24                     (c)    Disclosing, directly or indirectly, in any manner any confidential documents,
25 materials or information, written or verbal, regarding the business affairs of Toyota of which Biller
26 has knowledge through his employment as an attorney by Toyota and legal representation of Toyota;

27                     (d)    Disclosing, directly or indirectly, in any manner any confidential documents,
28 materials or information, written or verbal, regarding the business affairs of companies affiliated

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

2.

TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION
Exhibit 4, Page 23

1  with Toyota, including but not limited to Toyota Motor Corporation, of which Biller has knowledge

2  through his employment as an attorney by Toyota and legal representation of Toyota; and

3          (e)      Disclosing any other confidential communications, documents, materials or

4  information, written or verbal, protected by California Business and Professions Code section

5  6068(e)(1) and/or the attorney-client privilege regarding the business affairs of Toyota and/or

6  companies affiliated with Toyota, including but not limited to Toyota Motor Corporation, of which

7  Biller has knowledge through his employment as an attorney by Toyota and legal representation of

8  Toyota.

9          This Order to Show Cause and supporting papers must be served on Defendant no

10  later than _11/07/08_ ~~court days before the hearing~~ and proof of service shall be filed no later

11  than _11/14/08_, ~~court days before the hearing.~~  Any response or opposition to this Order to

12  Show Cause must be filed and personally served on Plaintiff's counsel no later than

13  _February 19, 2009._ ~~court days before the date set for the hearing and proof of service shall be filed no~~

14  ~~later than~~ ____ ~~court days before the hearing.~~ _Any reply papers must be_

15  _filed and personally served by March 12, 2009_

16

17  Dated: _November 7_ , 2008

18                              JUDGE OF THE SUPERIOR COURT

19  Firmwide:87346209.1 013186.1090               JOHN L. SEGAL

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

3.

TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

# EXHIBIT 5

1  Dimitrios P. Biller, Pro Per
   California State Bar No. 142730
2  906 Kagawa Street
   Pacific Palisades, CA 90272
3  Telephone: (310) 459-9870
   Facsimile:  (310) 459-9879
4

5

   Attorney for Defendant
6

7

8

9                 SUPERIOR COURT OF CALIFORNIA

10                 COUNTY OF LOS ANGELES,

11                    WEST DISTRICT

12

13

14  TOYOTA MOTOR SALES, U.S.A.,) Case No.: SC100501
                              )
15  INC.,                     )
                              ) DEFENDANT'S MEMORANDUM OF
16        Plaintiff,          ) POINTS & AUTHORITIES IN
                              ) SUPPORT OF DEFENDANT'S
17     vs.                    ) MOTION FOR AN ORDER
                              ) REVERSING THE STIPULATED
    DIMITRIOS P. BILLER, and  ) TRO, OR IN THE ALTERNATIVE,
18  Does 1 through 10,        ) STAYING THE ARBITRATION
                              ) PENDING THE OUTCOME THE
19                            ) FEDERAL ACTION AGAINST
          Defendant.          ) PLAINTIFF
20                            )
                              ) Date: August 14, 2009
21                            ) Time: 9:00 a.m.
                              ) Dept: "O"
22  _____
                                BEFORE THE HONORABLE JOHN
23                              SEGAL

24

25  Memorandum of Points & Authorities in Support of Defendant's Motion for an

       Order Reversing the Stipulated TRO, or in the alternative, Staying the

    Arbitration Pending the Outcome of the Federal Action against Plaintiff- 1

Exhibit 5, Page 25

# Table of Contents

MEMORANDUM OF POINTS AND AUTHORITIES ................5

I. ...........................................5

INTRODUCTION .......................................5

II. ..........................................7

BACKGROUND ........................................7

  A. Defendant is Seeking an Order to Prevent Plaintiff
     from Enforcing the Severance Agreement because it
     is illegal ......................................7

  B. Stipulated Temporary Restraining Order ...........9

  C. Federal Action against TMS, TMC and Others .......11

III. ........................................13

ARUGMENT .........................................13

  A. Plaintiff Waived or Consented to Defendant's
     Statements at the LDT, Consulting Seminar ........13

  B. The TRO was Based on Fraudulent and Improper
     Declarations ......................................15

  C. The United States District Court for the Central
     District of California Will Decide Whether the
     Severance Agreement is Valid or Illegal ..........16

IV. .........................................18

Memorandum of Points & Authorities in Support of Defendant's Motion for an

Order Reversing the Stipulated TRO, or in the alternative, Staying the

Arbitration Pending the Outcome of the Federal Action against Plaintiff- 2

CONCLUSION ........................................18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Memorandum of Points & Authorities in Support of Defendant's Motion for an

Order Reversing the Stipulated TRO, or in the alternative, Staying the

Arbitration Pending the Outcome of the Federal Action against Plaintiff- 3

# EXHIBIT 6

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/14/09                                                                    **DEPT.** WEO

HONORABLE JOHN L. SEGAL              JUDGE    J. CITRON              DEPUTY CLERK
                                                AVA FRASER            CRT ASST
HONORABLE                         JUDGE PRO TEM                       ELECTRONIC RECORDING MONITOR

        NONE                      Deputy Sheriff   K. YODER    CSR 8123        Reporter

9:00 am  SC100501                              Plaintiff   FERMIN LLAGUNO        (X)
                                                Counsel    ALAN CARLSON          (X)
         TOYOTA MOTOR SALES,U.S.A.,INC.                     DAVID MAOZ           (X)
         VS                                     Defendant  DIMITRIOS BILLER      (X)
         DIMITRIOS P. BILLER                    Counsel             IN PRO PER

         FILE SENT TO REPRODUCTION FOR
         COPIES

**NATURE OF PROCEEDINGS:**

PLAINTIFF TOYOTA MOTOR SALES, U.S.A., INC., EX PARTE
APPLICATION FOR ORDER TO SHOW CAUSE RE: CONTEMPT
AND REQUESTS FOR MONETARY SANCTIONS, ATTORNEYS' FEES,
AND TO SEAL SUPPORTING DECLARATION CONTINUED FROM
JUNE 26, 2009;

Matter is called for hearing.

Plaintiff's ex parte application is read, considered,
and argued.

The Court takes the matter under submission.

Later: the Court makes the following ruling on the
submitted matter:

Case is set for an order to show cause why the con-
duct of Dimitrios P. Biller should not be referred to
the State Bar for the investigation of possible
violations of Rule 3-100 of the California Rules of
Professional Conduct, and Section 6068(e) of the
Business and Professions Code.

The hearing on the order to show cause will be set on
September 25, 2009 at 9:00a.m. in Department WEO.

Plaintiff's counsel's request to seal are granted.

Clerk is to give notice.
        CLERK'S CERTIFICATE OF MAILING/

                Page    1 of    2    DEPT. WEO

**MINUTES ENTERED**
08/14/09
**COUNTY CLERK**

Exhibit 6, Page 28

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/14/09                                                                    **DEPT.** WEO

HONORABLE  JOHN L. SEGAL              JUDGE      J. CITRON            DEPUTY CLERK
                                                 AVA FRASER          CRT ASST
HONORABLE                        JUDGE PRO TEM                       ELECTRONIC RECORDING MONITOR

        NONE                      Deputy Sheriff    K. YODER      CSR 8123      Reporter

| 9:00 am | SC100501 | | Plaintiff | FERMIN LLAGUNO | (X) |
|---|---|---|---|---|---|
| | | | Counsel | ALAN CARLSON | (X) |
| | TOYOTA MOTOR SALES,U.S.A.,INC. | | | DAVID MAOZ | (X) |
| | VS | | Defendant | DIMITRIOS BILLER | (X) |
| | DIMITRIOS P. BILLER | | Counsel | IN PRO PER | |

FILE SENT TO REPRODUCTION FOR
COPIES

**NATURE OF PROCEEDINGS:**

                    NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
 8/14/09    upon each party or counsel named below by
depositing in the United States mail at the courthouse
in  Santa Monica , California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: August 14, 2009

John A. Clarke, Executive Officer/Clerk


By: _____
          J. Citron

Dimitrios Biller
906 Kagawa Street
Pacific Palisades, California  90272


Alan Carlson
Fermin Llaguno
2050 Main Street, Suite 900
Irvine, California  92614


                    Page   2 of   2   DEPT. WEO

┌─────────────────────────┐
│ **MINUTES ENTERED**     │
│ 08/14/09                │
│ **COUNTY CLERK**        │
└─────────────────────────┘

# EXHIBIT 7

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 09/25/09 | | DEPT. WEO |
|---|---|---|
| HONORABLE JOHN SEGAL    JUDGE | ELMA MORA<br>AVA  FRASER | DEPUTY CLERK<br>CRT ASST |
| HONORABLE    JUDGE PRO TEM<br>3 | | ELECTRONIC RECORDING MONITOR |
| NONE    Deputy Sheriff | A. THOMPSON,    CSR#12370    Reporter | |

| 9:00 am | SC100501 | Plaintiff<br>Counsel | ALAN B. CARLSON (X)<br>FERMIN H. LLAGUNO (X) |
|---|---|---|---|
| | TOYOTA MOTOR SALES,U.S.A.,INC.<br>VS<br>DIMITRIOS P. BILLER | | DAVID S. MAOZ (X) |
| | | Defendant<br>Counsel | JEFFREY ALLEN (X)<br>JOSEPH WOHRLE (X) |
| | FILE SENT TO REPRODUCTION FOR<br>COPIES | | |

**NATURE OF PROCEEDINGS:**

ORDER TO SHOW CAUSE WHY THE CONDUCT OF DIMITRIOS
BILLER SHOULD NOT BE REFERRED TO THE STATE BAR;

DEFENDANT DIMITRIOS P. BILLER'S MOTION FOR AN ORDER
REVERSING THE STIPULATED TEMPORARY RESTRAINING ORDER;

PLAINTIFF TOYOTA MOTOR SALES, U.S.A., INC.'S HEARING
RE APPLICATION TO SEAL PORTIONS OF CERTAIN RECORDS;

The matter is called for hearing as reflected in the
verbatim notes of the court reporter incorporated
herein by reference.

Order to show cause why the conduct of Dimitrios
Biller should not be referred to the State Bar is
heard and discharged.

Plaintiff's application for a preliminary injunction
is granted. Bond set at $10,000. Plaintiff to give
notice and submit a proposed order within five days.

Case remains stayed pending arbitration.

Page    1 of    1    DEPT. WEO

```
MINUTES ENTERED
09/25/09
COUNTY CLERK
```

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              FOR THE COUNTY OF LOS ANGELES

3   DEPARTMENT WE O              HON. JOHN L. SEGAL, JUDGE

4

5   TOYOTA MOTOR SALES U.S.A., ET AL, )
                                      )
6                  PLAINTIFFS,        )
                                      )
7        VS.                          )   NO. SC 100501
                                      )
8   DIMITRIOS P. BILLER, ET AL.,      )
                                      )
9                  DEFENDANTS.        )
    _____)

10

11          REPORTER'S TRANSCRIPT OF PROCEEDINGS

12             FRIDAY, SEPTEMBER 25, 2009

13

14   APPEARANCES:

15   FOR PLAINTIFFS:        LITTLER, MENDELSON, P.C.
                            BY:  FERMIN H. LLAGUNO, ESQ.
16                               ALAN B. CARLSON, ESQ.
                                 DAVID S. MAOZ, ESQ.
17                          2050 MAIN STREET
                            SUITE 900
18                          IRVINE, CALIFORNIA 92614

19

     FOR DEFENDANTS:        ALLEN & WOHRLE, LLP
20                          BY:  JEFFREY ALLEN, ESQ.
                                 JOSEPH WOHRLE, ESQ.
21                          2800 28TH STREET
                            SUITE 321
22                          SANTA MONICA, CALIFORNIA 90405

23

24

25

26

27

28   **COPY**    ADRIANNE THOMPSON, RPR, CSR #12370
                 OFFICIAL REPORTER

```
 1    CASE NUMBER:                    SC 100501

 2    CASE NAME:                      TOYOTA MOTOR SALES, USA,
                                      INC., VS. DIMITRIOS P.
 3                                    BILLER

 4    SANTA MONICA, CALIFORNIA        FRIDAY, SEPTEMBER 25, 2009

 5    DEPARTMENT WE O                 HON. JOHN L. SEGAL, JUDGE

 6    REPORTER:                       ADRIANNE THOMPSON, CSR NO.
                                      12370
 7

 8    TIME:                          9:03 A.M.

 9    APPEARANCES:

10               FERMIN H. LLAGUNO, ESQ., ALAN B. CARLSON, ESQ.,

11    DAVID S. MAOZ, ESQ., FOR TOYOTA MOTOR SALES; AND JEFFREY

12    ALLEN, ESQ., AND JOSEPH WOHRLE, ESQ., ON BEHALF OF DEFENDANT.

13

14         THE COURT:  START WITH NUMBER THREE, TOYOTA MOTOR

15    SALES, USA VS. BILLER, SC 100501.

16         MR. LLAGUNO:  GOOD MORNING, YOUR HONOR.  FERMIN

17    LLAGUNO, ALAN CARLSON, AND DAVID MAOZ WITH LITTLER MENDELSON

18    ON BEHALF OF THE PLAINTIFF TOYOTA MOTOR SALES.

19         MR. ALLEN:  GOOD MORNING, YOUR HONOR.  JEFFREY ALLEN

20    AND JOSEPH WOHRLE OF ALLEN & WOHRLE, SPECIALLY APPEARING ON

21    BEHALF OF THE DEFENDANT.

22         MR. WOHRLE:  GOOD MORNING, YOUR HONOR.

23         THE COURT:  HAVE YOU SUBSTITUTED IN TO THE CASE?

24         MR. ALLEN:  WE'RE IN THE PROCESS OF DOING THAT.

25         THE COURT:  ARE YOU GOING TO SUBSTITUTE IN?

26         MR. ALLEN:  I BELIEVE WE ARE.  WE'RE WORKING OUT THE

27    DETAILS.

28         THE COURT:  I'M SORRY?
```

```
 1          MR. ALLEN:  I BELIEVE WE ARE.  WE'RE WORKING OUT THE
 2   DETAILS.
 3          THE COURT:  SHOULD I ALLOW YOU TO BE HEARD TODAY, OR
 4   SHOULD YOU HAVE A SEAT IN THE AUDIENCE BECAUSE YOU'RE NOT
 5   ATTORNEYS OF RECORD?
 6          MR. ALLEN:  SPECIALLY APPEARING, YOUR HONOR.
 7          THE COURT:  THERE'S REALLY NO SUCH THING UNLESS YOU'RE
 8   CHALLENGING PERSONAL JURISDICTION.
 9          MR. ALLEN:  SPECIALLY APPEARING AS COUNSEL, NOT MAKING
10   A SPECIAL APPEARANCE ON BEHALF OF THE DEFENDANT.
11          THE COURT:  STILL NO SUCH THING.  ARE YOU GUYS COMING
12   INTO THE CASE OR NOT?
13          MR. ALLEN:  WE WILL BE COMING INTO THE CASE, YOUR
14   HONOR.
15          THE COURT:  FAIR ENOUGH.  AND I'LL DISCLOSE FOR THE
16   RECORD THAT I KNOW MR. ALLEN FROM YEARS AGO.
17              HOW LONG HAS IT BEEN?  TEN YEARS AGO?
18          MR. ALLEN:  NOT QUITE THAT LONG.  SEVEN OR EIGHT.
19          THE COURT:  WE WERE ASSOCIATED IN THE PRACTICE OF
20   LAW -- FOR ABOUT A YEAR, MAYBE?
21          MR. ALLEN:  CORRECT.
22          THE COURT:  IT WON'T AFFECT MY ABILITY TO BE FAIR AND
23   IMPARTIAL.  I MAKE THAT DISCLOSURE FOR THE RECORD.
24              IT'S YOUR MOTION FOR PRELIMINARY INJUNCTION.
25   YOU MAY BE HEARD.
26          MR. LLAGUNO:  YES, YOUR HONOR.  I BELIEVE THE MATTER
27   HAS BEEN BRIEFED RATHER SIGNIFICANTLY, AND YOUR HONOR KNOWS
28   THIS CASE ABOUT AS WELL AS I WOULD EXPECT YOUR HONOR KNOWS ANY
```

1    CASE BEFORE THE COURT.  IF YOUR HONOR HAS ANY SPECIFIC

2    QUESTIONS FOR ME, I'M HAPPY TO ANSWER THEM.  OTHERWISE WE'LL

3    SUBMIT ON THE PAPERS, YOUR HONOR.

4         THE COURT:  MR. ALLEN.

5         MR. ALLEN:  THE ONE ISSUE -- WE'LL ALSO REST ON THE

6    PAPERS, BUT I HAVE TWO ISSUES I WANT TO RAISE:  THE FIRST IS

7    MORE A PROCEDURAL ISSUE AND THAT IS PURSUANT TO C.C.P. 527(F),

8    I BELIEVE THAT PLAINTIFFS WOULD BE REQUIRED TO SUBMIT

9    SUPPORTING PAPERS INITIALLY -- WHICH WE'VE GOT NONE AND I

10   DON'T BELIEVE ANY WERE FILED.  SO THE FIRST DOCUMENTS THAT

11   WERE FILED IN THIS INSTANCE WERE THE OPPOSITION PAPERS WHICH

12   MADE IT A LITTLE BIT DIFFICULT TO OPPOSE SOMETHING THAT WAS

13   UNCLEAR.

14        THE COURT:  NO, IT WAS AN ORDER TO SHOW CAUSE FROM A

15   LONG TIME AGO.  SO THAT WAS THEIR MOVING PAPERS.  AND I THINK

16   USUALLY ON A PRELIMINARY INJUNCTION THERE'S THE ORDER TO SHOW

17   CAUSE, THEN THE OPPOSITION, THEN THE REPLY.  I THINK THAT'S

18   WHAT HAPPENED.

19        MR. ALLEN:  WELL, WE'LL SUBMIT THAT ARGUMENT.  THE

20   OTHER IS --

21        THE COURT:  IT IS PRESERVED.

22        MR. ALLEN:  THANK YOU.  IN THIS INSTANCE THERE HAS -- A

23   BOND HAS NOT BEEN REQUESTED OR SUBMITTED, AND WE CONTEND THAT

24   A BOND IS REQUIRED IN THIS INSTANCE.

25        THE COURT:  YOU MAY BE HEARD ON THE BOND.

26        MR. ALLEN:  IF YOU WOULDN'T MIND, BECAUSE WE WERE

27   BROUGHT IN LATE ON THIS, I WOULD LET MR. WOHRLE HANDLE THIS.

28        THE COURT:  THAT'S FINE.

1          MR. WOHRLE:  THANK YOU, YOUR HONOR.  WITH REGARD TO THE

2    BOND, YOUR HONOR, ONE OF THE FACTORS THAT IS CONSIDERED WITH

3    RESPECT TO THE BOND IS THE COST OF DEFENSE THAT MAY BE

4    RECOVERED AGAINST THE SURETY IN THE CASE ON THE OFF CHANCE

5    THAT THE PRELIMINARY INJUNCTION WAS IMPROVIDENTLY GRANTED, AND

6    I THINK IN A CASE LIKE THIS -- WE'RE UP TO VOLUME 8, MAYBE

7    9 -- THE DEFENSE COSTS WILL BE ENORMOUS.  JUST ON THAT BASIS

8    ALONE, I WOULD ESTIMATE PROBABLY HALF A MILLION DOLLARS, AND

9    THAT DOESN'T EVEN INCLUDE THE AMOUNT OF DAMAGE THAT MY CLIENT

10   WOULD SUFFER IF THE PRELIMINARY INJUNCTION IS IMPROVIDENTLY

11   GRANTED.  SPECIFICALLY, FOR EXAMPLE, ONE OF THE THINGS THAT

12   MR. BILLER WOULD BE ENJOINED FROM, IF THE PRELIMINARY

13   INJUNCTION IS GRANTED, IS PUBLICIZING HIS C.V. AND HIS RESUMÉ

14   AND THE FACT THAT HE USED TO WORK FOR TOYOTA.  IF MR. BILLER

15   IS --

16         THE COURT:  THAT'S NOT COVERED BY THE INJUNCTION.  HE

17   CAN TELL PEOPLE WHO -- I DOUBT THERE'S ANYONE LEFT IN THE

18   UNITED STATES WHO DOESN'T KNOW HE WORKED FOR TOYOTA.

19         MR. WOHRLE:  PROBABLY NOT NOW.

20         THE COURT:  NOT NOW.  BUT HE CAN -- THE INJUNCTION IS

21   NOT TO PROHIBIT HIM FROM PUBLICIZING THAT HE WORKED FOR TOYOTA

22   OR FOR THAT -- OR TO PROHIBIT HIM FROM DISTRIBUTING HIS RESUMÉ

23   OR C.V.  THAT'S NOT COVERED BY THE TERMS OF THE ORDER TO SHOW

24   CAUSE.

25         MR. WOHRLE:  IT DEPENDS WHAT THE RESUMÉ OR C.V. MIGHT

26   CONTAIN.  FOR EXAMPLE, IF THE RESUMÉ OR C.V. CONTAINS

27   SOMETHING THAT'S A MATTER OF PUBLIC RECORD, FOR EXAMPLE, THAT

28   MR. BILLER APPEARED IN COURT AND TRIED A CASE SUCCESSFULLY FOR

```
 1    TOYOTA, LET'S SAY, IN TEXAS, WHICH IS A MATTER OF PUBLIC
 2    RECORD, I BELIEVE THAT IS SOMETHING THAT TOYOTA IS ATTEMPTING
 3    TO ENJOIN.  IT'S ONE THING FOR A LAWYER TO SAY, "I USED TO BE
 4    A PARTNER AT PILLSBURY WINTHROP.  PLEASE, LET ME BE YOUR
 5    CONSULTANT."  IT'S ANOTHER THING FOR A LAWYER TO SAY THAT
 6    PLUS, "I TRIED 12 CASES TO CONCLUSION WITHIN 36 MONTHS AND WON
 7    THEM ALL.  HERE THEY ARE.  PLEASE HIRE ME AS YOUR CONSULTANT."
 8                    SO MR. BILLER IS, ESSENTIALLY, DEPRIVED FROM
 9    EARNING A LIVELIHOOD AT THIS TIME BY VIRTUE OF THE INJUNCTIVE
10    RELIEF THAT TOYOTA IS SEEKING.  AND, YOU KNOW, YOUR HONOR,
11    THEY MAY BE RIGHT.  THEY MAY GO TO TRIAL, AND THEY MAY WIN,
12    AND THEY MAY GET A PERMANENT INJUNCTION, BUT THEY MIGHT NOT.
13    AND IF THEY DON'T, OUR CLIENT IS GOING TO BE OUT A LOT OF
14    MONEY.
15                    SO JUST FOR THOSE REASONS, IF YOU ADD THE
16    POTENTIAL LOSS OF EARNINGS PLUS THE DEFENSE COST, A MILLION
17    DOLLARS REALLY IS A CONSERVATIVE ESTIMATE, AND THAT
18    REQUIREMENT IS MANDATORY UNDER C.C.P. 520, YOUR HONOR.  AND
19    THEY HAVEN'T EVEN ARGUED IT.
20         THE COURT:  NOR HAVE YOU.  THAT'S WHY MAYBE IT'S FOR
21    ANOTHER DAY.  I MEAN, YOU JUST DID, BUT I MEAN IT'S NOT IN THE
22    PAPERS.
23         MR. WOHRLE:  THAT'S TRUE, YOUR HONOR, BUT BOND
24    REQUIREMENT ISN'T WAIVED EVEN IF THE DEFENDANT DOESN'T BRING
25    IT UP.
26         THE COURT:  TRUE.
27         MR. LLAGUNO:  YOUR HONOR, THE BOND IS REQUIRED IF
28    ORDERED BY THE COURT BUT NOT AUTOMATICALLY REQUIRED, AND THE
```

1    PARTY REQUESTING THE PRELIMINARY INJUNCTION HAS TEN DAYS TO

2    COMPLY WITH THE COURT'S ORDER ORDERING THE BOND.  WE'VE HAD NO

3    SUCH ORDER IN THIS CASE.  AND YOUR HONOR WAS CORRECT.  WE HAD

4    PRELIMINARILY BRIEFED THE ISSUE OF THE ORDER TO SHOW CAUSE.

5    YOUR HONOR HAD SET AN ORDER TO SHOW CAUSE BASED ON TOYOTA'S

6    PRELIMINARY SUBMISSION.  AND WE ARE HERE TODAY ON THE HEARING

7    ON THAT ORDER TO SHOW CAUSE.

8            THE COURT:  ANYTHING ELSE?

9            MR. WOHRLE:  I JUST HAVE TO DISAGREE ON THE LAW,

10    YOUR HONOR.  C.C.P. 529(A) SAYS -- AND I QUOTE -- "ON GRANTING

11    AN INJUNCTION, THE COURT OR JUDGE MUST REQUIRE AN

12    UNDERTAKING" --

13            THE COURT:  YOU'RE RIGHT.  IT'S GOT TO BE A BOND.

14            MR. WOHRLE:  THERE HAS TO BE.  PRECISELY.

15            THE COURT:  WE'RE JUST DISCUSSING WHAT THE AMOUNT IS.

16            MR. WOHRLE:  RIGHT.  BUT I THOUGHT I HEARD COUNSEL SAY

17    IT'S NOT ALWAYS REQUIRED.

18            THE COURT:  I DON'T KNOW IF HE SAID THAT.  HE'S NOT

19    RIGHT IF HE SAID THAT.

20            MR. WOHRLE:  VERY GOOD.

21            THE COURT:  ANYTHING ELSE?

22            MR. LLAGUNO:  NO, YOUR HONOR.

23            THE COURT:  ANYTHING ELSE?

24            MR. ALLEN:  NO, YOUR HONOR.

25            THE COURT:  SUBMITTED?

26            MR. WOHRLE:  SUBMITTED.

27            MR. ALLEN:  SUBMITTED.

28            MR. LLAGUNO:  SUBMITTED, YOUR HONOR.

1    THE COURT:  OKAY.  AS TO THE PRELIMINARY INJUNCTION,

2  FIRST LET ME SAY AS A PRELIMINARY MATTER ON THE PRELIMINARY

3  INJUNCTION, THE CASE ON WHICH THE DEFENDANT, MR. BILLER,

4  RELIES PRIMARILY, STATE FARM FIRE AND CASUALTY COMPANY VS.

5  SUPERIOR COURT 54 CAL. APP. 4TH, 625 -- ALTHOUGH MR. BILLER

6  SAYS I HAVEN'T READ IT, I'VE READ IT MANY TIMES.  IN FACT,

7  HERE IT IS.  THESE ARE MY POST-ITS INDICATING THAT I HAVE READ

8  IT -- IT DOES NOT SUPPORT MR. BILLER.

9    FIRST OF ALL, THE CASE SAYS THAT SOME

10  ATTORNEY-CLIENT COMMUNICATIONS WERE PRIVILEGED, OTHERS WERE

11  NOT.  YOU HAVE TO GO BY A CASE-BY-CASE BASIS WHICH IS WHAT WE

12  HAVE DONE IN THIS LITIGATION EXHAUSTIVELY.  MORE IMPORTANT OR

13  AS IMPORTANT, THE INDIVIDUAL INVOLVED -- IS IT ZUNIGA?

14  Z-U-N-I-G-A -- WAS NOT AN ATTORNEY.  IT DIDN'T INVOLVE HIS OR

15  SOMEONE'S WORK PRODUCT.  AT LEAST HE WASN'T AN ATTORNEY.

16  THERE WAS NO ISSUE OF WORK PRODUCT THAT I COULD SEE.  AND THE

17  COURT ACTUALLY SAYS ON PAGE 642 WHERE MY SECOND POST-IT IS,

18  THAT THE COMMUNICATION WITH AN IN-HOUSE ATTORNEY WAS

19  PRIVILEGED, PROTECTED BY ATTORNEY CLIENT PRIVILEGE.

20    SO THAT CASE IS VERY DISTINGUISHABLE FROM THIS

21  CASE.  THE COURT FINDS IN THIS CASE JUST AS A MATTER OF

22  PRELIMINARY INJUNCTION AND PROVISIONAL RELIEF, TOYOTA HAS

23  SHOWN A PROBABLE SUCCESS ON THE MERITS, CERTAIN IRREPARABLE

24  HARM, AND THAT THE EQUITIES WEIGH STRONGLY IN FAVOR OF TOYOTA,

25  AND THE COURT SO FINDS.

26    I DO NOT THINK, HOWEVER, THE COURT CAN ENJOIN

27  MR. BILLER FROM DOING WHAT HE NEEDS TO DO, AND WHAT HE HAS TO

28  DO IN FEDERAL COURT, BUT THERE'S NOTHING WRONG WITH A

1    PRELIMINARY INJUNCTION IN THIS CASE THAT REQUIRES MR. BILLER

2    TO MAINTAIN THE CONFIDENCES OF HIS FORMER CLIENT.

3            I DO NOT KNOW WHO'S GOING TO PREVAIL IN THIS

4    DISPUTE.  THAT'S NOT FOR ME.  THAT'S FOR THE ARBITRATOR.  THE

5    PRELIMINARY INJUNCTION IS ONLY PROVISIONAL RELIEF, AND ITS

6    DURATION IS LIMITED UNTIL THE ARBITRATOR DECIDES THE CASE AND

7    THE PRELIMINARY INJUNCTION EITHER EXPIRES OR IS MERGED INTO A

8    JUDGMENT.

9            TODAY SHOULD BE THE LAST TIME THE PARTIES ARE

10   HERE UNTIL THERE'S A PETITION TO CONFIRM THE ARBITRATION

11   AWARD.

12            WHO'S THE ARBITRATOR, AGAIN?

13       MR. LLAGUNO:  HONORABLE GARY TAYLOR, YOUR HONOR.

14       THE COURT:  YOU'RE ALWAYS WELCOME HERE, BUT THERE'S NO

15   REASON FOR YOU TO BE HERE, REALLY, UNTIL THE END OF THE

16   ARBITRATION.  WELL, THERE MAY BE A MOTION ON THE BOND -- I'LL

17   GET TO THAT IN A MINUTE.  I AGREE WITH JUDGE KING, WHO'S AN

18   EXCELLENT JUDGE, THAT WHATEVER I DO TODAY IS PROBABLY FUTILE,

19   BUT THAT DOES NOT EXCUSE ME FROM FULFILLING MY DUTY OF MAKING

20   MY BEST EFFORTS TO DO WHAT IS RIGHT AND APPROPRIATE UNDER

21   CALIFORNIA LAW.

22            TOYOTA'S MOTION FOR PRELIMINARY INJUNCTION IS

23   GRANTED.  TOYOTA IS TO SUBMIT A PROPOSED ORDER CONSISTENT WITH

24   THE TEMPORARY RESTRAINING ORDER WITHIN FIVE DAYS.  THE BOND

25   WILL BE SET AT $10,000 WITHOUT PREJUDICE TO EITHER SIDE'S

26   RIGHT TO FILE A MOTION TO INCREASE OR DECREASE THE AMOUNT OF

27   THE BOND, SINCE IT REALLY HASN'T BEEN BRIEFED SO FAR.  NOTHING

28   I SAY TODAY IS WITHOUT PREJUDICE TO EITHER SIDE'S RIGHT ON

```
 1    THAT ISSUE.
 2               TOYOTA'S APPLICATIONS TO SEAL ARE GRANTED.  THE
 3    COURT MAKES ALL THE EXPRESS FINDINGS UNDER RULE 2.550(D).
 4               TOYOTA'S INTEREST IN PROTECTING ITS
 5    ATTORNEY-CLIENT PRIVILEGED INFORMATION AND ITS WORK PRODUCT
 6    OVERRIDES THE RIGHT OF PUBLIC ACCESS TO TOYOTA'S PRIVILEGED
 7    INFORMATION.  I'LL NOTE SO THAT THE REVIEWING COURT KNOWS,
 8    MUCH OF THE INFORMATION IN THE FILE IS NOT SEALED.  I DON'T
 9    KNOW WHAT VOLUME THIS IS.  COULD BE NINE OR TEN.  THERE ARE
10    EIGHT OTHER VOLUMES OF STUFF.  THERE'S A LOT OF STUFF THAT'S
11    NOT SEALED.  THE PUBLIC HAS FREE ACCESS TO ALL OF THAT PLUS
12    EVERYTHING THAT'S GOING ON IN FEDERAL COURT, EVERYTHING ON THE
13    INTERNET, WHICH I HAVEN'T SEEN.
14               THE PUBLIC HAS ACCESS TO THE FILES IN
15    MR. BILLER'S OTHER ACTIONS.  I THINK THERE'S AT LEAST TWO,
16    MAYBE THREE.
17               THE CRIME-FRAUD EXCEPTION DOESN'T APPLY BECAUSE
18    MR. BILLER IS DISCLOSING FIRST AND SEEKING COURT APPROVAL OR
19    PERMISSION SECOND, AND APPARENTLY WILL CONTINUE TO DO SO.
20    ALSO MR. BILLER IS NOT USING THE CRIME-FRAUD EXCEPTION IN THIS
21    CASE TO PROTECT HIMSELF OR THE PUBLIC BUT FOR HIS PERSONAL
22    FINANCIAL GAIN IN CARRYING ON HIS BUSINESS WHICH HE WAS DOING
23    AT THE BEGINNING OF THE LITIGATION.  I DON'T KNOW IF HE'S
24    DOING IT NOW.
25               ALSO TOYOTA'S OVERRIDING INTEREST SUPPORTS
26    SEALING OF THE PRIVILEGED PORTIONS OF THE RECORD IN THIS CASE,
27    AND WHERE IT DOESN'T SO OVERRIDE THE RECORD HAS NOT BEEN
28    SEALED.  THERE HAVE BEEN REPORTERS HERE LOOKING AT ALL KINDS
```

1  OF STUFF THAT'S NOT SEALED.

2           THERE IS A SUBSTANTIAL PROBABILITY THAT

3  TOYOTA'S INTEREST IN PROTECTING THE WORK PRODUCT OF ITS LEGAL

4  DEPARTMENT WILL BE PREJUDICED IF THE PRIVILEGED AND WORK

5  PRODUCT INFORMATION IS NOT SEALED IN THIS CASE.

6           THE PROPOSED SEALING HAS BEEN PAINSTAKINGLY AND

7  EXHAUSTIVELY NARROWLY TAILORED.  LOOK AT THE COURT'S

8  JANUARY 14, 2009, ORDER.  IT IS AS NARROWLY TAILORED AS

9  POSSIBLE, AT LEAST AS NARROWLY TAILORED AS I COULD DO IT.

10  AND, AGAIN, MUCH OF THE INFORMATION IN THE FILE IS NOT SEALED,

11  AND THE PUBLIC HAS FREE ACCESS TO THAT.

12           FINALLY, THIS IS THE LEAST RESTRICTIVE MEANS

13  POSSIBLE.  THAT'S THE PRELIMINARY INJUNCTION.  ON THE ORDER TO

14  SHOW CAUSE, WHETHER MR. BILLER HAS VIOLATED THE CALIFORNIA

15  RULES OF PROFESSIONAL CONDUCT THAT GOVERN ATTORNEYS IN THE

16  STATE IS NOT FOR ME TO DETERMINE.  THAT'S FOR THE STATE BAR TO

17  DETERMINE, JUST LIKE THE MERITS OF THIS CASE ARE NOT FOR ME TO

18  DETERMINE.  THAT'S FOR THE ARBITRATOR.

19           THE STATE BAR MAY DECIDE THERE HAVE BEEN NO

20  VIOLATIONS AT ALL.  IT IS MY OPINION THAT MR. BILLER HAS

21  VIOLATED THE RULES OF PROFESSIONAL CONDUCT AND THE BUSINESS

22  AND PROFESSIONS CODE AND HAS DONE SO INTENTIONALLY AND FOR

23  PERSONAL GAIN.

24           MR. BILLER DISCLOSED ATTORNEY-CLIENT

25  INFORMATION AND INFORMATION PROTECTED BY THE WORK PRODUCT

26  WHICH HE DOES NOT OWN -- TOYOTA'S LEGAL DEPARTMENT DOES -- AND

27  HE HAS USED IT FOR HIS PERSONAL PROFIT, HIS ATTEMPTED PROFIT.

28  I DON'T KNOW IF HIS BUSINESS TURNS IN A PROFIT.

1       THIS CASE, AS OPPOSED TO THE FEDERAL CASES, HAS

2   NOTHING TO DO WITH PROTECTING THE PUBLIC FROM DANGER.  THIS

3   CASE HAS TO DO WITH MR. BILLER'S USE OF PROTECTED INFORMATION

4   TO EARN MONEY FOR HIMSELF, BUT I DON'T DECIDE THAT.  THAT'S

5   FOR THE STATE BAR AND THE ARBITRATOR.

6       IT IS MY OPINION THAT MR. BILLER HAS NOT

7   VIOLATED THE RULES OF PROFESSIONAL CONDUCT AND THE BUSINESS

8   AND PROFESSIONS CODE BY HIS FILINGS IN FEDERAL COURT.  THE

9   FEDERAL RULES OF CIVIL PROCEDURE REQUIRE MR. BILLER TO DO

10  CERTAIN THINGS, I GUESS, THROUGH HIS ATTORNEYS.

11      THE TWO OF YOU REPRESENT HIM IN FEDERAL COURT;

12  RIGHT?

13      MR. ALLEN:  CORRECT.

14      THE COURT:  THE FEDERAL COURT HAS MADE AND WILL

15  CONTINUE TO MAKE ORDERS, AND WE ALL HAVE TO COMPLY WITH THEM,

16  EVEN ME.  I'M AT THE BOTTOM OF THE JUDICIAL FOOD CHAIN.  I

17  DON'T THINK THAT HE VIOLATES ANY RULES OF THE STATE BY DOING

18  WHAT THE FEDERAL RULES AND THE FEDERAL JUDGES REQUIRE HIM TO

19  DO, BUT I DON'T DECIDE THAT.  THE STATE BAR DECIDES THAT AND

20  THE ARBITRATOR.

21      AND, FINALLY, IN TERMS OF DUE PROCESS, THIS

22  COURT, FROM WHAT I UNDERSTAND FROM READING OVER THE RULES,

23  DOESN'T HAVE TO GIVE AN ATTORNEY ANY NOTICE AT ALL, IF THE

24  ATTORNEY MAY HAVE COMMITTED ETHICAL VIOLATIONS, BEFORE ASKING

25  THE STATE BAR TO INITIATE AN INQUIRY.

26      SIMILARLY, WHEN THE COMMISSION ON JUDICIAL

27  PERFORMANCE -- IF THEY DECIDE TO INVESTIGATE A JUDGE, THEY

28  DON'T ASK FOR PERMISSION FIRST.  THEY JUST DO IT.  THE COURT

1    CAN SIMPLY NOTIFY THE STATE BAR, AND THE STATE BAR CAN DO

2    WHATEVER IT THINKS IS APPROPRIATE.  IN THIS CASE, HOWEVER, THE

3    COURT GAVE MR. BILLER EXTRA DUE PROCESS, MORE THAN HE WAS DUE.

4              I HAVE READ AND CONSIDERED EVERYTHING

5    MR. BILLER HAS SAID AND EVERYTHING TOYOTA HAS SAID IN ITS

6    PAPERS.  I BELIEVE I HAVE AN ETHICAL DUTY IMPOSED BY THE CODE

7    OF JUDICIAL CONDUCT TO DETERMINE WHETHER REFERRAL TO THE STATE

8    BAR IS APPROPRIATE.  IN THIS CASE I CHOSE TO FULFILL THAT DUTY

9    PUBLICLY, NOT PRIVATELY, BY AT LEAST SETTING THIS ORDER TO

10   SHOW CAUSE SO EVERYONE WOULD HAVE AN OPPORTUNITY TO BE HEARD

11   BECAUSE THE OPPORTUNITY TO BE HEARD IS THE FUNDAMENTAL

12   CORNERSTONE OF OUR CIVIL AND CRIMINAL JUSTICE SYSTEM.

13             ALL RIGHT.  THOSE ARE THE RULINGS.  ON THE

14   PRELIMINARY INJUNCTION ONLY, THE PLAINTIFF IS TO LODGE AND

15   SERVE A PROPOSED ORDER WITHIN FIVE DAYS.

16             DO YOU WANT HIM TO SERVE YOU OR MR. BILLER?

17        MR. WOHRLE:  IF YOU COULD SERVE OUR OFFICE, PLEASE.

18        THE COURT:  OKAY.  YOU CAN LODGE HERE AND SERVE THERE.

19        MR. LLAGUNO:  AND THE T.R.O. REMAINS IN EFFECT, YOUR

20   HONOR, UNTIL THAT IS SERVED?

21        THE COURT:  YES.

22        MR. LLAGUNO:  OR IS IT IMMEDIATELY EFFECTIVE?

23        THE COURT:  THE T.R.O. WILL BE IN EFFECT UNTIL I SIGN

24   IT.

25        MR. WOHRLE:  AND THAT THE BOND IS POSTED?

26        THE COURT:  RIGHT.  THE BOND'S GOT TO BE POSTED.

27        MR. LLAGUNO:  WILL THERE BE A WRITTEN DECISION ON THIS?

28   A MINUTE ORDER, FOR EXAMPLE?

1       THE COURT:  WHAT DO YOU MEAN BY "THIS."

2       MR. LLAGUNO:  YOUR HONOR'S RULINGS THIS MORNING.

3       THE COURT:  I DON'T KNOW.  PLAINTIFF TO GIVE NOTICE.

4       MR. MAOZ:  THANK YOU, YOUR HONOR.

5       MR. ALLEN:  THANK YOU, YOUR HONOR.

6          (AT 9:21 A.M., THE MATTER WAS CONCLUDED.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1           SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              FOR THE COUNTY OF LOS ANGELES

3

DEPARTMENT WE O                   HON. JOHN L. SEGAL, JUDGE

4

5

TOYOTA MOTOR SALES U.S.A., ET AL, )

6                     PLAINTIFFS,  )

7                                  )

      VS.                          )   NO. SC 100501

8                                  )

DIMITRIOS P. BILLER, ET AL.,       )   REPORTER'S

9                                  )   CERTIFICATE

                    DEFENDANTS.    )

10  _____ )

11

12

13          I, ADRIANNE THOMPSON, OFFICIAL REPORTER OF THE

14  SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF

15  LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING PAGES 1

16  THROUGH 13 COMPRISE A FULL, TRUE, AND CORRECT TRANSCRIPT OF

17  THE PROCEEDINGS TAKEN IN THE MATTER OF THE ABOVE-ENTITLED

18  CAUSE ON FRIDAY, SEPTEMBER 25, 2009.

19

20          DATED THIS  29TH  DAY OF SEPTEMBER, 2009.

21

22

23                                      CSR NO. 12370
                    OFFICIAL REPORTER

24

25

26

27

28

# EXHIBIT 8

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 09-3079-GHK (RZx) | Date | June 22, 2009 |
| Title | *Dimitrios P. Biller v. Los Angeles County District Attorney's Office, et al.* | | |

**Presiding: The Honorable**        **GEORGE H. KING, U. S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

None                                                None

**Proceedings:        (In Chambers) Order re: Toyota Motor Sales, USA Inc.'s Ex Parte
Application to Intervene**

This matter is before the Court on Toyota Motor Sales, USA Inc.'s ("TMS") Ex Parte
Application to Intervene ("Application"). We have considered the papers filed in support of and
opposition to this Application, and deem this matter appropriate for resolution without oral argument.
L.R. 7-15.

The Application is hereby **DENIED** without prejudice to TMS appearing before Judge Zarefsky
during the discovery process to assert its interest in maintaining the non-disclosure of its information.

**IT IS SO ORDERED.**

|  |  | -- | : | -- |
|---|---|---|---|---|
| | Initials of Deputy Clerk | | Bea | |