MORGAN, LEWIS & BOCKIUS LLP
DAVID L. SCHRADER, State Bar No. 149638
dschrader@morganlewis.com
CHRISTINA L. SEIN, State Bar No. 229094
csein@morganlewis.com
GEORGIA SCHNEIDER, State Bar No. 251358
gschneider@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:  213.612.2500
Fax:  213.612.2501

Attorneys for Defendants
Toyota Motor Corporation, Toyota Motor Sales,
U.S.A., Inc., Christopher Reynolds, Jane Howard-
Martin, Eric Taira, Dian Ogilvie and Alicia
McAndrews

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRIOS P. BILLER; LITIGATION DISCOVERY & TRIAL CONSULTING, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR CORPORATION, et al.,<br><br>Defendants. | Case No. CV-09-5429 GHK (RZx)<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO COMPEL ARBITRATION**<br><br>[Notice of Motion and Motion; Memorandum of Points and Authorities; Declaration of Christina L. Sein; and [Proposed] Order Filed Concurrently Herewith.]<br><br>Date:      November 9, 2009<br>Time:      9:30 am<br>Location:  Dept. 650<br><br>Complaint Filed:  July 24, 2009<br>First Am. Compl. Filed:  Sept. 17, 2009 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21360842.1

REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' MTN TO COMPEL
ARBITRATION

1   In accordance with Federal Rule of Evidence 201, defendants Toyota Motor
2   Corporation, Toyota Motor Sales, U.S.A., Inc., Christopher Reynolds, Jane
3   Howard-Martin, Eric Taira, Dian Ogilvie and Alicia McAndrews (collectively
4   "Defendants") respectfully request that this Court take judicial notice of each of the
5   exhibits accompanying this Request for Judicial Notice in support of its Motion to
6   Compel Arbitration, filed herewith.

7   Federal Rule of Evidence 201 allows a court to take judicial notice of facts
8   that are "capable of accurate and ready determination by resort to sources whose
9   accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes
10  taking judicial notice of legal proceedings and public records related to legal
11  proceedings in federal and state courts. *United States ex rel. Robinson Rancheria*
12  *Citizens Council v. Borneo, Inc.*, 971 F. 2d 244, 248 (9th Cir. 1992); *Rose v.*
13  *Beverly Health and Rehab. Servs., Inc.*, 356 B.R. 18, 23 (E.D. Cal. 2006). Because
14  the fact that certain filings and orders have been made in other proceedings is
15  relevant to the issues addressed in the Motion to Compel Arbitration, the Court
16  should take notice of the following:

17  1.   Attached hereto as **Exhibit 1** is a true and correct copy of the Superior
18       Court's January 14, 2009 Minute Order in *Toyota Motor Sales, U.S.A.,*
19       *Inc. v. Biller*, California Superior Court, Los Angeles County, Case
20       No. SC100501.

21  2.   Attached hereto as **Exhibit 2** is a true and correct copy of the Superior
22       Court's Temporary Restraining Order ("TRO") in *Toyota Motor Sales,*
23       *U.S.A., Inc. v. Biller*, California Superior Court, Los Angeles County,
24       Case No. SC100501.

25  3.   Attached hereto as **Exhibit 3** is a true and correct copy of the Table of
26       Contents of Biller's Memorandum of Points and Authorities in support
27       of his Motion for an Order Reversing the Stipulated TRO in *Toyota*
28       *Motor Sales, U.S.A., Inc. v. Biller*, California Superior Court, Los

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21360842.1

REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' MTN TO COMPEL
ARBITRATION

1    Angeles County, Case No. SC100501.

2    The Court may also take judicial notice of matters of public record. *MGIC*

3  *Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Grassmueck v.*

4  *Barnett*, 281 F. Supp. 2d 1227, 1232 (W.D. Wash. 2003) ("As certified public

5  records kept by the Secretaries of State in Washington and Delaware, the Articles

6  fall directly into the category of items the Ninth Circuit generally considers proper

7  for judicial notice."). Because the corporate status of plaintiff Litigation Discovery

8  & Trial Consulting, Inc. ("LDT Consulting") is relevant to the issues addressed in

9  Defendants' Motion to Compel Arbitration, the Court should take notice of the

10  following:

11    4.    Attached hereto as **Exhibit 4** is a certified copy of LDT Consulting's

12         Statement of Information, filed with the California Secretary of State

13         on October 17, 2008.

14

15

16  Dated:    October 5, 2009              MORGAN, LEWIS & BOCKIUS LLP

17

18                                    By _____

19                                       David L. Schrader
                                         Attorneys for Defendants

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' MOTION TO COMPEL
ARBITRATION

# EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 01/14/09 | **DEPT.** WEO |

| HONORABLE JOHN SEGAL | JUDGE | ELMA MORA | DEPUTY CLERK |
|---|---|---|---|
| | | AVA  FRASER | CRT ASST |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| 6 | | | |
| NONE | Deputy Sheriff | A. THOMPSON,   CSR#12370   Reporter | |

| | | | |
|---|---|---|---|
| 8:30 am | SC100501 | Plaintiff Counsel | ALAN B. CARLSON (X) |
| | TOYOTA MOTOR SALES,U.S.A.,INC. VS DIMITRIOS P. BILLER (X) | Defendant Counsel | in pro per |

**NATURE OF PROCEEDINGS:**

DEFENDANT'S DIMITRIOS P. BILLER MOTION FOR AN
ORDER GRANTING DEFENDANT LEAVE TO FILE A COMPULSORY
CROSS-COMPLAINT;

DEFENDANT'S DIMITRIOS P. BILLER MOTION FOR AN
ORDER COMPELLING DEPOSITIONS OF JANE MARTIN-HOWARD,
MATTHEW GONZALEZ AND ERIC TAIRA AND AWARDING
MONETARY SANCTIONS IN THE AMOUNT OF $5,000.00
AGAINST PLAINTIFF AND/OR LITTLER MENDELSON;

DEFENDANT DIMITRIOS P. BILLER MOTION FOR  MONETARY
SANCTIONS IN THE AMOUNT OF $30,400.00 AGAINST
PLAINTIFF AND LITTELER MENDLESON;

PLAINTIFF TOYOTA MOTOR SALES, U.S.A., INC. MOTION TO
SEAL PORTIONS OF CERTAIN RECORDS RELATED TO DEFENDANTS
MOTION FOR SANCTIONS IN THE AMOUNT OF $30,400.00;

PLAINTIFF TOYOTA MOTOR SALES, U.S.A., INC. MOTION TO
COMPEL ARBITRATION OF ARBITRABILITY OF DISPUTE AND FOR
STAY OF PROCEEDINGS;

The matter is called for hearing.

After argument by all parties, the court takes the
matter under submission.

Notice is waived.

Page   1 of   1   DEPT. WEO

**MINUTES ENTERED**
01/14/09
**COUNTY CLERK**

Exhibit 1, Page 3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09                                                    **DEPT.** WEO

HONORABLE JOHN L. SEGAL          JUDGE    ELMA MORA          DEPUTY CLERK
                                          AVA FRASER         CRT ASST
HONORABLE                  JUDGE PRO TEM                     ELECTRONIC RECORDING MONITOR

        NONE              Deputy Sheriff   NONE                    Reporter

| 8:30 am | SC100501 | Plaintiff Counsel | |
|---|---|---|---|
| | TOYOTA MOTOR SALES,U.S.A.,INC. | | no appearances |
| | VS | Defendant | |
| | DIMITRIOS P. BILLER | Counsel | |

**NATURE OF PROCEEDINGS:**

The court now rules on the motions argued and taken
under submission on January 14, 2009 as follows:


            RULING ON SUBMITTED MATTERS

BILLER'S MOTION FOR LEAVE TO FILE A CROSS-COMPLAINT

- Granted.  The cross-complaint is deemed filed and
served as of this date.

TOYOTA'S MOTION TO COMPEL ARBITRATION

     Toyota moves to compel arbitration of its
claims against Biller, and Biller's claims against
Toyota, and to stay this action.  See Notice of
Motion, 1:4-13.  The motion is granted.

     On petition of a party to an arbitration
agreement alleging the existence of a written
agreement to arbitrate a controversy and that a
party thereto refuses to arbitrate such controversy,
the court shall order the petitioner and the
respondent to arbitrate the controversy if it
determines that an agreement to arbitrate the
controversy exists, unless it determines that:

(a)  The right to compel arbitration has been waived
by the petitioner; or

(b)  Grounds exist for the revocation of the

            Page   1 of  13   DEPT. WEO

                              ┌─────────────────────────┐
                              │ **MINUTES ENTERED**     │
                              │ 01/14/09                │
                              │ **COUNTY CLERK**        │
                              └─────────────────────────┘

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/14/09 | | DEPT. WEO |
|---|---|---|
| HONORABLE JOHN L. SEGAL   JUDGE | ELMA MORA<br>AVA FRASER | DEPUTY CLERK<br>CRT ASST |
| HONORABLE   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE   Deputy Sheriff | NONE | Reporter |

| 8:30 am | SC100501 | Plaintiff<br>Counsel | |
|---|---|---|---|
| | TOYOTA MOTOR SALES,U.S.A.,INC.<br>VS<br>DIMITRIOS P. BILLER | | no appearances |
| | | Defendant<br>Counsel | |

**NATURE OF PROCEEDINGS:**

agreement.

(c)  A party to the arbitration agreement is also a
party to a pending court action or special
proceeding with a third party, arising out of the
same transaction or series of related transactions
and there is a possibility of conflicting rulings on
a common issue of law or fact.
Code Civ. Proc. § 1281.2.

    The petition must also set forth the written
agreement and the arbitration provision verbatim, or
a copy of the agreement should be attached.   Rule
3.1330, California Rules of Court.     "[W]hen a
petition to compel arbitration is filed and
accompanied by prima facie evidence of a written
agreement to arbitrate the controversy, the court
itself must determine whether the agreement exists
and, if any defense to its enforcement is raised,
whether it is enforceable."  Rosenthal v. Great
Western Fin. Securities Corp., 14 Cal. 4th 394,
412-13 (1996); see Brown v. Wells Fargo Bank N.A.,
168 Cal. App. 4th 938 (2008); Provencio v. WMA
Securities, Inc., 125 Cal. App. 4th 1028, 1030 1031
(2005); Engalla v. Permanente Medical Group, Inc.,
15 Cal. 4th 951, 972 (1997).  The issues of the
existence and validity of an arbitration agreement
are to be resolved by the trial court in the manner
provided for the hearing and decision of motions,
either on the basis of affidavits or declarations
or, in the exercise of the court's discretion where

Page   2 of  13   DEPT. WEO

**MINUTES ENTERED**
01/14/09
**COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 01/14/09 | **DEPT.** WEO |
| HONORABLE JOHN L. SEGAL   JUDGE | ELMA MORA   DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | AVA FRASER   CRT ASST |
| | ELECTRONIC RECORDING MONITOR |
| NONE   Deputy Sheriff | NONE   Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | SC100501 | Plaintiff Counsel | no appearances |
| | TOYOTA MOTOR SALES,U.S.A.,INC. VS DIMITRIOS P. BILLER | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

necessary to resolve material conflicts in the
written evidence, upon live testimony.  Rosenthal,
14 Cal. 4th at 402.  The scope of an arbitration
agreement is a matter of agreement between the
parties.  Cable Connection, Inc. v. DIRECTV, Inc.,
44 Cal. 4th 1334, 1355 (2008).

     Here, Toyota asserts, and Biller agrees, that a
Severance Agreement between the parties contains an
"Agreement to Arbitrate."  See Biller Decl., Exh. 4,
§ 6.1.  The arbitration provision provides:

     The Parties agree that the resolution of
certain disputes shall be conducted exclusively
through binding arbitration as set forth herein.
The disputes for which arbitration is the exclusive
remedy, include, but are not limited to: (1) all
known and unknown claims which Associate may have
against TMS or any other Releasee which arose at or
prior to the date this Agreement is signed and is
not extinguished by this Agreement, if any; (2) all
known and unknown claims Associate may have against
TMS or any other Releasee that in any way relate to
the subject matter, interpretation, application, or
alleged breach of this Agreement arising at any time
prior to, concurrently with or subsequent to
Associate's signing this Agreement; and (3) any
known or unknown claims that Associate may have
against TMS or any other Releasee which arise at any
time after Associate signs this Agreement as well as
the arbitrability of any dispute (collectively,

Page   3 of   13   DEPT. WEO

**MINUTES ENTERED**
01/14/09
**COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09

**DEPT.** WEO

HONORABLE JOHN L. SEGAL     JUDGE

HONORABLE     JUDGE PRO TEM

NONE     Deputy Sheriff

ELMA MORA
AVA FRASER

NONE

DEPUTY CLERK
CRT ASST
ELECTRONIC RECORDING MONITOR

Reporter

| 8:30 am | SC100501 | Plaintiff Counsel | no appearances |
|---|---|---|---|
| | TOYOTA MOTOR SALES,U.S.A.,INC. VS DIMITRIOS P. BILLER | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

"Arbitrable Claims").  This agreement to arbitrate
does not preclude either party from seeking
injunctive relief in court.  Id.

The question is whether the dispute between the
parties (this action) presents a controversy that
the parties agreed to arbitrate.  Generally, the
court decides what issues are subject to
arbitration.  Engineers & Architects Ass'n v.
Community Dev. Dep't, 30 Cal. App. 4th 644, 653
(1994).  The question of whether the parties have
agreed to arbitrate, the scope of the claims they
have agreed to arbitrate, the methods by which the
arbitration is to be conducted, and the remedies
available to the arbitrator all depend upon the
terms of the agreement between the parties.
Broughton v. Cigna Healthplans, 21 Cal. 4th 1066,
1105 (1999); see Giuliano v. Inland Empire
Personnel, Inc., 149 Cal. App. 4th 1276, 1284 (2007)
(right to arbitration depends upon contract; a
petition to compel arbitration is simply a suit in
equity seeking specific performance of that
contract).  All contracts are interpreted by the
same rules, by giving effect to the mutual intent of
the parties as it existed at the time of
contracting.  See Civ. Code §§ 1635-1636.  The
contract is viewed as a whole, giving effect to
every part.  Id., § 1641.  Where it is clear and
explicit, the language of the contract governs, and
where reduced to a writing, the intent of the
parties is to be ascertained from the writing alone.

Page   4 of  13   DEPT. WEO

**MINUTES ENTERED**
01/14/09
**COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09

HONORABLE JOHN L. SEGAL     JUDGE

HONORABLE     JUDGE PRO TEM

NCNE     Deputy Sheriff

DEPT. WEO

ELMA MORA
AVA FRASER     DEPUTY CLERK
CRT ASST

ELECTRONIC RECORDING MONITOR

NONE     Reporter

---

8:30 am SC100501

TOYOTA MOTOR SALES,U.S.A.,INC.
VS
DIMITRIOS P. BILLER

Plaintiff
Counsel      no appearances

Defendant
Counsel

---

**NATURE OF PROCEEDINGS:**

Id., §§ 1638-1639.

    Here, the arbitration clause is contained in the Severance Agreement.  Biller Decl., Exh. 4, § 6.1.  The Severance Agreement settled Biller's employment discrimination claims against Toyota for wages of $455,320, non-wages of $2,294,680, and attorney fees of $950,000.  Id., §§ 2.1-2.3.  The arbitration clause provides that "the resolution of certain disputes shall be conducted exclusively through binding arbitration as set forth herein," and then identifies three categories of claims subject to arbitration:  (1) claims by Biller against Toyota (and related entities) which arose prior the Severance Agreement, (2) claims by Biller against Toyota relating to the subject matter of the Severance Agreement, and (3) claims by Biller which arise after execution of the agreement.  The arbitration provision does not apply to any claims by Toyota against Biller.  Perhaps Toyota wanted it that way, or perhaps Toyota did not anticipate that it would be bringing any claims against Biller.  The fact remains, however, that Toyota's claims against Biller in this action there not covered by the arbitration agreement.

    Toyota relies on the last clause of the third category of claims by Biller against Toyota (future claims), which states "as well as the arbitrability of any dispute (collectively, 'Arbitrable Claims.')."  Toyota argues that "the arbitrability

Page  5 of  13   DEPT. WEO

**MINUTES ENTERED**
01/14/09
**COUNTY CLERK**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/14/09 | | | DEPT. WEO |
|---|---|---|---|
| HONORABLE JOHN L. SEGAL | JUDGE | ELMA MORA | DEPUTY CLERK CRT ASST |
| HONORABLE | JUDGE PRO TEM | AVA FRASER | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | SC100501 | Plaintiff Counsel | no appearances |
|---|---|---|---|
| | TOYOTA MOTOR SALES,U.S.A.,INC. VS DIMITRIOS P. BILLER | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

of any dispute between the parties is, in and of itself, an 'Arbitrable Claim' under the parties' agreement . . . ." Memorandum of Points and Authorities in Support of Motion to Compel Arbitration, 6:16-18 (emphasis in original). Toyota's proposed interpretation of Section 6.1 is not persuasive.  This clause refers to arbitrability of Toyota's claims described in Paragraph 6.1. Toyota's over-zealous use of ellipses and italics suggests that the arbitration agreement applies to the arbitrability of Biller's claims.  See id. 6:13-15 ("The disputes for which arbitration is the exclusive remedy, include, but are not limited to: (1) . . .; (2) . . .; and (3) . . . as well as the arbitrability of any dispute (collectively, 'Arbitrable Claims') . . . .) (italics in original). The phrase "as well as the arbitrability of any dispute" modifies, at a minimum, category (3), future claims, or at most, all three categories of Section 6.1, Biller's claims against Toyota.  The parties could have drafted Section 6.1 require an arbitrator to determine Biller's claims against Toyota and the arbitrability of Biller's claims against Toyota and Toyota's claims against Biller, but they did not.  There is no (4).

Although the (lack of) arbitrability of Toyota's complaint is fairly obvious to the court, under California law it is not for the court in the first instance to decide the issue of arbitrability under the parties' agreement.  Paragraph 6.2 of the

Page   6 of 13   DEPT. WEO

**MINUTES ENTERED**
01/14/09
**COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09

DEPT. WEO

HONORABLE JOHN L. SEGAL                   JUDGE

HONORABLE                          JUDGE PRO TEM

ELMA MORA
AVA FRASER

DEPUTY CLERK
CRT ASST
ELECTRONIC RECORDING MONITOR

NCNE                            Deputy Sheriff

NONE

Reporter

| 8:30 am | SC100501 | Plaintiff Counsel | |
|---------|----------|------------------|---|
| | TOYOTA MOTOR SALES,U.S.A.,INC. VS DIMITRIOS P. BILLER | | no appearances |
| | | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

Severance Agreement, entitled "Arbitration Rules and
Procedures," provides that the "arbitration shall be
held in accordance with the rules and regulations of
Judicial Arbitration and Mediation Services (JAMS)
pertaining to employment disputes."  Biller Decl.,
Exh. 4, ¶ 6.2.  Paragraph 6.2 also provides that
"the arbitration shall be final and biding upon the
Parties ands shall be the exclusive remedy for all
Arbitrable Claims."  Id.  Rule 11(c) of the JAMS
Employment Arbitration Rules & Procedures provides:
"Jurisdictional and arbitrability disputes,
including disputes over the existence, validity,
interpretation or scope of the agreement under which
Arbitration is sought, and who are proper Parties to
the Arbitration, shall be submitted to and ruled on
by the Arbitrator.  Unless the relevant law requires
otherwise, the Arbitrator has the authority to
determine jurisdiction and arbitrability issues as a
preliminary matter."  Carlson Decl., ¶ 16, Exh. 5, ¶
11.

    California law does not require otherwise.  To
the contrary, California law requires that where, as
here, the parties have agreed to arbitration in
accordance with rules like Rule 11(c), the issue of
arbitrability is for the arbitrator.  See Bruni v.
Dixon, 160 Cal. App. 4th 1272, 1287-88 (2008);
Rodriguez v. American Technologies, Inc., 136 Cal.
App. 4th 1111, 1123 (2006) (arbitrability is for AAA
arbitrator where rule states that the "arbitrator
shall have the power to rule on his or her own

Page    7 of    13    DEPT. WEO

```
MINUTES ENTERED
01/14/09
COUNTY CLERK
```

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/14/09 | | | **DEPT.** WEO |
|---|---|---|---|
| HONORABLE JOHN L. SEGAL | JUDGE | ELMA MORA<br>AVA FRASER | DEPUTY CLERK<br>CRT ASST |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | SC100501 | Plaintiff Counsel | no appearances |
|---|---|---|---|
| | TOYOTA MOTOR SALES,U.S.A.,INC.<br>VS<br>DIMITRIOS P. BILLER | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

jurisdiction, including any objections with respect
to the existence, scope or validity of the
arbitration agreement") (emphasis omitted); Dream
Theater, Inc. v. Dream Theater, 124 Cal. App. 4th
547, 556-57 (2004) (same language).

---

[1]  There is one unpublished case to the contary.


     The motion to compel arbitration is granted.
The arbitrability of the claims in Biller's
cross-complaint is also fairly obvious to the court.
And the court specifically finds that the
arbitration agreement is neither substantively nor
procedurally unconscionable, despite the fact that
it is a one-way arbitration agreement.
Nevertheless, although the court believes the
question is not a close one, the issue of
arbitrability of the claims in Biller's
cross-complaint is also one for the arbitrator.  The
action is stayed pending the arbitration.  The
stipulated restraining order remains in effect.

BILLER'S MOTION FOR SANCTIONS - Denied.

BILLER'S MOTION TO COMPEL DEPOSITIONS - Denied
without prejudice.  The complaint is stayed.  The
cross-complaint is subject to arbitration.


                    Page   8 of   13   DEPT. WEO

> **MINUTES ENTERED**
> 01/14/09
> **COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09

HONORABLE  JOHN L. SEGAL                    JUDGE

HONORABLE                              JUDGE PRO TEM

NONE                            Deputy Sheriff

**DEPT.** WEO

ELMA MORA                 DEPUTY CLERK
AVA FRASER                 CRT ASST
                    ELECTRONIC RECORDING MONITOR

NONE                                 Reporter

8:30 am | SC100501

TOYOTA MOTOR SALES,U.S.A.,INC.
VS
DIMITRIOS P. BILLER

Plaintiff
Counsel            no appearances

Defendant
Counsel

**NATURE OF PROCEEDINGS:**

TOYOTA'S APPLICATIONS TO SEAL

Toyota has filed dozens if not hundreds of individual applications to seal various exhibits, individual pages, excepts, and isolated paragraphs of individual pages, many of which the court has already ruled on and on which Toyota asks the court to rule again.  The volume and format of the requests make it virtually impossible for the court to make consistent and accurate rulings, and completely impossible to seal any appropriate portions of the file pursuant to Rule 2.550.  The court has considered and weighed all of the factors in Rule 2.550, makes all the required findings in Rule 2.550(d), expressly, and has done its best.

Applications to seal in connection with Biller's motion for leave to file a cross- complaint

Biller's memorandum of points and authorities, 5:10-22 - Denied.
Biller's memorandum of points and authorities, 9:13-20 - Granted.
Biller's memorandum of points and authorities, 10:24-11:6 - Granted.
Settlement Agreement - Denied.
Draft Settlement Agreement - Denied.
Severance Agreement - Granted as to Paragraph 4.7 and otherwise denied.
Draft Severance Agreement - Granted as to Paragraph 4.7 and otherwise denied.

Page   9 of  13   DEPT. WEO

**MINUTES ENTERED**
01/14/09
**COUNTY CLERK**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 01/14/09 | **DEPT.** WEO |

| | | | |
|---|---|---|---|
| HONORABLE JOHN L. SEGAL | JUDGE | ELMA MORA<br>AVA FRASER | DEPUTY CLERK<br>CRT ASST |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | SC100501 | Plaintiff<br>Counsel | no appearances |
| | TOYOTA MOTOR SALES,U.S.A.,INC.<br>VS<br>DIMITRIOS P. BILLER | Defendant<br>Counsel | |

**NATURE OF PROCEEDINGS:**

05/06/08 letter from Carlson to Casselman -
Denied.
12/04/06 letter from Tinto to Biller - Granted.
04/03/06 letter from Reynolds to Biller -
Denied without prejudice (who is Reynolds?)
Original cross-complaint, Exh. 5, fifth page,
bottom paragraph - Granted.
LTD website - Denied.  The court cannot seal a
website.
Exh. 5 to Biller's original cross-complaint, p.
8, slide 1 - Granted.
Exh. 5 to Biller's original cross-complaint, p.
8, slide 2 - Granted.
Exh. 5 to Biller's original cross-complaint, p.
15, slide 3 - Granted.
Carlson Decl., ¶ 3 -  Denied.

Applications to seal in connection with
Toyota's motion to compel arbitration

Biller's Opposition, 17:8-12 - Denied.
Biller Decl., 2:13-21 - Granted as to "Toyota
needed" and otherwise denied.
Biller Decl., 3:8-20 - Granted.
Biller Decl., 3:21-22 - Denied.
Biller Decl., 3:23-4:5 - Granted.
Biller Decl., 4:6-21 - Granted.
Biller Decl., 4:7 - Denied.
Biller Decl., 5:5-8 Denied as to Biller's
emotional breakdown, and otherwise granted.
Biller Decl., 5:20-6:4 - Granted.

Page  10 of  13   DEPT. WEO

**MINUTES ENTERED**
01/14/09
**COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09

**DEPT.** WEO

HONORABLE  JOHN L. SEGAL          JUDGE

HONORABLE                   JUDGE PRO TEM

NONE                      Deputy Sheriff

ELMA MORA
AVA FRASER

NONE

DEPUTY CLERK
CRT ASST
ELECTRONIC RECORDING MONITOR

Reporter

---

8:30 am  SC100501

TOYOTA MOTOR SALES,U.S.A.,INC.
VS
DIMITRIOS P. BILLER

Plaintiff
Counsel

Defendant
Counsel

no appearances

---

**NATURE OF PROCEEDINGS:**

```
      Biller Decl., 6:5-12 - Granted.
      Biller Decl., 6:14-15 - Granted.
      Biller Decl., 10:3-6 - Denied.
      Biller Decl., 10:19-20 - Denied.
      Biller Decl., 11:1-4 - Denied.
      Biller Decl., 11:7-11 - Denied.
      Biller Decl., 12:9-16 - Denied.
      Biller Decl., 14:9-12 - Denied.
      Biller's Opposition, 6:4-19 - Granted.
      Biller's Opposition, 7:1-2 - Granted.
      Biller's Opposition, 7:5-8 - Denied.
      Biller's Opposition, 8:9-23 - Denied.
      Biller's Opposition, 11:4-6 - Denied.
      Biller's Opposition, 13:4-12 - Denied.
      Biller's Opposition, 14:21-15:1- Denied.
      08/30/07 email from to Carlson - Granted.
      Biller Decl., Exh. 6 - Denied.
      Biller Decl., Exh. 7 - Denied.
      Biller Decl., Exh. 8 - Denied.
      Biller Decl., Exh. 9 -  Denied.
      Biller Decl., Exh. 10 - Denied.
      Rudnick Decl., Exh. 2 - Granted.

      Applications to seal in connection with
Biller's motion for sanctions

      Biller Dec., 5:21-6:16 - Granted as to the
second and third sentences and otherwise denied.
      08/30/07 email from to Carlson - Granted.
      Severance Agreement - Denied.
      Draft Severance Agreement - Denied.
```

                Page  11 of  13   DEPT. WEO

```
┌─────────────────────────┐
│ MINUTES ENTERED         │
│ 01/14/09                │
│ COUNTY CLERK            │
└─────────────────────────┘
```

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09

DEPT. WEO

HONORABLE  JOHN L. SEGAL   JUDGE

HONORABLE   JUDGE PRO TEM

NONE   Deputy Sheriff

ELMA MORA
AVA FRASER

NONE

DEPUTY CLERK
CRT ASST
ELECTRONIC RECORDING MONITOR

Reporter

| 8:30 am | SC100501 | Plaintiff Counsel | no appearances |
|---|---|---|---|
| | TOYOTA MOTOR SALES,U.S.A.,INC. VS DIMITRIOS P. BILLER | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

04/03/06 letter from Reynolds to Biller -
Denied without prejudice
Biller Decl., Exh. - Granted.
Biller's opposition to motion to compel
arbitration - see above.
Biller's memorandum of points and authorities
in support of ex parte application for
commissions - Granted.
Biller Decl., Exh. 9 - Granted.
05/06/08 letter from Carlson to Casselman - see
above.

Applications to seal in connection with
Biller's motion to compel depositions

Biller's memorandum of points and authorities
in support of motion for leave to file a
cross-complaint - see above.
Settlement Agreement - see above.
Severance Agreement - see above.
Carlson Decl., ¶ 3 - see above.
05/06/08 letter from Carlson to Casselman - see
above.
12/04/06 letter from Tinto to Biller - see
above.

NOTICE
Clerk to give notice via U.S. Mail.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

Page  12 of  13   DEPT. WEO

**MINUTES ENTERED**
01/14/09
**COUNTY CLERK**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/14/09

**DEPT.** WEO

HONORABLE  JOHN L. SEGAL  JUDGE

HONORABLE  JUDGE PRO TEM

NONE  Deputy Sheriff

ELMA MORA
AVA FRASER

NONE

DEPUTY CLERK
CRT ASST
ELECTRONIC RECORDING MONITOR

Reporter

| 8:30 am | SC100501 | Plaintiff Counsel | no appearances |
|---------|----------|-------------------|----------------|
| | TOYOTA MOTOR SALES,U.S.A.,INC. VS DIMITRIOS P. BILLER | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
01/14/09 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Santa Monica, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: January 14, 2009

John A. Clarke, Executive Officer/Clerk


By: _____
        ELMA MORA

ALAN B. CARLSON
ATTORNEY FOR PLAINTIFF
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614

DIMITRIOS P. BILLER
DEFENDANT & DEFENDANT IN PRO PER
906 KAGAWA STREET
PACIFIC PALISADES, CA 90272


                Page 13 of 13   DEPT. WEO

**MINUTES ENTERED**
01/14/09
**COUNTY CLERK**

# EXHIBIT 2

1  ALAN B. CARLSON, Bar No. 055090
    FERMIN H. LLAGUNO, Bar No. 185222
2  LITTLER MENDELSON
    A Professional Corporation
3  2050 Main Street
    Suite 900
4  Irvine, CA  92614
    Telephone:    949.705.3000
5  Fax No.:    949.724.1201

6  Attorneys for Plaintiff
    TOYOTA MOTOR SALES, U.S.A., INC.

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               COUNTY OF LOS ANGELES

10                  WEST DISTRICT

11  TOYOTA MOTOR SALES, U.S.A., INC.,    |  Case No.

12             Plaintiff,

13      v.               |  **TEMPORARY RESTRAINING ORDER**

14  DIMITRIOS P. BILLER, and DOES 1    |  **AND ORDER TO SHOW CAUSE RE:**
    through 10, inclusive,               |  **PRELIMINARY INJUNCTION**
15

16             Defendant.

17

18          TO DEFENDANT DIMITRIOS P. BILLER ("BILLER"):

             YOU ARE HEREBY ORDERED TO SHOW CAUSE at 8:30 a.m./p.m., on

19

20  *March 19*, 2009, or as soon thereafter as counsel may be heard, in Department _O_

21  of the Superior Court of the State of California, Santa Monica Courthouse, 1725 Main Street, Santa

22  Monica, CA 90401, why you should not be restrained and enjoined, pending an arbitration in this

23  action pursuant to an existing agreement between the parties, from:

24          (a)    Disclosing, directly or indirectly, in any manner any confidential attorney-

25  client communications, written or verbal, between Biller and Toyota;

26          (b)    Disclosing, directly or indirectly, in any manner any confidential attorney-

27  client communications, written or verbal, between attorneys within Toyota's Legal Services Group

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

of which Biller has knowledge through his employment as an attorney by Toyota and legal representation of Toyota;

          (c)     Disclosing, directly or indirectly, in any manner any confidential documents, materials or information, written or verbal, regarding the business affairs of Toyota of which Biller has knowledge through his employment as an attorney by Toyota and legal representation of Toyota;

          (d)     Disclosing, directly or indirectly, in any manner any confidential documents, materials or information, written or verbal, regarding the business affairs of companies affiliated with Toyota, including but not limited to Toyota Motor Corporation, of which Biller has knowledge through his employment as an attorney by Toyota and legal representation of Toyota; and

          (e)     Disclosing any other confidential communications, documents, materials or information, written or verbal, protected by California Business and Professions Code section 6068(e)(1) and/or the attorney-client privilege regarding the business affairs of Toyota and/or companies affiliated with Toyota, including but not limited to Toyota Motor Corporation, of which Biller has knowledge through his employment as an attorney by Toyota and legal representation of Toyota.

PENDING HEARING on the above Order to Show Cause, YOU ARE HEREBY RESTRAINED AND ENJOINED from:

          (a)     Disclosing, directly or indirectly, in any manner any confidential attorney-client communications, written or verbal, between Biller and Toyota;

          (b)     Disclosing, directly or indirectly, in any manner any confidential attorney-client communications, written or verbal, between attorneys within Toyota's Legal Services Group of which Biller has knowledge through his employment as an attorney by Toyota and legal representation of Toyota;

          (c)     Disclosing, directly or indirectly, in any manner any confidential documents, materials or information, written or verbal, regarding the business affairs of Toyota of which Biller has knowledge through his employment as an attorney by Toyota and legal representation of Toyota;

          (d)     Disclosing, directly or indirectly, in any manner any confidential documents, materials or information, written or verbal, regarding the business affairs of companies affiliated

2.

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.1000

TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION
Exhibit 2, Page 18

1   with Toyota, including but not limited to Toyota Motor Corporation, of which Biller has knowledge

2   through his employment as an attorney by Toyota and legal representation of Toyota; and

3             (e)    Disclosing any other confidential communications, documents, materials or

4   information, written or verbal, protected by California Business and Professions Code section

5   6068(e)(1) and/or the attorney-client privilege regarding the business affairs of Toyota and/or

6   companies affiliated with Toyota, including but not limited to Toyota Motor Corporation, of which

7   Biller has knowledge through his employment as an attorney by Toyota and legal representation of

8   Toyota.

9           This Order to Show Cause and supporting papers must be served on Defendant no

10   later than _11/07/08_ ~~court days before the hearing~~ and proof of service shall be filed no later

11   than _11/14/08_ ~~court days before the hearing.~~  Any response or opposition to this Order to

12   Show Cause must be filed and personally served on Plaintiff's counsel no later than

13   _February 19, 2009_ . ~~court days before the date set for the hearing and proof of service shall be filed no~~

14   ~~later than _____ court days before the hearing.~~ _Any reply papers must be_

15   _filed and personally served by March 12, 2009_

17   Dated: _November 7_ , 2008

                                                JUDGE OF THE SUPERIOR COURT

                                                JOHN L. SEGAL

Firmwide:87346209.1 013186.1090

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

# EXHIBIT 3

1  Dimitrios P. Biller, Pro Per
   California State Bar No. 142730
2  906 Kagawa Street
   Pacific Palisades, CA 90272
3  Telephone: (310) 459-9870
   Facsimile:  (310) 459-9879
4

5

   Attorney for Defendant
6

7

8

9            SUPERIOR COURT OF CALIFORNIA

10            COUNTY OF LOS ANGELES,

11               WEST DISTRICT

12

13

14  TOYOTA MOTOR SALES, U.S.A.,)  Case No.: SC100501
    INC.,                      )
15                             )  DEFENDANT'S MEMORANDUM OF
                               )  POINTS & AUTHORITIES IN
16        Plaintiff,           )  SUPPORT OF DEFENDANT'S
                               )  MOTION FOR AN ORDER
17      vs.                    )  REVERSING THE STIPULATED
                               )  TRO, OR IN THE ALTERNATIVE,
    DIMITRIOS P. BILLER, and   )  STAYING THE ARBITRATION
18  Does 1 through 10,         )  PENDING THE OUTCOME THE
                               )  FEDERAL ACTION AGAINST
19                             )  PLAINTIFF
        Defendant.            )
20                             )
                               )  Date: August 14, 2009
21                             )  Time: 9:00 a.m.
                               )  Dept: "O"
22                             
                               BEFORE THE HONORABLE JOHN
23  _____  SEGAL

24

25   Memorandum of Points & Authorities in Support of Defendant's Motion for an

       Order Reversing the Stipulated TRO, or in the alternative, Staying the

     Arbitration Pending the Outcome of the Federal Action against Plaintiff- 1

Exhibit 3, Page 20

# Table of Contents

MEMORANDUM OF POINTS AND AUTHORITIES .................5

I. ..............................................5

INTRODUCTION .........................................5

II. .............................................7

BACKGROUND ..........................................7

  A. Defendant is Seeking an Order to Prevent Plaintiff
     from Enforcing the Severance Agreement because it
     is illegal ......................................7

  B. Stipulated Temporary Restraining Order ...........9

  C. Federal Action against TMS, TMC and Others .......11

III. ............................................13

ARUGMENT ...........................................13

  A. Plaintiff Waived or Consented to Defendant's
     Statements at the LDT, Consulting Seminar .......13

  B. The TRO was Based on Fraudulent and Improper
     Declarations ....................................15

  C. The United States District Court for the Central
     District of California Will Decide Whether the
     Severance Agreement is Valid or Illegal .........16

IV. ............................................18

Memorandum of Points & Authorities in Support of Defendant's Motion for an

Order Reversing the Stipulated TRO, or in the alternative, Staying the

Arbitration Pending the Outcome of the Federal Action against Plaintiff- 2

1  CONCLUSION ........................................18

Memorandum of Points & Authorities in Support of Defendant's Motion for an

Order Reversing the Stipulated TRO, or in the alternative, Staying the

Arbitration Pending the Outcome of the Federal Action against Plaintiff- 3

# EXHIBIT 4



# State of California
## Secretary of State

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the attached transcript of _____ page(s) was prepared by and in this office from the record on file, of which it purports to be a copy, and that it is full, true and correct.



**IN WITNESS WHEREOF,** I execute this certificate and affix the Great Seal of the State of California this day of

AUG 1 8 2009

DEBRA BOWEN
Secretary of State

*Sec State Form CE 108 (REV 1/2007)*

Exhibit 4, Page 23
OSP 06 99733



06-435767

## State of California
## Secretary of State



**FILED**
In the office of the Secretary of State
of the State of California

**OCT 1 7 2008**

This Space For Filing Use Only

**STATEMENT OF INFORMATION**
(Domestic Stock and Agricultural Cooperative Corporations)
FEES (Filing and Disclosure): $25.00. If amendment, see instructions.
IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM

6

CORPORATE NAME (Please do not alter if name is preprinted.)

Litigation Discovery Trial Consulting, Inc.

C3171139

**DUE DATE:**

**COMPLETE ADDRESSES FOR THE FOLLOWING** (Do not abbreviate the name of the city. Items 2 and 3 cannot be P.O. Boxes.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 2. | STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | | | |
| 906 Kagawa Street | | Pacific Palisades | CA | 90272 |
| 3. | STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | | | |
| 906 Kawaga Street | | Pacific Palisades | CA | 90272 |
| 4. | MAILING ADDRESS OF THE CORPORATION, IF DIFFERENT THAN ITEM 2 | | | |

**NAMES AND COMPLETE ADDRESSES OF THE FOLLOWING OFFICERS** (The corporation must have these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|---|
| 5. | CHIEF EXECUTIVE OFFICER/ | | | | |
| Dimitrios P. Biller | | 906 Kagawa Street | Pacific Palisades | CA | 90272 |
| 6. | SECRETARY/ | | | | |
| Janice Biller | | 928 Hartzell Street | Pacific Palisades | CA | 90272 |
| 7. | CHIEF FINANCIAL OFFICER/ | | | | |
| Dimitrios P. Biller | | 906 Kagawa Street | Pacific Palisades | CA | 90272 |

**NAMES AND COMPLETE ADDRESSES OF ALL DIRECTORS, INCLUDING DIRECTORS WHO ARE ALSO OFFICERS** (The corporation must have at least one director. Attach additional pages, if necessary.)

| | | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|---|
| 8. | NAME | | | | |
| Dimitrios P. Biller | | 906 Kagawa Street | Pacific Palisades | CA | 90272 |
| 9. | NAME | | | | |
| Janice Biller | | 928 Hartzell Street | Pacific Palisades | CA | 90272 |
| 10. | NAME | ADDRESS | CITY | STATE | ZIP CODE |

11. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY:

**AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and Item 13 must be completed with a California street address (a P.O. Box address is not acceptable). If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 13 must be left blank.)

12. NAME OF AGENT FOR SERVICE OF PROCESS

Dimitrios P. Biller

| 13. | STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 906 Kagawa Street | | Pacific Palisades | | |

**TYPE OF BUSINESS**

14. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION

MCLE Provider for Lawyers and certified by the State of California Bar

15. BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE CALIFORNIA SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| 10/14/08 | Dimitrios P. Biller | Chief Executive Officer | |
|---|---|---|---|
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

SI-200 C (REV 01/2008)

Exhibit 4, Page 24

APPROVED BY SECRETARY OF STATE