MORGAN, LEWIS & BOCKIUS LLP
DAVID L. SCHRADER, State Bar No. 149638
dschrader@morganlewis.com
CHRISTINA L. SEIN, State Bar No. 229094
csein@morganlewis.com
GEORGIA SCHNEIDER, State Bar No. 251358
gschneider@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:  213.612.2500
Fax:  213.612.2501

*Attorneys for Defendants*
Toyota Motor Corporation, Toyota Motor Sales,
U.S.A., Inc., Christopher Reynolds,
Jane Howard Martin, Eric Taira,
Dian Ogilvie, and Alicia McAndrews

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRIOS P. BILLER, LITIGATION DISCOVERY & TRIAL CONSULTING, INC., a California corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> TOYOTA MOTOR CORPORATION, et al., <br><br> Defendants. | Case No. CV09-05429 GHK (RZx) <br><br> **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF TOYOTA MOTOR SALES, U.S.A., INC.'S MOTION FOR LEAVE TO FILE A COUNTERCLAIM FOR INJUNCTIVE RELIEF** <br><br> [Fed. R. Civ. Pro. 13 and 15] <br><br> [Notice of Motion and Motion; Declaration of David L. Schrader; Declaration of Alan B. Carlson; Request for Judicial Notice; [Proposed] Order Re: Motion for Leave; and [Proposed] Counterclaim for Injunctive Relief Filed Concurrently Herewith.] <br><br> Assigned to:  Honorable George H. King <br><br> Date:         January 11, 2010 <br> Time:         9:30 a.m. <br> Location:    Dept. 650 <br>             *Per the Court's 12/15/09 <br>             Order – No oral argument <br><br> Complaint Filed:        July 24, 2009 <br> First Am. Cmpl. Filed:  Sept. 17, 2009 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21469351.2

MEMO. OF POINTS AND AUTHORITIES
ISO MTN. FOR LEAVE TO FILE A
COUNTERCLAIM.

## I.    **INTRODUCTION**

By this Motion, Defendant Toyota Motor Sales, U.S.A., Inc. ("TMS") seeks leave to file a claim over which this Court expressly reserved jurisdiction.

In response to Plaintiff Dimitrios P. Biller's ("Plaintiff") operative First Amended Complaint ("FAC"), TMS filed a Motion to Compel Arbitration as to each of Plaintiff's four (4) causes of action.  On November 17, 2009, this Court issued a Minute Order granting TMS's Motion to Compel Arbitration in its entirety. Accordingly, each of Plaintiff's claims is stayed pending arbitration.  The Court, however, specifically retained jurisdiction over any future claims that *either party* might bring for injunctive relief.

Pursuant to this Court's November 17, 2009 Minute Order, TMS seeks leave to file a Counterclaim for Injunctive Relief ("Counterclaim") against Plaintiff. More specifically, TMS seeks to enjoin Plaintiff, a former in-house attorney at TMS, from making further unauthorized disclosures of TMS's confidential or legally privileged information.  Though TMS already obtained preliminary injunctive relief against Plaintiff from a California Superior Court, the state court injunction is arguably limited to California and does not apply to Federal Court activities – at least Plaintiff's conduct suggests that this is his interpretation.

Plaintiff, through counsel, has informed TMS that he will oppose this Motion on the grounds that TMS has not filed an answer in this case and that without an answer a defendant cannot file a counterclaim.  While this may be true in the typical case, on account of the unique procedural posture of this case and in the interests of justice, TMS should be granted leave to file the attached Counterclaim.

## II.    **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

### A.    **Plaintiff was Employed at TMS as an Attorney and Through his Employment Gained Access to TMS's Confidential or Legally Privileged Information, Which He Improperly Disclosed.**

Commencing on or about April 15, 2003, Plaintiff was employed as an attorney, with the job title National Managing Counsel, at TMS's Legal Services

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Los Angeles

DB2/21469351.2

1

MEMO. OF POINTS AND AUTHORITIES
ISO MTN. FOR LEAVE TO FILE A
COUNTERCLAIM.

1   Group in Torrance, California.  FAC, ¶ 23.  "By reason of [his] position as an

2   attorney with TMS in its Legal Department, [Plaintiff was] given access to

3   confidential materials or information regarding TMS … and/or the business affairs

4   of TMS."  FAC, Ex. 2, § 4.5.  Plaintiff resigned from TMS in September 2007.

5   FAC, ¶ 48.

6         In addition to his legal and ethical duties as an attorney to maintain TMS's

7   confidences, Plaintiff repeatedly agreed in writing not to disclose any of TMS's

8   confidential or legally privileged information.  For example, in September 2007,

9   Plaintiff entered into a Confidential Severance Agreement and General Release of

10  All Known and Unknown Claims with TMS (the "Severance Agreement").  *See*

11  FAC, ¶ 56 & Ex. 2.  Subsequently, in April 2008, Plaintiff also entered into a

12  Confidential Settlement and Release with TMS (the "Settlement Agreement"), in

13  which he again agreed not to disclose TMS's confidential and privileged

14  information.  Declaration of Alan B. Carlson filed concurrently herewith ("Carlson

15  Decl."), ¶ 2 & Ex. A; *See also* FAC, ¶ 63.  The Settlement Agreement, also

16  provided that if Plaintiff disclosed or even threatened to disclose confidential

17  information, he would "***stipulate***[] to the entry of a temporary restraining order and

18  preliminary injunction" as outlined in the Settlement Agreement.  Carlson Decl., ¶

19  2 & Ex. A § 4.1 (Emphasis added).

20        Following his resignation from TMS, Plaintiff "established LDT

21  Consulting."  FAC, ¶ 66.  LDT Consulting's primary business was to provide

22  continuing education seminars to members of the State Bar of California.  *Id.*

23        In October 2008, TMS learned that on LDT Consulting's website and at its

24  seminars, Plaintiff was disclosing a wide array of confidential and privileged

25  information that he acquired as a result of his work for and representation of TMS.

26  Carlson Decl., ¶ 3 & Ex. B, ¶ 13-16.

27  ///

28  ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21469351.2                2                MEMO. OF POINTS AND AUTHORITIES
                                               ISO MTN. FOR LEAVE TO FILE A
                                               COUNTERCLAIM.

1
2
3

**B.    TMS filed Suit Against Plaintiff in California State Court and Secured a TRO and State Court Injunction Against Him Enjoining Him from Disclosing TMS's Legally Privileged Information.**

4
5
6
7
8
9

On November 7, 2008, TMS filed suit in California state court seeking injunctive relief and requesting a temporary restraining order against Plaintiff ("*TMS v. Biller*").  Carlson Decl., ¶ 3 & Ex. B.  On that same day, a temporary restraining was entered against Plaintiff, along with an order to show cause as to why TMS's application for a preliminary injunction should not be granted ("State Court TRO").  Carlson Decl., ¶ 3 & Ex. C.

10
11
12
13

On September 25, 2009, and after considering the briefing and hearing oral argument, the court in *TMS v. Biller* granted TMS's application for a preliminary injunction against Plaintiff (the "State Court Injunction").  Carlson Decl., ¶ 4 & Exs. D-G.

14
15

**C.    Plaintiff's Claims Against TMS Pending Before This Court Are Stayed Pending Arbitration, Though the Court Retained Jurisdiction Over Claims for Injunctive Relief.**

16
17
18
19
20
21
22
23

While TMS's application for a preliminary injunction was pending, on July 24, 2009, Plaintiff filed his initial complaint in this action ("Complaint") and on September 17, 2009, he filed the operative First Amended Complaint ("FAC").  TMS sought to have Plaintiff's Complaint filed under seal as it disclosed privileged matters, but the Court, recognizing that Plaintiff's Complaint had already been adopted by other plaintiffs in other cases, decided that sealing the Complaint would be "futile."  Declaration of David L. Schrader filed concurrently herewith ("Schrader Decl."), ¶ 3 & Ex. A.

24
25
26

In response to the FAC and pursuant to an arbitration clause in the Severance Agreement, on October 5, 2009, TMS filed a Motion to Compel Arbitration as to each of Plaintiff's causes of action.[1]  FAC, Ex. 2 § 6; Schrader Decl., ¶ 4.  After full

27
28

---

[1] TMS also concurrently filed a Motion to Dismiss Plaintiff LDT Consulting's only claim in this action.  The Court granted TMS's Motion without leave to amend.  Accordingly, LDT is no longer a Plaintiff in this case.  Schrader Decl., ¶ 4 & Ex. B.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21469351.2                3                MEMO. OF POINTS AND AUTHORITIES
ISO MTN. FOR LEAVE TO FILE A
COUNTERCLAIM.

1   consideration of the papers in support and opposition to TMS's Motion to Compel

2   Arbitration, on November 17, 2009, this Court granted TMS's Motion in its

3   entirety. Schrader Decl., ¶ 4 & Ex. B. Accordingly, the Court ordered all four of

4   Plaintiff's causes of action **stayed pending arbitration**. *Id.* The Court, however,

5   and pursuant to a carve-out in the arbitration agreement between the parties,

6   explicitly retained jurisdiction of Plaintiff's claims should either party decide to

7   seek injunctive relief: "As the agreement to arbitrate in the Severance Agreement

8   includes an exception for injunctive relief, **we will retain jurisdiction of Biller's**

9   **claims should <u>either Party</u> seek such relief**." *Id.* (Emphasis added).

10
      **D.    <u>Despite the State Court Injunction, Plaintiff Attempted to Produce</u>**
11    **<u>Four (4) Boxes of TMS Documents in Texas.</u>**

12          On October 1, 2009, less than one week after the State Court Injunction was

13   issued, Plaintiff "hand-delivered four (4) boxes of documents to the clerk of [the

14   U.S. District Court for the Eastern District of Texas] along with a separate letter

15   generally describing the content of the four boxes." Schrader Decl., ¶ 5 & Ex. C.

16   Prior to submitting these boxes of documents to the court in the *Lopez* case, to

17   which Plaintiff is not a party, Plaintiff did not seek or obtain permission or

18   otherwise consult with TMS, let alone seek leave from the Superior Court in *TMS v.*

19   *Biller.* Schrader Decl., ¶ 5. After reviewing the documents contained in the four

20   (4) boxes, counsel for TMS determined that the overwhelming majority are

21   protected from disclosure pursuant to the attorney-client privilege and/or the

22   attorney work product doctrine. Schrader Decl., ¶ 6.

23
      **E.    <u>TMS Filed a Motion for a Preliminary Injunction in this Action,</u>**
24    **<u>which was Denied for Lack of a Claim.</u>**

25          On November 2, 2009, and while its Motion to Dismiss and Motion to

26   Compel Arbitration were pending before this Court, TMS filed a Motion for a

27   Preliminary Injunction in this action. Schrader Decl., ¶ 7. Specifically, and among

28   other things, TMS sought to enjoin Plaintiff from making further disclosures, or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21469351.2          4          MEMO. OF POINTS AND AUTHORITIES
ISO MTN. FOR LEAVE TO FILE A
COUNTERCLAIM.

1  attempted disclosures, of TMS's confidential or privileged information.  Schrader

2  Decl., ¶ 7.  TMS sought injunctive relief from this Court based on Plaintiff's

3  actions showing that he would seek to evade the territorial reach of the State Court

4  Injunction.  Schrader Decl., ¶ 7.

5      Although this Court ultimately denied TMS's request for a preliminary

6  injunction, it did so on procedural, and not substantive, grounds.  Specifically, the

7  Court stated in its November 20, 2009 Minute Order that,

8          Defendants have stated no claim for affirmative relief in this

9          action, and therefore, they are not 'plaintiffs'…. Moreover, by

10          the express terms of the 2008 Settlement Agreement,

11          Defendants have not 'fil[ed] a complaint for injunctive relief.'

12          Accordingly, we hereby DENY the Motion.  *If Defendants*

13          *wish to seek injunctive relief comparable to what they were*

14          *granted in California state court*, see *Toyota Motor Sales,*

15          *U.S.A., Inc. v. Biller*, Case No. SC100501, *they must*, in the

16          first instance, *file a claim for injunctive relief* against

17          [Plaintiff]. (citation omitted).  We are without authority to

18          grant a motion for preliminary injunctive relief in the absence

19          of any claim for permanent injunctive relief.

20  Schrader Decl., ¶ 7 & Ex. D.  (Emphasis added).

21      **F.    TMS Initiated Arbitration Proceedings Against Plaintiff, Which**

22          **the Parties Have Agreed will be Consolidated with his Arbitration**
            **Proceedings Against TMS.**

23      On December 7, 2009, TMS served Plaintiff with TMS's Notice of Claims in

24  *TMS v. Biller*, JAMS Case No. 1220040045.  Schrader Decl., ¶ 8.  Specifically, and

25  among other things, TMS claims monetary damages for Plaintiff's past improper

26  disclosures of TMS's confidential and legally privileged information, as alleged

27  herein, pursuant to a liquidated damages clause in the Severance Agreement.

28  Schrader Decl., ¶ 8; FAC, Ex. 2 § 4.5.7,   Additionally, TMS makes a claim for a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21469351.2                5                MEMO. OF POINTS AND AUTHORITIES
                                              ISO MTN. FOR LEAVE TO FILE A
                                              COUNTERCLAIM.

1  permanent injunction, which includes all of the same terms as those set forth in the

2  Settlement Agreement.  Schrader Decl., ¶ 8.

3    Counsel for the parties met and conferred and have agreed that TMS's claims

4  as alleged in *TMS v. Biller* pending before JAMS should be consolidated with the

5  claims of Plaintiff that this Court compelled to arbitration.  TMS anticipates that the

6  arbitrations likely will be consolidated sometime in January 2010.  Schrader Decl.,

7  ¶ 9.

8    **G.    Circumstances Leading to the Filing of the Present Motion.**

9    Given Plaintiff's past actions, TMS believes that Plaintiff will continue his

10  pattern of disclosing and/or threatening to disclose TMS confidential or legally

11  privileged information.  What is more, based on Plaintiff's actions in Texas, TMS

12  believes that Plaintiff will seek to make these disclosures outside of the state of

13  California and, thus, arguably outside the reach of the State Court Injunction.

14  Schrader Decl., ¶ 7.  Accordingly, by way of its proposed Counterclaim, attached

15  hereto as Exhibit A and also lodged as a separate document with the Court, TMS

16  seeks injunctive relief comparable in terms to those provided by the State Court

17  Injunction, but with a wider geographical reach.

18    By way of this motion, TMS seeks leave of the Court to file the proposed

19  Counterclaim, and, thus, to cure the deficiency in its claim for a preliminary

20  injunction identified by the Court in its November 20, 2009 Minute Order.

21  **III.    JUSTICE REQUIRES THAT TMS BE GRANTED LEAVE TO FILE A**
22  **COUNTERCLAIM FOR INJUNCTIVE RELIEF**

23    Federal Rule of Civil Procedure Rule 13 governs counterclaims.  Fed. R. Civ.

24  P. 13.  Pursuant to Rule 13, counterclaims are to be stated in a "pleading."  Fed. R.

25  Civ. Pro. 13(a)(1) and (b).  Typically, a counterclaim is alleged concurrent with a

26  party's answer to the complaint.  *See e.g.* Moore's Federal Practice, 3rd ed. Sec.

27  13.13; Fed. R. Civ. Pro. 7.  Because of the procedural posture of this case, the

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21469351.2    6    MEMO. OF POINTS AND AUTHORITIES
ISO MTN. FOR LEAVE TO FILE A
COUNTERCLAIM.

1  typical procedure should not apply.  There is no complaint to answer in this Court

2  because all such claims have been referred to arbitration.

3      The Rules provide that "[t]he court may permit a party to amend a pleading

4  to add a counterclaim if it was omitted [from a pleading] through oversight,

5  inadvertence, or excusable neglect *or if justice so requires.*"  Fed. R. Civ. Pro. 13(f)

6  (Emphasis added).  Pursuant to Rule 15, which governs amended pleadings, [t]he

7  court should *freely give leave* when justice so requires."  Fed. R. Civ. Pro. 15(a)(2)

8  (Emphasis added).  The Court should deny leave to amend only when amendment

9  will be "clearly frivolous, unduly prejudicial, cause undue delay, or [where] a

10  finding of bad faith is made."  *United Union of Roofers, Waterproofers & Allied

11  Trades v. Insur. Corp. of Am.*, 919 F.2d 1398, 1402 (9th Cir. 1990).

12      Justice requires that TMS be permitted to seek injunctive relief from this

13  Court.  In attempting to make disclosures in Texas, Plaintiff has already

14  demonstrated that the State Court Injunction will not be sufficient to curtail his

15  behavior.  Accordingly, TMS is left without any alternative for protection of its

16  confidential or legally privileged information except to seek leave from this Court

17  to file a claim for injunctive relief.

18      On December 4 and 11, 2009, counsel for the parties met and conferred

19  regarding TMS's contemplated motion for leave to file a counterclaim.  Schrader

20  Decl., ¶ 10.  Counsel for Plaintiff informed counsel for TMS that Plaintiff will

21  oppose the present motion unless TMS files an answer in this action.  Schrader

22  Decl., ¶ 10.  Plaintiff's position is wholly inconsistent with the orders of this Court.

23      There is no condition in either of this Court's minute orders stating that in

24  order to file a claim for injunctive relief TMS must also file an answer.  Indeed,

25  filing an answer would be inconsistent with this Court's orders, given that all of

26  Plaintiff's claims in this action are stayed pending arbitration.  There are simply no

27  allegations pending against TMS in this Court to which it could file an answer.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21469351.2                7                MEMO. OF POINTS AND AUTHORITIES
ISO MTN. FOR LEAVE TO FILE A
COUNTERCLAIM.

1  Consistent with TMS's rights and with this Court's prior order, TMS will "answer"
2  Plaintiff's claims in the arbitration, if and when appropriate.

3       The Court, in its November 17, 2009 Minute Order, expressly retained
4  jurisdiction over this case "should *either Party* seek [injunctive] relief." (Emphasis
5  added.) This Court's action was consistent with the terms of the parties'
6  agreements and with Ninth Circuit precedent. *See e.g., PMS Distributing Co., Inc.*
7  *v. Huber & Suhner, A.G.*, 863 F.2d 639, 641-642 (9th Cir. 1988) (adopting the
8  approach of the Seventh, Second and First Circuits which each hold that the fact
9  that a dispute is to be arbitrated does not absolve the court of its obligation to
10 consider the merits of a requested preliminary injunction). Recognizing the unique
11 procedural posture of this case, this Court did not, in either of its prior orders,
12 condition the filing of a claim for injunctive relief by either party.

13      Plaintiff's opposition is also contrary to the terms of the Settlement
14 Agreement, in which Plaintiff expressly agreed to stipulate to the preliminary
15 injunctive relief that TMS requests in its proposed Counterclaim. As a result,
16 Plaintiff's demand that TMS, as a condition precedent to the filing of its
17 Counterclaim, file an "answer" to claims no longer before this Court is an attempt
18 to escape his contractual obligations with a procedural technicality.

19      In the interest of justice and of promoting substance over form, the Court
20 should grant leave and allow TMS's Counterclaim to be decided on its merits.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Los Angeles

DB2/21469351.2                    8                    MEMO. OF POINTS AND AUTHORITIES
ISO MTN. FOR LEAVE TO FILE A
COUNTERCLAIM.

## IV.    <u>CONCLUSION</u>

The Court should grant TMS's Motion and allow it to file the attached Counterclaim for Injunctive Relief.  Though TMS has not, and will not, file an answer in action, unless ordered to do so by this Court, justice requires that TMS be able to seek this relief.


Dated:     December 16, 2009          MORGAN, LEWIS & BOCKIUS LLP
                                      DAVID L. SCHRADER
                                      CHRISTINA L. SEIN
                                      GEORGIA SCHNEIDER



                                   By  /s/  David L. Schrader
                                      David L. Schrader

                                      *Attorneys for Defendant*
                                      Toyota Motor Sales, U.S.A., Inc.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21469351.2                              9                  MEMO. OF POINTS AND AUTHORITIES
                                                              ISO MTN. FOR LEAVE TO FILE A
                                                                    COUNTERCLAIM.

# EXHIBIT A

MORGAN, LEWIS & BOCKIUS LLP
DAVID L. SCHRADER, State Bar No. 149638
dschrader@morganlewis.com
CHRISTINA L. SEIN, State Bar No. 229094
csein@morganlewis.com
GEORGIA SCHNEIDER, State Bar No. 251358
gschneider@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501

*Attorneys for Defendants*
Toyota Motor Corporation, Toyota Motor Sales,
U.S.A., Inc., Christopher Reynolds,
Jane Howard Martin, Eric Taira,
Dian Ogilvie, and Alicia McAndrews

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRIOS P. BILLER, LITIGATION DISCOVERY & TRIAL CONSULTING, INC., a California corporation,<br><br>        Plaintiffs,<br><br>    vs.<br><br>TOYOTA MOTOR CORPORATION, et al.,<br><br>        Defendants. | Case No. CV09-05429 GHK (RZx)<br><br>**TOYOTA MOTOR SALES, U.S.A., INC.'S COUNTERCLAIM FOR INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Fed. R. Civ. Pro. 13]<br><br>Assigned to: Honorable George H. King<br><br>Complaint Filed:      July 24, 2009<br>First Am. Cmpl. Filed:   Sept. 17, 2009 |
| TOYOTA MOTOR SALES, U.S.A., INC.,<br><br>        Cross-Claimant,<br><br>    vs.<br><br>DIMITRIOS P. BILLER,<br><br>        Cross-Defendant. | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21459022.3

Counterclaimant Toyota Motor Sales, U.S.A., Inc. ("TMS") alleges the following as its Counterclaim for Injunctive Relief against Plaintiff and Counter defendant Dimitrios P. Biller ("Mr. Biller"):

## JURISDICTION

1.      This Court has supplemental jurisdiction over TMS's cause of action pursuant to 28 U.S.C. Sec. 1367.

2.      Additionally, this Court expressly reserved jurisdiction over any claims for injunctive relief that the parties may assert against one another in its November 17, 2009 order granting Defendants' Motion to Compel Arbitration of Mr. Biller's claims and dismissing with prejudice Plaintiff Litigation Discovery & Trial Consulting's ("LDT Consulting") RICO claim.

3.      Venue is proper in the Central District of California because Plaintiffs commenced this action in this district pursuant to 28 U.S.C. Sec. 1391(a) and 28 U.S.C. Sec 1391(b)(2).  Further, a substantial part of the events and omissions alleged herein occurred in this district and TMS is informed and believes that Mr. Biller resides in this district.

## FACTUAL ALLEGATIONS

**A.      Mr. Biller was Employed at TMS as an Attorney and, Therefore, Has an Ethical Obligation Not to Disclose TMS's Confidential or Legally Privileged Information.**

4.      TMS is the United States sales, distribution and marketing unit for Toyota Motor Corporation's Toyota, Lexus and Scion brand vehicles.

5.      At all relevant times herein, as part of its operations TMS maintained a Legal Services Group at its corporate headquarters in Torrance, California in which it employed attorneys to represent TMS.

6.      Commencing on or about April 15, 2003, Mr. Biller was employed as an attorney, with the job title National Managing Counsel, in TMS's Legal Services Group in Torrance, California.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21459022.3                                    1

TOYOTA MOTOR SALES U.S.A., INC.'S
COUNTERCLAIM FOR INJUNCTIVE RELIEF

Exhibit A, Page 11

7.    As an attorney and National Managing Counsel, Mr. Biller was employed and engaged by TMS to provide, and did provide, legal representation to TMS, and other companies affiliated with TMS, including but not limited to Toyota Motor Corporation, (collectively, "Toyota") and thereby established an attorney-client relationship between Mr. Biller, on the one hand, and TMS and Toyota, on the other hand.

8.    As an attorney and Managing Counsel employed by TMS, and pursuant to the attorney-client relationship between Mr. Biller, on the one hand, and TMS and Toyota, on the other hand, confidential attorney-client communications, written and verbal, occurred between Mr. Biller and TMS, as well as between Mr. Biller and Toyota.

9.    As an attorney and Managing Counsel employed by TMS, and pursuant to the attorney-client relationship between Mr. Biller, on the one hand, and TMS and Toyota, on the other hand, Mr. Biller obtained knowledge of confidential attorney-client communications, written and verbal, between attorneys within TMS's Legal Services Group.

10.    As an attorney and Managing Counsel employed by TMS, and pursuant to the attorney-client relationship between Mr. Biller, on the one hand, and TMS and Toyota, on the other hand, TMS communicated to Mr. Biller its confidential trade and business secrets and other confidential business information, including but not limited to TMS's litigation strategies, and caused Toyota to do the same, for use by Mr. Biller in his legal representation of TMS and Toyota.

11.    As an attorney and Managing Counsel employed by TMS, and pursuant to the attorney-client relationship between Mr. Biller, on the one hand, and TMS and Toyota, on the other hand, Mr. Biller had access to, obtained and generated information and documents protected by the attorney work product doctrine.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21459022.3

2

TOYOTA MOTOR SALES U.S.A., INC.'S
COUNTERCLAIM FOR INJUNCTIVE RELIEF

Exhibit A, Page 12

1      12.    On September 17, 2007, Mr. Biller resigned from TMS.

2  **B.    In Addition to an Ethical Obligation, Mr. Biller Also Has a Contractual**

3  **Obligation Not to Disclose TMS's Confidential or Legally Privileged**

4  **Information.**

5      13.    On April 15, 2003, when Mr. Biller commenced his

6  employment with TMS, and as a condition to his employment with TMS, he

7  executed a "Non-Disclosure Agreement," which provided in part:

8          I agree that for, during and after the term of my

9          employment at [TMS]:

10          1.    All such information, inventions and/or designs,

11          including all patent, copyright and other rights thereto,

12          are, and forever will be, the property of [TMS], and I shall

13          have no personal or proprietary interest in such

14          information, inventions or designs.

15          2.    I shall treat all such information, inventions or

16          designs as ***confidential and privileged***, and will not

17          disclose them to any individual or entity, except in the

18          course of my employment or as explicitly authorizes by

19          [TMS].  Any such authorized disclosure shall be limited

20          as feasible to accomplish [TMS] business objectives.

21          3.    If disclosure is requested pursuant to subpoena,

22          under oath at trial or deposition, or as part of other legal

23          proceedings, I shall assert the privilege applicable to

24          confidential business and proprietary information, and

25          refuse to respond to such request for disclosure.  I agree to

26          advise [TMS] of all such requests for disclosure.

27  (Emphasis added).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21459022.3          3          TOYOTA MOTOR SALES U.S.A., INC.'S
COUNTERCLAIM FOR INJUNCTIVE RELIEF

Exhibit A, Page 13

1    14.    As part of his resignation, and for valuable consideration, in

2    September 2007, Mr. Biller also entered into a "Confidential Severance Agreement

3    and General Release of All Known and Unknown Claims" with TMS (the

4    "Severance Agreement").  *See* FAC, ¶ 56 & Ex. 2.

5    15.    The Severance Agreement, in Sections 4.5.1 and 4.5.4, entitled

6    "Non-Disclosure of Confidential and Legally Privileged Information," states:

7    For purposes of this Agreement, "Confidential

8    Information" includes, without limitation, all information

9    given or otherwise transmitted to [Mr. Biller] by TMS or

10    TMS Releasees in the course of [Mr. Biller's] legal

11    representation of TMS or TMS Releasees, … privileged

12    communications, attorney-client communications,

13    attorney work product, litigation and case handling or

14    strategies, … and any other confidential or proprietary

15    information relating to TMS or TMS Releasees.

16    * * *

17    Unless specifically authorized in writing by TMS, [Mr.

18    Biller] shall ***not*** disclose or use any Confidential

19    Information.  [Mr. Biller] represents that [he] has held

20    such information confidential and will continue to do so,

21    and that [he] will ***not*** use such information and

22    relationship for any purpose without the prior written

23    consent of TMS.

24    (Emphasis added).

25    16.    Pursuant to Section 4.5.2 of the Severance Agreement, Mr.

26    Biller also agreed to return to TMS all privileged and/or confidential information in

27    his possession and not copy any such information:

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21459022.3

4

TOYOTA MOTOR SALES U.S.A., INC.'S
COUNTERCLAIM FOR INJUNCTIVE RELIEF

Exhibit A, Page 14

1          [Mr. Biller] agrees that on or before Separation date,

2          Associate **shall return** to TMS any Confidential

3          Information or related materials, including, without

4          limitation, electronic data maintained on personal

5          computers, laptops, PDAs (i.e., Blackberry or similar

6          devices, CDs, DVDs, computer disks.  In addition, [Mr.

7          Biller] … **shall not copy** such Confidential Information or

8          materials in any form or manner.

9 (Emphasis added).

10     17.  Section 4.9 of the Severance Agreement also provides:

11          [Mr. Biller] agrees that on or before the Separation Date,

12          [Mr. Biller ] will return to TMS all equipment and other

13          tangible property of TMS or TMS Releasees in his

14          possession and/or the possession of any third party to

15          whom [Mr. Biller] has transferred possession, including,

16          without limitation, identification cards, keys, call phones,

17          personal digital assistants (PDAs), computers, credit

18          cards, Confidential Information and related materials,

19          documents, books, records, reports, contracts, lists,

20          software, computer disks, other computer-generated files

21          or data, and any copies thereof created on any medium,

22          prepared or obtained by [Mr. Biller] in the course of or

23          incident to employment with TMS.  [Mr. Biller] will also

24          permanently delete and destroy any Confidential

25          Information or related materials that was created or

26          obtained during the course of or incident to employment

27          with TMS. . .

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21459022.3    5    TOYOTA MOTOR SALES U.S.A., INC.'S
COUNTERCLAIM FOR INJUNCTIVE RELIEF

Exhibit A, Page 15

18.    In April 2008, and for valuable consideration, Mr. Biller also entered into a Confidential Settlement and Release with TMS (the "Settlement Agreement").

19.    Section 1 of the Settlement Agreement states as follows:

The Severance Agreement … remains in full force and effect, and fully enforceable, according to its terms and is not otherwise modified by this Agreement.

20.    Section 4.1 of the Settlement Agreement states in pertinent part:

In consideration of the mutual promises herein… [Mr. Biller] will not engage in any conduct, written, verbal or otherwise, direct or indirect:

(a)    Disclosing, directly or indirectly, in any manner any confidential attorney-client communications, written or verbal between [Mr. Biller] and TMS;

(b)    Disclosing, directly or indirectly, in any manner any confidential attorney-client communications, written or verbal, between attorneys within TMS's Legal Services Group of which [Mr. Biller] acquired knowledge through his employment as an attorney by TMS and legal representation of TMS;

(c)    Disclosing, directly or indirectly, in any manner any confidential documents, materials or information, written or verbal, regarding the business affairs of TMS of which [Mr. Biller] acquired knowledge through his employment as an attorney by TMS and legal representation of TMS;

(d)    Disclosing, directly or indirectly, in any manner any confidential documents, materials or information,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21459022.3

6

TOYOTA MOTOR SALES U.S.A., INC.'S
COUNTERCLAIM FOR INJUNCTIVE RELIEF

Exhibit A, Page 16

1    written or verbal, regarding the business affairs of

2    companies affiliated with TMS, including but not limited

3    to Toyota Motor Corporation, of which [Mr. Biller]

4    acquired knowledge through his employment as an

5    attorney by TMS and legal representation of TMS;

6    (e)    Disclosing, directly or indirectly, in any manner

7    any confidential communications, documents, materials or

8    information, written or verbal, protected by California

9    Business and Professions Code Section 6068(e)(1) and/or

10   the attorney-client privilege regarding the business affairs

11   of TMS and/or companies affiliated with TMS any

12   company affiliated with TMS, including but not limited to

13   Toyota Motor Corporation, of which [Mr. Biller] acquired

14   knowledge through his employment as an attorney by

15   TMS and legal representation of TMS.

16          21.    Section 4.1 of the Settlement Agreement also provides that if

17   Mr. Biller,

18   [E]ngage[s] or threaten[s] to engage in any conduct

19   prohibited [in Section 4.1], upon the filing of a complaint

20   for injunctive relief with, and proof satisfactory to, a court

21   of competent jurisdiction, [Mr. Biller] will stipulate[] to

22   the entry of a temporary restraining order and preliminary

23   injunction in the form of subsections (a) through (e) [of

24   Section 4.1].

25   ///

26   ///

27   ///

28   ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21459022.3                 7                TOYOTA MOTOR SALES U.S.A., INC.'S
                                                COUNTERCLAIM FOR INJUNCTIVE RELIEF
                                                Exhibit A, Page 17

**C.**  **Mr. Biller Violated His Ethical and Contractual Obligations Not to Disclose TMS's Confidential or Legally Privileged Information.**

22.  Following his resignation from TMS, Mr. Biller began operating a legal consulting service under his name and doing business as "Dimitrios P. Biller Litigation Discovery & Trial Consulting."

23.  LDT Consulting's primary business was to provide continuing education seminars to members of the State Bar of California.

24.  In October 2008, TMS learned that on LDT Consulting's website and at its seminars, Mr. Biller was disclosing a wide array of confidential or legally privileged information that he acquired as a result of his work for and representation of TMS.  Specifically, Mr. Biller disclosed: (1) information about lawsuits that Mr. Biller helped defend while employed by TMS; (2) statistical information about TMS's settlements of cases during Mr. Biller's employment; and (3) information about specific policies and procedures in place at TMS, including its electronic preservation policies that Mr. Biller represents he helped to implement.  *See Costco Wholesale Corp. v. Superior Court of Los Angeles County*, 2009 Cal. LEXIS 12375 at 6 ("[T]he [attorney-client] privilege attaches to any legal advice given in the course of an attorney-client relationship.")

25.  Mr. Biller made the foregoing disclosures without TMS's consent and authorization.

26.  TMS is informed and believes that Mr. Biller's conduct in making the foregoing disclosures violated California Business and Professions Code Sec. 6068(e)(1) and California Rule of Professional Conduct Sec. 3-100.

**D.**  **TMS Secured a TRO and State Court Injunction Against Mr. Biller Enjoining Him from Disclosing TMS's Confidential or Legally Privileged Information.**

27.  On November 7, 2008, TMS filed a lawsuit in California state court seeking injunctive relief and requesting a temporary restraining order against

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21459022.3

8

TOYOTA MOTOR SALES U.S.A., INC.'S
COUNTERCLAIM FOR INJUNCTIVE RELIEF

Exhibit A, Page 18

1    Mr. Biller on the same terms as those set forth in Section 4.1 of the Settlement

2    Agreement:  *TMS v. Biller*, Case No. SC100501, Los Angeles Superior Court (*TMS*

3    *v. Biller*).

4              28.    On November 7, 2008, a temporary restraining order was

5    entered against Mr. Biller, along with an order to show cause as to why TMS's

6    application for a preliminary injunction should not be granted (the "State Court

7    TRO").

8    **E.    In Violation of the State Court TRO, Mr. Biller Publicly Disclosed**

9         **TMS's Legally Privileged Information in His Complaint in this Action.**

10             29.    Despite the State Court TRO and while TMS's application for a

11   preliminary injunction was pending, on July 24, 2009, Mr. Biller filed his initial

12   complaint in this action ("Complaint") and on September 17, 2009, he filed the

13   operative First Amended Complaint ("FAC").

14             30.    In both the Complaint and the FAC, Mr. Biller improperly

15   disclosed TMS's and Toyota's confidential or legally privileged information.

16             31.    Mr. Biller's detailed allegations disclose, among other things,

17   information that he acquired exclusively through his employment as an attorney at

18   TMS, and through his legal representation of TMS.

19             32.    Specifically, the Complaint and FAC disclose confidential and

20   legally privileged information pertaining to how TMS and Toyota organize,

21   structure, staff, and conduct product liability litigation in consultation with counsel.

22   Additionally, the Complaint and FAC improperly disclose legal advice that Mr.

23   Biller provided TMS and Toyota, TMS's and Toyota's litigation and settlement

24   strategies and general discussions between counsel regarding the handling of

25   certain cases.  The Complaint and FAC even identify specific cases by name and

26   purport to recount internal discussions between attorneys in TMS's Legal Services

27   Group, as well as outside counsel, relating to the defense of these cases.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21459022.3                    9                    TOYOTA MOTOR SALES U.S.A., INC.'S
COUNTERCLAIM FOR INJUNCTIVE RELIEF

Exhibit A, Page 19

33.     The disclosures made in both the Complaint and the FAC were made without TMS's consent and authorization and, therefore, in making these disclosures Mr. Biller once again violated the attorney-client relationship between himself, on the one hand, and TMS and Toyota, on the other hand, the attorney work product doctrine, his duty to maintain confidentiality and the terms of the Non-Disclosure, Severance and Settlement Agreements.

34.     TMS is informed and believes that Mr. Biller's conduct in making the foregoing disclosures also violated California Business and Professions Code Sec. 6068(e)(1) and California Rule of Professional Conduct Sec. 3-100.

**F.    Mr. Biller's Improper Disclosures In This Action Spurred a Rash of Copy-Cat Lawsuits.**

35.     Within weeks of Mr. Biller filing his Complaint, a number of cases were filed in federal district courts echoing verbatim Mr. Biller's unverified allegations.

- On August 28, 2009, a putative nationwide class action was filed in the Central District of California, *Bella Basco, et al. v. Toyota Motor Corporation, et al.*, Case No. CV-09-06307 ("*Basco*");
- On September 8, 2009, a multi-plaintiff action was filed in the Eastern District of Texas, *Ronald Lewis Cole, et al. v. Toyota Motor Corporation, et al.*, Case No. 2:09-CV-00268 ("*Cole*"); and
- On September 25, 2009, a husband and wife filed an action in the Eastern District of Texas, *Raul Lopez, et al. v. Toyota Motor Corporation, et al.*, Case No. 2:09-CV-292 ("*Lopez*").

36.     In each of these cases, the plaintiffs attached to their pleadings and incorporated therein by reference Mr. Biller's unverified allegations in this action.

37.     Additionally, plaintiffs in a product liability lawsuit currently pending in California state court have requested judicial notice of Mr. Biller's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21459022.3          10          TOYOTA MOTOR SALES U.S.A., INC.'S
COUNTERCLAIM FOR INJUNCTIVE RELIEF

Exhibit A, Page 20

1   Complaint and discovery on the issues raised therein, which are protected from

2   disclosure by the attorney-client privilege, the work product doctrine and Mr.

3   Biller's duty of confidentiality.

4          38.    Further, Mr. Biller's improper disclosures of TMS's and

5   Toyota's confidential or legally privileged information have led to significant

6   media coverage adverse to TMS and, therefore, damaged TMS's reputation.

7          39.    TMS anticipates that if Mr. Biller is not enjoined from

8   disclosing TMS's and Toyota's confidential or legally privileged information by

9   way of a federal court injunction, as requested herein, TMS will suffer additional

10  harm caused by Mr. Biller's wrongdoing, including among other harm, additional

11  "copy-cat" lawsuits.

12  **G.    Despite the State Court Injunction, Mr. Biller Attempted to Produce**

13  **Four (4) Boxes of TMS Documents in Texas.**

14         40.    On September 25, 2009, the California Superior Court in the

15  *TMS v. Biller* granted TMS's application for a preliminary injunction against Mr.

16  Biller on terms similar to those set forth in Section 4.1 of the Settlement Agreement

17  (the "State Court Injunction").

18         41.    At the September 25, 2009 hearing on the motion, Judge John L.

19  Segal further stated that:

20              Toyota's interest in protecting its attorney-client

21              privileged information and its work product overrides the

22              right of public access to Toyota's privileged information.

23              …

24              The crime-fraud exception doesn't apply because Mr.

25              Biller is disclosing first and seeking court approval or

26              permission second, ***and apparently will continue to do so***.

27              … It is my opinion that Mr. Biller has violated the Rules

28              of Professional Conduct and the Business and Professions

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21459022.3                11

TOYOTA MOTOR SALES U.S.A., INC.'S
COUNTERCLAIM FOR INJUNCTIVE RELIEF

Exhibit A, Page 21

1    Code and has done so intentionally and for personal gain.

2    Mr. Biller disclosed attorney-client information and

3    information protected by the work product [doctrine]

4    which he does not own – Toyota's legal department does

5    – and he has used it for his personal profit ….

6    (Emphasis added).

7    42.    On October 1, 2009, less than one week after the State Court

8    Injunction was issued, and in an apparent attempt to circumvent the reach of the

9    State Court Injunction, Mr. Biller hand-delivered four (4) boxes of documents (the

10    "TMS Documents") to the clerk of the U.S. District Court for the Eastern District of

11    Texas in connection with the *Lopez* case.

12    43.    The Court in *Lopez* moved promptly to protect the TMS

13    Documents from public disclosure and, prior to taking any other steps with regard

14    to the boxes, established a procedure whereby TMS's counsel could review the

15    documents and, based on that review, generate an inventory identifying which

16    documents are protected by one or more privileges and doctrines.

17    44.    On December 11, 2009, TMS completed that review.

18    45.    The overwhelming majority of the TMS Documents are

19    protected from disclosure pursuant to the attorney-client privilege and/or the

20    attorney work product doctrine.  Additionally, the TMS Documents contain

21    confidential information that Mr. Biller agreed not to disclose without TMS's

22    consent in the Non-Disclosure, Settlement and Severance Agreements.

23    46.    TMS is informed and believes that Mr. Biller acquired the TMS

24    Documents from TMS while employed as an attorney at TMS.

25    47.    Pursuant to Sections 4.5.2 and 9 of the Severance Agreement,

26    Mr. Biller should not have been in possession of the TMS Documents.

27    48.    Mr. Biller disclosed the TMS Documents without consulting

28    with TMS and without TMS's consent and authorization.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21459022.3

12

TOYOTA MOTOR SALES U.S.A., INC.'S
COUNTERCLAIM FOR INJUNCTIVE RELIEF

Exhibit A, Page 22

49.     Mr. Biller is not a party to the *Lopez* case.

50.     Mr. Biller did not submit the TMS documents in the *Lopez* case pursuant to a subpoena, discovery request or court order.

51.     Mr. Biller also did not seek leave from the court in *TMS v. Biller* prior to disclosing the TMS Documents.

52.     TMS is informed and believes that Mr. Biller's attempt to publicly disclose the TMS Documents was in violation of the attorney-client relationship between Mr. Biller, on the one hand, and TMS and Toyota, on the other hand, the terms of the Non-Disclosure, Severance and Settlement Agreements and the State Court Injunction.

53.     TMS is further informed and believes that Mr. Biller's conduct in attempting to disclose the TMS Documents violates California Business and Professions Code Sec. 6068(e)(1) and California Rule of Professional Conduct Sec. 3-100.

54.     TMS is informed and believes that Mr. Biller will continue to disclose or threaten to disclose TMS's and Toyota's confidential or legally privileged information in violation of his ethical and contractual obligations unless such unlawful conduct is prevented and restrained by this Court.

55.     TMS has made every reasonable effort to resolve this dispute with Mr. Biller without the having to involve the court and seek the relief requested.

### **FIRST CAUSE OF ACTION**
### **(Claim for Injunction)**

56.     TMS re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-55 as though fully set forth herein.

57.     Unless enjoined by this Court, TMS is informed and believes and on this information and belief alleges that Mr. Biller will continue his pattern of disclosing and/or threatening to disclose, on a nationwide level, TMS's and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21459022.3                13                TOYOTA MOTOR SALES U.S.A., INC.'S
COUNTERCLAIM FOR INJUNCTIVE RELIEF

Exhibit A, Page 23

1    Toyota's confidential and proprietary information, including but not limited to

2    confidential attorney-client communications between Mr. Biller, on the one hand,

3    and TMS and Toyota, on the other hand, and TMS's and Toyota's trade and

4    business secrets, as alleged herein.

5            58.    Unless Mr. Biller's conduct as described herein is enjoined,

6    TMS will suffer imminent and irreparable harm to which no adequate remedy at

7    law exists.  Specifically, and among other things, TMS will forever lose the

8    confidentiality of its trade and business secrets and attorney-client communications

9    with Mr. Biller.  As a result, TMS's competitors will be able to unfairly compete

10   with TMS and to interfere with its business relationships.  Also as a result, and as

11   already demonstrated, the continued dissemination of TMS's confidential or legally

12   privileged information will likely lead to additional and unwarranted negative

13   scrutiny by the media and to additional lawsuits against TMS.  Significantly, Mr.

14   Biller's disclosures and threatened future disclosures of confidential or legally

15   privileged information pertaining to TMS's and Toyota's litigation strategies will

16   provide present and future plaintiffs' attorneys pursuing litigation against TMS with

17   confidential or legally privileged strategic information and, thus, compromise

18   TMS's ability to defend itself in court.  TMS also will suffer further loss of

19   business reputation and good will.

20           59.    The balance of hardships weighs heavily in TMS's favor.  Far

21   greater injury would be inflicted upon TMS by the denial of the requested

22   injunction than would be inflicted upon Mr. Biller, any third parties and the public

23   at-large by requiring Mr. Biller to comply with his legal, ethical and contractual

24   obligations not to disclose TMS's and Toyota's confidential or legally privileged

25   information.  TMS cannot be compensated for the damage done by the disclosure of

26   confidential and/or attorney-client communications between Mr. Biller, on the one

27   hand, and TMS and Toyota, on the other hand, the disclosure of confidential and/or

28   attorney-client communications between attorneys within TMS's Legal Services

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21459022.3                    14            TOYOTA MOTOR SALES U.S.A., INC.'S
                                                COUNTERCLAIM FOR INJUNCTIVE RELIEF

Exhibit A, Page 24

1   Group, and/or the disclosure of TMS's trade and business secrets and confidential

2   business information, as well as that of Toyota.  In contrast, Mr. Biller will not

3   suffer any harm should the requested injunction be granted because he is already

4   ethically, contractually and legally obligated not to disclose TMS's confidential or

5   legally privileged information.  Third parties and the public at-large will also not

6   suffer any harm should the requested injunction be granted.  First, the injunction

7   only requests that Mr. Biller's conduct be restrained.  Second, it is in the public

8   interest that attorneys be required to comply with their ethical and legal obligations

9   pertaining to the confidentiality of their attorney-client communications.  *See*

10  *Costco Wholesale*, 2009 Cal. LEXIS 12375 at 5 ("[The attorney-client privilege's]

11  fundamental purpose 'is to safeguard the confidential relationship between clients

12  and their attorneys so as to promote full and open discussion of the facts and tactics

13  surrounding individual legal matters.'")

14          60.     TMS is informed and believes that this Court has grounds to

15  issue a preliminary, as well as a permanent injunction because it is likely that TMS

16  will succeed on the merits of its claim for a permanent injunction.  Based only on

17  the disclosures made by Mr. Biller through LTD Consulting, the court in *TMS v.*

18  *Biller* found that TMS had demonstrated a likelihood of success on the merits.

19  Now and based on the subsequent incidents, as alleged herein, in which Mr. Biller

20  has disclosed, or attempted to disclose TMS's and Toyota's confidential or legally

21  privileged information, it is even more likely that TMS will succeed on the merits

22  of its claim here.  Mr. Biller has exhibited a demonstrated and continued practice of

23  violating the ethical, legal and contractual obligations that he owes to TMS and

24  Toyota by repeatedly disclosing or threatening to disclose TMS's and Toyota's

25  confidential or legally privileged information.  Mr. Biller's conduct violates

26  California Business and Professions Code Sec. 6068(e)(1), California Rule of

27  Professional Code 3-100, and the attorney-client privilege.

28  ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TOYOTA MOTOR SALES U.S.A., INC.'S
COUNTERCLAIM FOR INJUNCTIVE RELIEF

Exhibit A, Page 25

## **PRAYER**

WHEREFORE, TMS prays for judgment against Mr. Biller as follows:

1.      That pending the final hearing of this case, this Court issue an order for a  preliminary injunction enjoining Mr. Biller from doing any of the following:

(a)  Disclosing, directly or indirectly, in any manner any confidential attorney-client communications, written or verbal between [Mr. Biller] and TMS;

(b)  Disclosing, directly or indirectly, in any manner any confidential attorney-client communications, written or verbal, between attorneys within TMS's Legal Services Group of which [Mr. Biller] acquired knowledge through his employment as an attorney by TMS and legal representation of TMS;

(c)  Disclosing, directly or indirectly, in any manner any confidential documents, materials or information, written or verbal, regarding the business affairs of TMS of which [Mr. Biller] acquired knowledge through his employment as an attorney by TMS and legal representation of TMS;

(d)  Disclosing, directly or indirectly, in any manner any confidential documents, materials or information, written or verbal, regarding the business affairs of companies affiliated with TMS, including but not limited to Toyota Motor Corporation, of which [Mr. Biller] acquired knowledge through his employment as an attorney by TMS and legal representation of TMS;

(e)  Disclosing, directly or indirectly, in any manner any confidential communications, documents, materials or information, written or verbal, protected by California Business and Professions Code Section 6068(e)(1) and/or the attorney-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21459022.3                16                TOYOTA MOTOR SALES U.S.A., INC.'S
COUNTERCLAIM FOR INJUNCTIVE RELIEF

Exhibit A, Page 26

client privilege regarding the business affairs of TMS and/or

companies affiliated with TMS any company affiliated with

TMS, including but not limited to Toyota Motor Corporation, of

which [Mr. Biller] acquired knowledge through his employment

as an attorney by TMS and legal representation of TMS.

      2.     That upon the final hearing of this case, this Court issue an order

for a  permanent injunction enjoining Mr. Biller from doing any of the following:

(a)  Disclosing, directly or indirectly, in any manner any

confidential attorney-client communications, written or verbal

between [Mr. Biller] and TMS;

(b)  Disclosing, directly or indirectly, in any manner any

confidential attorney-client communications, written or verbal,

between attorneys within TMS's Legal Services Group of which

[Mr. Biller] acquired knowledge through his employment as an

attorney by TMS and legal representation of TMS;

(c)  Disclosing, directly or indirectly, in any manner any

confidential documents, materials or information, written or

verbal, regarding the business affairs of TMS of which [Mr.

Biller] acquired knowledge through his employment as an

attorney by TMS and legal representation of TMS;

(d)  Disclosing, directly or indirectly, in any manner any

confidential documents, materials or information, written or

verbal, regarding the business affairs of companies affiliated with

TMS, including but not limited to Toyota Motor Corporation, of

which [Mr. Biller] acquired knowledge through his employment

as an attorney by TMS and legal representation of TMS;

(e)  Disclosing, directly or indirectly, in any manner any confidential

communications, documents, materials or information, written or verbal,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21459022.3        17        TOYOTA MOTOR SALES U.S.A., INC.'S
COUNTERCLAIM FOR INJUNCTIVE RELIEF

Exhibit A, Page 27

1    protected by California Business and Professions Code Section 6068(e)(1)

2    and/or the attorney-client privilege regarding the business affairs of TMS

3    and/or companies affiliated with TMS any company affiliated with TMS,

4    including but not limited to Toyota Motor Corporation, of which [Mr.

5    Biller] acquired knowledge through his employment as an attorney by

6    TMS and legal representation of TMS.

7            3.       For costs of suit incurred herein; and;

8            4.       For such other and further relief, including any statutory relief,

9    as the Court deems just and proper.

10

11

12   Dated:     December 16, 2009              MORGAN, LEWIS & BOCKIUS LLP
                                               DAVID L. SCHRADER
13                                             CHRISTINA L. SEIN
                                               GEORGIA SCHNEIDER
14

15

16                                             By _____
                                                  David L. Schrader
17
                                               *Attorneys for Defendant*
18                                             Toyota Motor Sales, U.S.A., Inc.

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21459022.3                      18            TOYOTA MOTOR SALES U.S.A., INC.'S
                                                  COUNTERCLAIM FOR INJUNCTIVE RELIEF

Exhibit A, Page 28