E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5429-GHK (RZx) | Date | January 4, 2010 |
|---|---|---|---|
| Title | *Dimitrios P. Biller, et al. v. Toyota Motor Corp., et al.* | | |

**Presiding: The Honorable**　　GEORGE H. KING, U. S. DISTRICT JUDGE

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:　　　Attorneys Present for Defendants:

None　　　　　　　　　　　　　　　　None

**Proceedings:**　(In Chambers) Order re: Motion for Leave to File a Counterclaim for Injunctive Relief

　　　　This matter is before the Court on Defendant Toyota Motor Sales, U.S.A., Inc.'s ("Defendant") Motion for Leave to File a Counterclaim for Injunctive Relief ("Motion"). We have considered the papers filed in support of and in opposition to this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts in this case, we will repeat them only as necessary. Accordingly, we rule as follows.

　　　　Defendant moves for leave to file a freestanding counterclaim, *i.e.* without filing an answer to Plaintiff Dimitrios P. Biller's ("Plaintiff") First Amended Complaint ("FAC"). (Dkt. No. 54). This is improper under Federal Rules of Civil Procedure 7 and 13. Rule 13 only contemplates the stating of a compulsory or permissive counterclaim in or concurrent with "a pleading." Rule 7 sets forth an exclusive list of such "pleadings": (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7. These are the only pleadings that may be filed in federal court, and we do not have any power to modify the list in the interests of justice or otherwise. A counterclaim filed independent of any such pleading is not permitted, and Defendant has cited no authority to the contrary. Other courts have reached the same conclusion. *See, e.g.*, *RLJCS Enterprises v. Professional Benefit Trust, Inc.*, No. 03 C 6080, 2004 WL 2033067, at *2 n.4 (N.D. Ill. Sept. 2, 2004) (stating in dicta that the Federal Rules of Civil Procedure "do not appear to contemplate the filing of a counterclaim independent of an answer"). This is supported by the very language of Rule 13, which states that: "A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party . . . ." Fed. R. Civ. P. 13(a)(1).

　　　　Finally, the fact that we have ordered Plaintiff's claims to arbitration and stayed the above-captioned action does not affect the outcome in the slightest. (Dkt. No. 97, Order, Nov. 17, 2009). Defendant could have filed an answer including this proposed counterclaim prior to our November 17,

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5429-GHK (RZx) | Date | January 4, 2010 |
|---|---|---|---|
| Title | *Dimitrios P. Biller, et al. v. Toyota Motor Corp., et al.* | | |

2009 Order. The Federal Rules of Civil Procedure, however, do require that any such counterclaim be filed along with an answer to the FAC.

Accordingly, since Defendant has not filed an answer along with its proposed counterclaim, we hereby **DENY** the Motion.

**IT IS SO ORDERED.**

|  |  -- : -- |
|---|---|
| Initials of Deputy Clerk | Bea |